IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | No. |
| | § | |
| ZERO STAGE CAPITAL VI, L.P. | § | Memorandum in support of |
| | § | Receivership pursuant to 15 U.S.C. § 687c |
| Defendant. | § | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF AGREED MOTION UNDER 15 U.S.C. § 687c
FOR INJUNCTIVE RELIEF AND APPOINTMENT OF
THE U.S. SMALL BUSINESS ADMINISTRATION
<u>AS PERMANENT RECEIVER OF ZERO STAGE CAPITAL VI, L.P.</u>**

Plaintiff, the United States of America, on behalf of its Agency, the U.S. Small Business Administration, respectfully submits this Memorandum of Points and Authorities in support of the Agreed Motion filed herewith for injunctive relief and appointment of the Small Business Administration as receiver of Zero Stage Capital VI, L.P. ("ZERO STAGE VI"). ZERO STAGE VI is in violation of applicable Regulations and the Act for having a condition of Capital Impairment in excess of allowable limits set by SBA. The relief requested is required to prevent further violations of the Act and Regulations and any dissipation of ZERO STAGE VI's assets, to preserve the federal funds invested in ZERO STAGE VI, to protect the financial integrity of the Small Business Investment Company ("SBIC") program and to accomplish the orderly liquidation of ZERO STAGE VI for the benefit of its creditors.

## STATEMENT OF ISSUES PRESENTED

1. Whether ZERO STAGE VI has violated the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661 et seq. (the "Act"), and the implementing regulations thereof, Part 107 of Title 13 of the Code of Federal Regulations (the "Regulations"); and

2. Whether ZERO STAGE VI's violations of the Act and the Regulations entitles Plaintiff to injunctive relief and the appointment of SBA as Receiver of ZERO STAGE VI.

## I.   PRELIMINARY STATEMENT, JURISDICTION & VENUE

Jurisdiction in this matter is conferred upon the Court by Sections 308(d), 311 and 316 of the Small Business Investment Act of 1958, as amended, (the "Act"), 15 U.S.C. §§ 687(d), 687c and 687h, and 28 U.S.C. § 1345. ZERO STAGE VI maintains its principal office and/or principal place of business at 101 Main Street, 17th Floor, Cambridge, Massachusetts 02142. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

This relief is required to prevent further violations of the Act and Regulations and any dissipation of ZERO STAGE VI's assets, to preserve the federal funds invested in ZERO STAGE VI, to protect the financial integrity of the SBIC program and to accomplish the orderly liquidation of ZERO STAGE VI.

## II. STATEMENT OF FACTS

### A. ZERO STAGE VI Is a Licensed SBIC Under the Act

Section 301 of the Act authorizes SBA to license non-bank financial institutions as small business investment companies ("SBICs") to provide financing for the formation, growth and expansion of small business concerns. 15 U.S.C. § 681. The Act authorizes SBA to license private companies, including corporations, as SBICs and to invest federal funds in them. 15 U.S.C. §§ 681(c) and 683(b).

ZERO STAGE VI is a Massachusetts limited partnership pursuant to a Limited Partnership Agreement dated June 9, 1998, as amended. In accordance with statutory authorization, ZERO STAGE VI became the Licensee of SBA, under license number 01/71-0372, on November 30, 1998, as an SBIC pursuant to Section 301(c) of the Act, 15 U.S.C. § 681(c). ZERO STAGE VI's Limited Partnership Agreement expressly provides that ZERO STAGE VI was organized solely for the purpose of performing the functions and conducting the activities under the Act and subject to regulations issued by SBA there under.

### B. SBA Provided Federal Financing To ZERO STAGE VI

Pursuant to Sections 303 of the Act, 15 U.S.C. § 683, SBA purchased Participating Securities,[1] a form of Leverage as defined in the Regulations, from ZERO STAGE VI in

---

[1] Participating Securities are described in the Regulations at 13 C.F.R. § 107.1500. et seq. Among other features, they are redeemable by SBA at a date-certain regardless of performance of the SBIC and also carry with them other payment obligations that are dependent on earnings, such as Prioritized Payments, an "annual" 1% Charge,

the aggregate principal amount of $93,205,000.00.

