UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                       )<br>                    Plaintiff,           )<br>                                                       )<br>         v.                                          )<br>                                                       )<br>ZERO STAGE CAPITAL VI, L.P.  )<br>                                                       )<br>                    Defendant.       )<br>_____)  | CIVIL CASE NO.<br>05 10887-JLT<br>HON. JOSEPH L. TAURO |

**MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION
FOR AN ORDER APPROVING THE FORM AND MANNER OF NOTICE
TO CLAIMANTS AND ESTABLISHING A CLAIMS BAR DATE**

In support of the Motion of the U.S. Small Business Administration, as Receiver for Zero Stage Capital VI, L.P. for an Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date, the Receiver states as follows:

1.  By Order dated May 4, 2005, this Court appointed the U.S. Small Business Administration as Receiver (the "Receiver") for Zero Stage Capital VI, L.P. ("Zero Stage VI"). Pursuant to the specific power vested in this Court by 15 U.S.C. § 687c, Rule 66 of the Federal Rules of Civil Procedure, and its general equity powers, this Court is authorized to prescribe the form and manner of notice to claimants and to establish a claims bar date in order to begin the process of winding up this receivership. The procedures are those derived from receivership practice under common law, see 3 Clark, Law of Receivers 652 (1959 & Supp. 1968-69), and are recognized as applicable in federal courts pursuant to Rule 66 of the Federal Rules of Civil Procedure.

2.  After reviewing Zero Stage VI's files and records over the course of the

receivership, the Receiver believes that it has identified many of the potential claimants who may have claims against Zero Stage VI. It is to those persons or entities that Notice, substantially in the form of Exhibit "A" to the attached proposed Order, will be mailed.

3. As an additional safeguard, and in an effort to provide notice to potential claimants now unknown to the Receiver, the Receiver also proposes publishing notice in the form of Exhibit "A" to the proposed Order. The Receiver proposes to publish this notice once each week for two calendar weeks in *The Boston Herald*, a newspaper of general circulation serving the Cambridge, Massachusetts metropolitan area. The Receiver believes that this publication is most likely to reach and be read by persons or entities who might assert claims against Zero Stage VI or the receivership estate.[1] The publication of notice procedure recommended here is intended to provide any unknown claimants who have not yet come forward with one last opportunity to submit a claim.

4. If the Court approves these procedures and enters the proposed order, the proposed "claims bar date" will afford all potential claimants at least thirty (30) days from the time notice is given during which to submit their claims to the Receiver. Because this receivership has been pending approximately five (5) months, knowledge of the receivership is widespread among those persons or entities which had in the past, or continue to have at present, a business relationship with Zero Stage VI. Thus, knowledge of the receivership should come as no surprise to any potential claimant who has exercised reasonable diligence in pursuing its claims.

---

[1] Massachusetts is the state in which Zero Stage VI has had its most significant contacts. Zero Stage VI is organized in the State of Massachusetts. Its principal place of business at the time this Receivership was instituted and at all times prior thereto was located in Cambridge, Massachusetts, and this Court is located is Massachusetts. Lastly, Zero Stage VI extended its investments and loans from its office located at Cambridge, Massachusetts.

5. The Receiver proposes to inform the Court of any and all claims it has received through the claims bar date procedure. The Receiver also proposes to review all the claims received, negotiate with the claimants and attempt to settle all claims subject to the Court's approval. In the event that a claimant and the Receiver are unable to resolve a dispute over a claim, the Receiver proposes to move this Court for summary disposition of the dispute. Such procedures will afford claimants with a fair process for resolving their dispute of the Receiver's recommendation concerning their claim, while enabling the Receiver to begin the process of winding up this receivership proceeding.

6. The imposition of a "claims bar date" is necessary so that the Receiver can recommend, subject to the Court's approval, a plan to distribute Zero Stage VI's assets to all creditors who have rendered timely claims without fear that other claimants might later appear to assert claims against Zero Stage VI or the receivership estate. Therefore, the Receiver is asking this Court to impose a permanent injunction as part of this "claims bar date" mechanism to prevent persons or entities from asserting such tardy claims.

In substance, the Receiver asks the Court to approve the following means of giving notice to potential creditors of, or claimants against, Zero Stage VI:

(1) Following the entry of an Order in connection with this Motion, the Receiver will send notice, in the form of Exhibit "A" to the attached proposed Order, via first-class mail, postage prepaid, to each of the persons or entities, other than the U.S. Small Business Administration and parties contracted by the U.S. Small Business Administration as Receiver, believed by the Receiver, its counsel and agents, to be creditors, agents, former directors or officers, employees, partners, participant investors or lenders with Zero Stage VI, portfolio concerns or limited partners of

      Zero Stage VI, or their representatives, and to any other persons or entities who have, during the term of the receivership, asserted a claim of whatever kind or nature against the receivership, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver;

and

(2)    Notice, substantially in the form of Exhibit "A" to the attached proposed Order, will be published once each calendar week for two weeks in *The Boston Herald*, a newspaper of general circulation.

In addition, the Receiver asks the Court to set a "claims bar date" thirty (30) days from the last date of notice by publication, and to enjoin all persons or entities, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver, from asserting, pursuing or prosecuting any claims not submitted to the Receiver in the required form on or before that date. Thus, the Receiver asks that any claims not submitted to the Receiver's agent in writing on or before the "claims bar date," be thereafter permanently barred and discharged. As agent for receipt of any written claims, the Receiver requests that the Court direct persons or entities to file such claims with the receiver, c/o Maurice J. Whalen, Principal Agent for SBA, Receiver for Zero Stage Capital VI, L.P., 666 11th Street, N.W., Suite 200, Washington, D.C. 20001, Telephone (202) 638-0902.

For the reasons set forth above, the Receiver asks that its Motion be granted and that the attached proposed order setting procedures for notifying claimants against the receivership estate and setting the "claims bar date" be entered.

Respectfully submitted,

Dated: _____

_____
ROBERT M. DUFFY (BBO # 552840)
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
Telephone:   (401) 455-0700
Facsimile :   (401) 455-0701

Dated: _____

_____
THOMAS W. RIGBY
VA. Bar No. 34663
D.C. Bar No. 463532
Chief Counsel For SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416
Telephone: (202) 619-1610
Facsimile: (202) 481-5866

Attorneys for Plaintiff United States of America, on behalf of the U.S. Small Business Administration

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion of the U.S. Small Business Administration, as Receiver for Zero Stage Capital VI, L.P. for an Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date, Memorandum of Law in Support of Receiver's Motion for an Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date, and proposed Order and Exhibit thereto, has been made this 26th day of October, 2005, by mailing a copy thereof by first class mail, postage prepaid to:

Michael J. Sullivan
United States Attorney
c/o Raymond Ford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

Paul M. Kelley
Managing Partner and Chief Executive Officer
Zero Stage Capital
101 Main Street
17th Floor
Cambridge, MA 02141-1519

Theodore Tedeschi, Esq.
Special Counsel
Zero Stage Capital
101 Main Street
17th Floor
Cambridge, MA 02141-1519

ROBERT M. DUFFY (BBO # 552840)
Duffy Sweeney & Scott, Ltd.