UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZERO STAGE CAPITAL VI, L.P., )<br>)<br>Defendant. )<br>) | CIVIL CASE NO. 05-10887-JLT<br>HON. JOSEPH L. TAURO |

### MOTION TO SET SCHEDULE FOR EVALUATION OF
### RECEIVERSHIP CLAIM OF ZERO STAGE CAPITAL COMPANY, INC.

Zero Stage Capital Company, Inc. ("Zero Stage"), a claimant in the receivership (the "Receivership") of Zero Stage Capital VI, L.P. ("Fund VI"), by and through its undersigned attorneys, hereby moves for the setting of a schedule in connection with evaluation of its claim in the Receivership (the "Claim") by the U.S. Small Business Administration, as receiver for Fund VI (the "SBA" or the "Receiver"). In support thereof, Zero Stage states as follows:

### INTRODUCTION

With a total claim of nearly five million dollars, Zero Stage is among the largest creditors, if not the largest creditor, of Fund VI. Zero Stage timely submitted its Claim five months ago in accordance with procedures ordered by the Court. Zero Stage has since responded to further inquiries by the Receiver regarding the Claim, in the form of answers to written questions and the provision of additional documentation. Zero Stage has also requested that the Receiver reciprocate by providing certain information that Zero Stage believes would not only support its Claim but would also assist the Receiver in evaluating the Claim and bringing the Receivership to resolution. Further, throughout this period, Zero Stage has repeatedly asked to meet with SBA personnel to discuss any questions the Receiver might have about the Claim.

-2-

To date, the Receiver has refused to entertain Zero Stage's requests for information, has not responded to Zero Stage's numerous requests to discuss the Claim at a meeting, and has not provided an update as to either its progress in evaluating the Claim or the preliminary conclusions which might form part of its recommendation to the Court.

Zero Stage respects the efforts required of the Receiver in administering the Receivership and in analyzing and resolving the Claims against it. However, the Receiver has given Zero Stage no indication of how or when the Claim will be addressed. Zero Stage therefore requests that the Court set a schedule for the resolution of the Claim, to include a period for discussions and exchange of documents and other information relating to the Claim.

## BACKGROUND

Fund VI was licensed by the SBA as a Small Business Investment Company on November 30, 1998. Zero Stage was the investment manager of Fund VI, and as such, provided investment management and related services to Fund VI. The management agreement between Fund VI and Zero Stage (the "Management Agreement") established a management fee to be paid to Zero Stage for its services, and also outlined the allocation of expenses to be borne by Fund VI and Zero Stage in connection with investment and management activities, respectively.

The Receivership commenced pursuant to a Consent Order of Receivership entered by this Court on May 4, 2005 (the "Receivership Date"). On January 20, 2006, Zero Stage timely submitted its Claim in accordance with the Notice to All Creditors or Claimants of Zero Stage Capital VI, L.P., which notice issued pursuant to the Court's Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date (the "Bar Date Order").[1] Zero Stage's Claim totals $4,873.00.71, including amounts accrued before and after the Receivership Date. The Claim submission was accompanied by a detailed memorandum describing the components of the Claim and twenty-one supporting exhibits.

---

[1] The submitted Claim and all other documents referred to herein are available for review at the Court's request.

On February 15, 2006, the Receiver sent a letter to counsel to Zero Stage that included twenty-one detailed questions and requests for further documentation in support of the Claim (the "Information Requests").  Zero Stage responded in full to the Information Requests on March 15, 2006 (the "March Response").  In the cover letter accompanying the March Response, Zero Stage asked that the Receiver advise it of the Receiver's position with respect to the Claim by a certain date and reiterated previous informal requests that SBA and Zero Stage representatives meet in person to discuss the Claim.  On April 5, 2006, Zero Stage submitted an informal set of requests for information to the Receiver (the "Zero Stage Requests").  The Zero Stage Requests repeated the request that the Receiver apprise Zero Stage of the Receiver's position with respect to a recommendation on the Claim, and again asked that SBA and Zero Stage representatives meet to discuss the Claim.

By letter to counsel for Zero Stage dated April 13, 2006, counsel for the SBA's Office of SBIC Liquidation responded to the Zero Stage Requests (the "April Response").  The April Response noted that the Receiver was in the process of reviewing claims and that "[a]ll persons and entities who submitted claims will be advised of the Receiver's recommendations in due course and as appropriate under [the Bar Date Order]."  The one-page, four-paragraph April Response stated there was "no legal basis" for any of Zero Stage's requests for documents and made no reference to Zero Stage's requests for a meeting with SBA personnel to discuss the Claim.

By a memorandum dated May 18, 2006 (the "May Memo"), special counsel to Zero Stage responded to an email request from the Receiver regarding certain payments on account of a Fund VI portfolio company known as LiveWave.  The May Memo addressed questions about services performed by an outside consultant for the benefit of LiveWave, Fund VI, and other funds managed by Zero Stage.  It also included a reconciliation and allocation of amounts paid by Fund VI and a Fund VI portfolio company, LiveWave, to the outside consultant.  Zero Stage found, and so advised the Receiver, that $86,873 is owing Fund VI as a result of this reconciliation, and represented that the Claim should be reduced by that amount (the "LiveWave

Reconciliation"). Zero Stage stated at the time that it would place that amount in escrow, which Zero Stage has since done. The May Memo concluded, once again, with an offer to sit down with SBA representatives to discuss any aspect of the Claim and the Receivership.

