o                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) ) | CIVIL CASE NO. 05 10887-JLT HON. JOSEPH L. TAURO |
| v. | ) ) | |
| ZERO STAGE CAPITAL VI, L.P. | ) ) | |
| Defendant. | ) ) | |

**RECEIVER'S OPPOSITION TO ZERO STAGE CAPITAL COMPANY, INC.'S
MOTION TO SET SCHEDULE FOR EVALUATION OF RECEIVERSHIP CLAIM**

The United States Small Business Administration, in its capacity as Receiver ("Receiver") of Zero Stage Capital VI, L.P., opposes the Motion to Set Schedule filed by Zero Stage Capital Company, Inc. ("ZSC"), a Claimant in this matter. Essentially, ZSC seeks to set a deadline for the Receiver to submit its recommendation for the disposition of ZSC's $4.87 million claim against this Receivership Estate. ZSC also asks the Court to impose an additional procedure requiring the Receiver and ZSC to exchange information and conduct conferences regarding ZSC's claim. For the reasons set forth below, the relief sought is unjustified, unwarranted and contrary to the Court's existing procedural Order.

In a Motion served in October 2005, the Receiver recommended a procedure for the administration and resolution of claims submitted in this Receivership estate. The Memorandum in support of that Motion explained:

> The Receiver also proposes to review all the claims received, negotiate with the Claimant(s) and attempt to settle all claim(s) subject to the Court's approval. In the event that a Claimant and the Receiver are unable to resolve a dispute over a claim, the Receiver proposes to move this Court for summary disposition of the dispute. Such procedures will afford Claimants with a fair process for resolving their dispute of the

Receiver's recommendation concerning their claim, while enabling the Receiver to begin the process of winding up this Receivership proceeding.

See Memorandum of Law in Support of Receiver's Motion for an Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date at 4. The Receiver served a copy of its Motion papers containing the proposed procedure for claims disposition to both the Managing Partner and Special Counsel for ZSC. At no time did ZSC object to the procedure proposed by the Receiver.

Subsequently, on November 4, 2005, the Court entered an Order (the "Claims Bar Order") establishing January 20, 2006 as the Claims Bar Date and adopting the procedure for resolution of claims proposed by the Receiver. The Order anticipates that the Receiver will make recommendations to the Court regarding the disposition of all claims received. The Order states:

> In the event that the Receiver recommends denial of any claim, it is ORDERED that the Receiver is authorized and directed to move for summary disposition of said claim(s) and to furnish a copy of the moving papers to the Claimant(s); in such case the Claimant may respond within 30 days, serving a copy of its response on the Receiver, and the Court will resolve said claim(s) expeditiously through summary procedure that the Court will determine at that time.

See Claims Bar Date Order at 3. The Order did not impose a deadline for the Receiver to submit its recommendations.[1]

As required by the Claims Bar Date Order, the Receiver provided notice of the Claims Bar Date and related procedures directly to each known Claimant and by publication. A copy of the notice was mailed to ZSC. Subsequently, the Receiver received 20 claims. In the months

---

[1] The authority of the Court to set such procedures is well grounded in receivership practice. See Guaranty Trust Co. v. Williamsport Wire Rope Co., 19 F. Supp. 482, 483-84 (M.D. Pa. 1937) (establishing a claims bar date and affirming jurisdiction of the receivership court to determine all claims); see also Clark: Law of Receivers, §§ 650 and 651 (3d ed.)("When the court orders claims presented to the receiver, the receiver must accept or reject the claims. In doing so the receiver acts in many respects as a master and passes on the validity and fairness of the claims and also to their legality. When the court reviews the receiver's findings of fact and law and approves or disapproves the findings, the court's action is equivalent to a final order").

since the Claims Bar Date, the Receiver has worked diligently to evaluate the claims submitted. That work has included, in many cases, the Receiver having to contact Claimants to obtain additional information necessary to evaluate their claims.

ZSC submitted a claim of over $4.87 million dollars.[2] The claim has four components, each of which has had to be evaluated separately by the Receiver. ZSC hindered this process by failing to provide complete supporting material for its claims as required under the Claims Bar Date Order.[3] Moreover, the materials it did provide raised more questions than they answered. Rather than outright reject ZSC's claim for lack of substantiation, the Receiver contacted ZSC to obtain the additional information needed to formulate a recommendation for the Court. Based on the additional information ultimately provided by Zero Stage, which still falls short of what the Receiver requested, the Receiver is working to complete its review of the ZSC claim. Financial statements of Zero Stage VI for the quarter ending December 31, 2004 – prepared by ZSC and/or its principals and submitted to SBA – showed total liabilities of Zero Stage VI prior to receivership of under $200,000. Despite that fact, ZSC submitted claims to the Receiver for millions of dollars of fees and expenses, which ZSC did not pay itself when it was in charge of Zero Stage VI. ZSC is therefore in no position to criticize the Receiver for the length of time necessary to make a reasoned recommendation to the Court of these unusual claims. The time the Receiver has spent on this process is more than justified by the complexity of the claims and lack of support initially provided for it.