### C.  ZERO STAGE VI is in Violation of the Regulations for Capital Impairment

Among other requirements, SBICs are subject to capital requirements under the Regulations. Based upon information provided by ZERO STAGE VI to SBA, SBA determined that ZERO STAGE VI had exceeded its maximum allowable Capital Impairment Percentage under the Regulations. SBA notified ZERO STAGE VI of that fact by letter dated December 19, 2003 and provided ZERO STAGE VI fifteen (15) days to cure. Also by the letter dated December 19, 2003, SBA notified ZERO STAGE VI that it was transferring ZERO STAGE VI from operating status to liquidation status at SBA. As of the date of this Motion, ZERO STAGE VI continues to have a condition of Capital Impairment in excess of its permissible maximum of 60% under the Regulations.

### III. ARGUMENT

### A.  SBA is Entitled to Seek & Obtain Appointment of SBA as Receiver of ZERO STAGE VI

#### 1.  ZERO STAGE VI Has Violated SBA Regulations

As outlined in Section II of this Memorandum, above, ZERO STAGE VI has violated the Regulations by virtue of its condition Capital Impairment, in violation of 13 C.F.R. § 107.1830(b); and non-performance of the requirements of its Participating

---

Adjustments and Profit Participation, as applicable.

Securities, a form of Leverage under the Regulations, in violation of 13 C.F.R. § 107.507(a).

### 2. ZERO STAGE VI's Regulatory Violations Entitle SBA To The Relief Requested Under 15 U.S.C. §§ 687(d) and 687c

Based on the regulatory violation by ZERO STAGE VI cited above, SBA has shown a sufficient basis for the granting of the requested receivership and preliminary injunction. United States v. Boca Raton Capital Corp., 285 F. Supp. 504, 507 (S.D. Fla. 1968). ZERO STAGE VI and all other licensed SBICs submit themselves to the terms and conditions of the Regulations when they obtain a license pursuant to the Act, including Section 311 of the Act relating to injunctions and receivers. First Louisiana Inv. Corp. v. United States, 351 F.2d 495, 497 (5th Cir. 1965). An SBIC acquires no vested rights which would immunize it from the requirements of these regulations. United States v. Coleman Capital Corp., 295 F. Supp. 1016, 1020 (N.D. Ill. 1969); ANA Small Bus. Inv., Inc. v. Small Bus. Admin., 391 F.2d 739, 746 (9th Cir. 1968); see also, Ray v. United States, 374 F.2d 638, 641 (5th Cir. 1967), cert. den., 389 U.S. 833, 88 S. Ct. 35, 19 L.Ed.2d 94 (1967); and United States v. Cape Fear Capital Corp., 286 F. Supp. 135, 137-38 (M.D. Pa. 1968).

Section 308(d) of the Act provides that in the event SBA determines that one of its licensed SBICs is in violation of the Act or Regulations, and therefore should be removed from the SBIC program, SBA may apply to the appropriate Federal District Court for an

adjudication of such violation. 15 U.S.C. § 687(d). Upon a showing of a violation of the Act or Regulations, the license of the SBIC may then be revoked. United States v. Vanguard Inv. Co., Inc., 694 F. Supp. 1219, 1223 (M.D.N.C. 1988) ("Vanguard II"), aff'd 907 F.2d 439 (4th Cir. 1990); Coleman, 295 F. Supp. at 1020; United States v. Norwood Capital Corp., 273 F. Supp. 236, 239 (D.S.C. 1967).

Section 311 of the Act, 15 U.S.C. § 687c, affords SBA statutory injunctive relief and the power of receivership in the event of regulatory violations so that the SBIC may be liquidated and removed from the SBIC program in an orderly manner, while at the same time giving the greatest protection to the assets of the company. Norwood, 273 F. Supp. at 240; Vanguard II, 694 F. Supp. at 1227-28. Section 311 of the Act, 15 U.S.C. 687c, specifically authorizes a restraining order in instances where a licensee has engaged in regulatory violations, stating in pertinent part:

> [U]pon a showing by the Administration that [a] licensee has . . . engaged . . . [in] any acts or practices [which constitute . . . a violation of any provision of this Act, or of any rule or regulation under this Act], <u>a permanent or temporary injunction, restraining order, or other order, shall be granted without bond.</u>

15 U.S.C. § 687c(a). (Emphasis added.)

As this is an action for a statutory injunction, it is not necessary to show irreparable injury or meet the usual standards for preliminary equitable relief. United States v. Vanguard Investment Co., Inc., 667 F. Supp. 257, 261 (M.D.N.C. 1987) ("Vanguard I"), aff'd 907 F.2d 439 (4th Cir. 1990). See also, First Louisiana, 351 F.2d at 498.