The Receiver responded to the May Memo by email on June 5, 2006. In that email, the Receiver disputed the amount of the LiveWave Reconciliation, asserted that the amount should instead be $150,745, and represented that this larger amount should be immediately disbursed to the Receiver as it "can not be mixed into the Bar Date claims process, since it is a separate claim of the Receivership."[2] The Receiver made no response with regard to Zero Stage's open request to meet with SBA representatives to discuss the Claim.

## RELIEF REQUESTED

Zero Stage submitted its Claim five months ago. Fund VI has been in receivership for over thirteen months. The Receiver has seemingly ignored numerous requests to confer with Zero Stage representatives, who have been and remain willing to cooperate fully with the Receiver in order to discuss, clarify and explain any aspect of the Claim. But in spite of complying readily with numerous and continuing formal and informal requests for information and documents, Zero Stage remains entirely uninformed as to the progress of the Receiver's review of its Claim, let alone the ultimate prospect or extent of allowance.

---

[2]   Zero Stage relates issues regarding the LiveWave Reconciliation solely for purposes of completing the chronology of communications between the parties for the Court's benefit in support of this motion. Zero Stage does not hereby ask that the Court make a determination on the merits of the LiveWave Reconciliation, or, for that matter, on any aspect of the Claim at this time.

Zero Stage notes that, notwithstanding the Receiver's assertion to the contrary, the LiveWave Reconciliation *is* subject to setoff against the Claim, since, to the extent it arises from a transaction or occurrence separate from the Claim, it would constitute a Rule 13(b) permissive counterclaim in an action for the Claim. Setoff is designed to permit parties to apply mutual debts against each other "thereby avoiding the absurdity of making A pay B when B owes A." *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995). It is permitted against debts owed to an insolvent party under Massachusetts law, *Sisk v. Saugus Bank and Trust Co. (In re Saugus General Hosp., Inc.)*, 698 F.2d 42 (1st Cir. 1983) (Breyer, J.), and is also appropriate in the context of a federal receivership proceeding, *SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992). Although Zero Stage believes it is a net creditor of Fund VI by several million dollars, Zero Stage has, as noted above, escrowed $86,873 to preserve the right of setoff.

-5-

Zero Stage does not come to the Court in the first instance asking for immediate resolution. Rather, Zero Stage simply requests that the Court apply its inherent powers to control its docket and calendar, *see Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936), to formulate a schedule whereby the Claim will be resolved in an efficient, regular, and, if possible, amicable manner. Zero Stage believes that limited discovery, on a reciprocal basis, would aid both parties in promptly resolving the Claim on an amicable basis.

Zero Stage therefore asks that this Court issue an Order providing:

    a.    that the Receiver inform Zero Stage of its proposed recommendation regarding the Claim to the Court within 30 days of such Order (the "Report Date");

    b.    that, during the 30 days following the Report Date, the parties exchange documents and other information and conduct substantive discussions regarding the Claim (the "Conference Period");

    c.    that the Conference Period may be extended by agreement of the parties; and

    d.    that, within 10 business days of the conclusion of the Conference Period, the parties submit a joint status report to the Court describing their discussions and information exchange, and outlining any remaining areas of dispute.

*[Remainder of page intentionally left blank]*

```
```


## CONCLUSION

Zero Stage respectfully requests that the Court (i) set a schedule for the resolution of the Zero Stage Claim, to include a period for discussions and exchange of documents and other information relating to the Claim, according to the proposed schedule described above; and (ii) order such other and further relief as is necessary and appropriate.

**ZERO STAGE CAPITAL COMPANY, INC.,**

**By its attorneys,**

\_\_/s/  Jason L. Watkins_____
Donald K. Stern, BBO # 479420
Julia Frost-Davies, BBO # 630590
Jason L. Watkins, BBO # 658560
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA  02110
Tel:  (617) 951-8000
Fax:  617.951.8736

Dated:  June 20, 2006

## CERTIFICATE OF SERVICE

I, Jason L. Watkins, hereby by certify that on this 20th day of June, 2006, I caused a copy of the foregoing document to be served on the following in the manner indicated:

**By first-class mail:**

Thomas W. Rigby, Esq.
Chief Counsel for SBIC Liquidation
Office of General Counsel, U.S. Small Business Administration
409 Third Street, S.W.
Washington, DC  20416
*Attorney for Plaintiff*

Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office, District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA  02110
*Attorney for Plaintiff*

**By email:**

| | |
|---|---|
| Robert M. Duffy | Charles A. Lovell |
| Duffy & Sweeney | Partridge, Snow & Hahn LLP |
| Suite 1200 | 180 South Main Street |
| One Turks Head Place | Providence, RI  02903 |
| Providence, RI  02903 | cal@psh.com |
| rduffy@duffysweeney.com | *Attorney for The Beacon* |
| *Attorney for SBA as Receiver* | *Mutual Insurance Company* |

          /s/  Jason L. Watkins
          Jason L. Watkins

LITDOCS/644381.1