---

[2] ZSC is currently holding $86,873.00 in escrow, which represent funds that ZSC admits are assets of the Receivership estate. ZSC appears to be holding these funds as partial offset to its as yet unapproved claims. The cases cited in ZSC's Memorandum at footnote 4 do not support its unilateral action of withholding these funds. The Receiver has put ZSC on notice that the amount due from ZSC to the Receiver is actually $150,745.00 and, pursuant to the Receivership Order, has demanded that ZSC immediately disburse those funds to the Receiver. Unless ZSC remits the funds in question to the Receivership estate, the Receiver will file a Motion asking the Court to direct ZSC to pay those funds over to the Receiver.

[3] In effect, ZSC's motion seeks to punish the Receiver for making an extra effort to understand ZSC's claims.

The Receiver is also preparing recommendations for the determination of the other nineteen claims received. The Receiver expects to submit a Status Report within the next two weeks detailing its activities in the administration of this matter. ZSC's request that the Court impose a deadline for the Receiver to submit its recommendations is unjustified in light of the Receiver's ongoing effort to complete its review of the claims in this matter.[4]

ZSC also seeks to alter the procedure for claims administration previously approved by this Court. ZSC has asked the Court to order that "during the 30-days following [the Receiver's Recommendation], the parties exchange documents and other information and conduct substantive discussions regarding the claim (the 'Conference Period')" and that "within 10 business days of the conclusion of the Conference Period, the parties submit a joint status report to the Court describing their discussions and information exchange, and outline any remaining areas of dispute." See ZSC Motion at 5. The Receiver objects to modifying the procedures previously established by the Court to provide for the exchange of information and "Conference Period" requested by ZSC. Pursuant to the existing procedure, the Receiver will make its recommendation regarding ZSC's claim. If ZSC takes issue with the Receiver's recommendation, the procedure provides ZSC with 30 days to submit its response to the recommendation. The Court will then "resolve said claims expeditiously through summary procedure that the Court will determine at that time." See Claims Bar Date Order at 3. Accordingly, it is premature for ZSC to request additional post-recommendations procedures at this time. The Receiver respectfully submits that the Court will be in a better position to evaluate

---

[4] ZSC also complains in its motion that the Receiver has not responded to ZSC's demands for immediate information and its inquiries about the Receiver's position with respect to its claims. The Receiver, however, is not obligated to respond to such demands. The Receiver will consider settlement discussions when warranted, after it has a better understanding of the basis for ZSC's claims. ZSC will also be informed through the Receiver's reports to the Court of the status of the administration of the Receivership estate, including the status of the Receiver's claims recommendations.

4

whether any additional procedures are required for the resolution of ZSC's claim after it receives the Receiver's recommendations.

For the foregoing reasons, the Receive requests that ZSC's Motion to Set Schedule of Evaluation of Receivership Claim be denied.

Respectfully submitted,

Dated: July 18, 2006                           /s/ Robert M. Duffy
ROBERT M. DUFFY (BBO # 552840)
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI  02903
Telephone:    (401) 455-0700
Facsimile :    (401) 455-0701


Dated: July 18, 2006                           /s/ Thomas W. Rigby
THOMAS W. RIGBY
VA. Bar No. 34663
D.C. Bar No. 463532
Chief Counsel For SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416
Telephone: (202) 619-1610
Facsimile: (202) 481-5866


Attorneys for the Receiver  the U.S. Small Business Administration

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing Receiver's Opposition to Zero Stage Capital Company, Inc.'s Motion to Set Schedule for Evaluation of Receivership Claim, has been made this 18th day of July 2006, by mailing a copy thereof by first class mail, postage prepaid to the parties listed below and will be sent electronically to the counsel who are registered participants identified on the Notice of Electronic Filing:

Clerk, United States District Court
 For the District of Massachusetts
One Courthouse Way
Boston, MA 02210

Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P..
666 11th Street, N.W., suite 200
Washington, DC 20001-4542

Michael J. Sullivan,
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

Theodore Tedeschi, Esq.
Special Counsel
Zero Stage Capital
101 Main Street, 17th Floor
Cambridge, MA  02141-1519

Donald K. Stern
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

Charles A. Lovell
Partridge Snow & Hahn
180 South Main Street
Providence, RI 02903

      /s/    Elvira Hanson
Elvira Hanson
Duffy Sweeney & Scott, Ltd.