### B. SBA Should Be Appointed Receiver and ZERO STAGE VI Should Be Enjoined From Further Operations in Violation of the Act

When, as in this case, an SBIC has violated SBA regulations, the issuance of an injunction and appointment of a receiver are authorized and warranted. 15 U.S.C. § 687c. Section 311(c) of the Act, 15 U.S.C. § 687c(c), gives this Court the discretion to appoint the Agency to act as receiver:

> The Administration shall have the authority to act as trustee or receiver of the licensee. Upon request by the Administration, the court may appoint the Administration to act in such capacity unless the court deems such appointment inequitable or otherwise inappropriate by reason of the special circumstances involved.

15 U.S.C. § 687c (c).

In cases brought under Section 311 of the Act, 15 U.S.C. § 687c, an injunction "shall be granted" and a receiver will be appointed upon a showing of any violation of the Act or Regulations, or of a rule, provision or order of the SBA. See First Louisiana, 351 F.2d at 497-98; and Coleman, 295 F. Supp. at 1020. In upholding the District Court's issuance of a preliminary injunction and the appointment of a temporary receiver, the Court in First Louisiana stated:

> The appellant would have us test the exercise of the court's discretion in the appointment of a receiver for it by conventional standards. The appellant would have us hold that the statutory provision for a receivership, 15 U.S.C.A. 687c(b), supra, is only a jurisdictional provision and does not affect the usual requirements for invoking this extraordinary remedy. We do not so read the statute. <u>It is our opinion that where a licensee has engaged in violation of the Act or of rules, regulations or orders issued pursuant to the Act, the court has the power, under the statute, to appoint a receiver as well as to grant injunctive relief.</u>

351 F.2d at 497-98. (Emphasis added.)

Courts have granted injunctive relief and appointed a receiver to take charge of the assets of an SBIC on the basis of violations of the Act and Regulations similar to those found here, including for capital impairment (Vanguard I and Vanguard II). In addition, the Norwood court noted that capital impairment was a sufficient basis (along with failure to pay) for SBA to obtain relief under Section 311 of the Act. Norwood, at 240, fn. 8.

The court in Norwood considered the legislative history of the Act's authorization of courts to appoint SBA as receiver, surveyed the status of the affairs of the defendant SBIC, and found a Congressional mandate to utilize its equitable powers. Id., at 240-41. Thus, the court in Norwood held that the SBA was the appropriate agency to be appointed receiver of the defendant SBIC, since the purpose of such federal receivership was to protect the assets of a licensed SBIC pending the Administration's recovery on its investment, as well as to permit discovery of past abuses of federal funds. The court in Norwood took exclusive jurisdiction of the defendant and its assets, pursuant to Section 311(b) of the Act, 15 U.S.C. § 687c(b), so that SBA, as Receiver, could properly liquidate the company. Norwood, supra.

## IV.   CONCLUSION

ZERO STAGE VI's condition of Capital Impairment is a violation of applicable Regulations governing ZERO STAGE VI as a licensed SBIC. For the reasons stated above, SBA hereby requests the Court to take exclusive jurisdiction of ZERO STAGE VI

and all of its assets wherever situated; enjoin ZERO STAGE VI, its past and/or present general partners, officers, directors, agents, managers, employees and creditors, or any other individual or entity having knowledge of or control over any of the defendant's current or former assets, from encumbering, conveying, disposing, levying or executing or in any other manner, dealing with any of the assets of the defendant wherever situated; from further violating the Small Business Investment Act of 1958, as amended, and the Regulations promulgated there under; and to appoint SBA as Receiver of ZERO STAGE VI. A copy of a Proposed Consent Order for this matter is submitted herewith for this Court's consideration.

Respectfully submitted,

Dated: April 27, 2005

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
THOMAS W. RIGBY
Va. Bar No. 34663
D.C. Bar No. 463532
Chief Counsel for SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone: 202.619.1610
Facsimile: 202.481.5866
Attorney for Plaintiff

MICHAEL J. SULLIVAN
United States Attorney

By: _____

RAYFORD A. FARQUHAR
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110
Telephone: 617.748.3284
Facsimile: 617.748.3967
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____, 2005, I caused the foregoing document to be served on the following via first class mail, postage pre-paid:

Zero Stage Capital VI, L.P.
Attn: General Partner
101 Main Street, 17th Floor
Cambridge, Massachusetts 02142

R. Michael Haynes, Esq.
Semmes, Bowen & Semmes, P.C.
1001 Connecticut Avenue, Suite 1100
Washington, D.C. 20036

John L. Koenig, Esq.
McNamara, Koenig & McCarthy, P.C.
65 William Street
Wellesley, Massachusetts 02481

By: _____