UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CIVIL CASE NO. |
| Plaintiff, | ) | 05 10887-JLT |
| | ) | HON. JOSEPH L. TAURO |
| v. | ) | |
| | ) | |
| ZERO STAGE CAPITAL VI, L.P. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FIRST RECEIVER'S REPORT
FOR THE PERIOD FROM MAY 4, 2005 THROUGH MAY 31, 2006**

This First Receiver's Report ("Receiver's Report") is being filed with the Court by the United States Small Business Administration ("SBA"), which was appointed Receiver ("Receiver") of Zero Stage Capital VI, L.P. ("Zero Stage VI") pursuant to this Court's Order dated May 4, 2005. This report summarizes the activities of the receivership for the period from May 4, 2005 through May 31, 2006.

**I.    BACKGROUND**

Zero Stage VI is a limited partnership organized under the laws of the Commonwealth of Massachusetts and licensed to conduct business in the Commonwealth of Massachusetts. Zero Stage VI was one of several venture capital funds managed by Zero Stage Capital Company, Inc. ("ZSC").

Zero Stage VI was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Small Business Investment Act of 1958, as amended (the "Act"), 15 U.S.C. §681(c) on November 30, 1998, SBA License No. 01/71-0372, solely to do business under the provisions of the Act and the regulations promulgated thereunder. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided financing to Zero Stage VI through the purchase of Participating Securities, a form of leverage, as those terms are defined under the

Regulations, in the total principal amount of $93,205,000.00. Subsequently, SBA determined that Zero Stage VI was in violation of SBA regulations, 13 C.F.R. §107.1830(b) and 507(c), because it was not in compliance with the terms of the Leverage due to its uncured condition of Capital Impairment, as defined in the Regulations at 13 C.F.R. §107.1830(b). SBA filed a Complaint for Receivership and Injunction on April 29, 2005, seeking, among other things, that the Court take exclusive jurisdiction of Zero Stage VI and appoint SBA as Receiver for the purpose of liquidating the assets and satisfying the claims of creditors.

On May 4, 2005, this Court entered its Order Granting Plaintiff's Joint Motion for a Permanent Injunction and Appointment of the SBA as Receiver for Zero Stage VI ("Receivership Order"), which motion was consented to by Zero Stage VI's former management. The Receivership Order provides, <u>inter alia</u>, that this Court take exclusive jurisdiction of Zero Stage VI and all of its assets, wherever located, and that SBA is the court-appointed Receiver of Zero Stage VI for the purpose of operating, administering, and liquidating the assets of Zero Stage VI and satisfying the claims of its creditors. In addition, the Receivership Order stays all legal proceedings involving Zero Stage VI or any assets of Zero Stage VI, and enjoins all persons from initiating any civil proceedings involving Zero Stage VI or any of its assets.

## II. **OPERATION OF THE RECEIVERSHIP**

### A. **General Operations**

The Receiver has taken possession of relevant books, records and related files from Zero Stage VI's former offices in Boston, Massachusetts and moved them to the Receiver's offices in Washington, D.C. Based on the information gathered and discussions with Zero Stage VI's pre-receivership management, the Receiver has identified, marshaled, and begun to liquidate the assets of Zero Stage VI by, among other things, analyzing the records maintained by Zero Stage VI's pre-receivership management, and analyzing the debts and claims of Zero Stage VI. The

Receiver is continuing to collect funds due to Zero Stage VI and is administering the Zero Stage VI receivership estate so as to effect an orderly and expeditious liquidation of its assets in accordance with the Receivership Order. This First Receiver's Report will focus on specific actions taken by the Receiver during this reporting period.

Once the liquidation is completed, the net proceeds of the liquidation will be used to satisfy the claims of creditors in the order of priority of such claims, as determined by this Court, after a recommendation is submitted by the Receiver. At this time, the Receiver does not anticipate any excess proceeds will be available for distribution to the private limited partners of Zero Stage VI.

**B.     Notice of Receivership**

In accordance with paragraph 4 of the Receivership Order, the Receiver gave written notice of its appointment by first class U.S. mail, postage prepaid, to the relevant individuals and entities, including limited partners, portfolio companies and known creditors, to the extent the Receiver were able to obtain proper mailing addresses.

**C.     Personnel**

Pursuant to paragraph 5 of the Receivership Order, the Receiver retained Maurice J. Whalen, CPA as Principal Agent for the Receiver. The Receiver also retained Christine Rishty to assist with the administration of the receivership estate. The Washington, D.C. law firm of Ober Kaler Grimes & Shriver has been retained as special counsel for securities transactions, and the law firm of Duffy Sweeney & Scott, Ltd. has been retained to serve as the Receiver's local counsel in Massachusetts. Additionally, The Riggs Group, P.C., an accounting firm, was retained to reconstruct accounting records, prepare and file tax returns, and perform cash management functions, including processing of accounts payable, accounts receivable and bank account reconciliation. Additionally, Professional Business Services, Inc. was retained to

prepare certain partnership filings required to keep the partnership in good standing with state authorities and to prepare payroll filings required by the IRS, such as 1099 and W-2 filings.

**D.    Miscellaneous Operational Matters**

The Receiver maintains a fully collateralized interest-bearing account with Branch Banking & Trust Company ("BB&T") based in Wilson, N.C. This account held $17,449,074.03 as of May 31, 2006. The Receiver administers the receivership estate from the SBA Receivership Office located at 666 Eleventh Street, NW, Suite 200, Washington, D.C. 20001. The Receiver shares overhead expenses, such as rent and telephone lines, with other receivership estates for which the SBA is serving as Receiver.

**E.    Tax Returns and Accounting Matters**

The last tax returns prepared and filed by Zero Stage VI's pre-receivership management were for the year ended December 31, 2003. The Receiver reviewed the available accounting records, reconstructed activity for 2004 and prepared and filed the federal and state tax returns for the year ended December 31, 2004. Tax returns for the year ended December 31, 2005 are due for filing no later than October 15, 2006. The Receiver will update/amend tax filings as new information may require.

**F.    Corporate Compliance**

Zero Stage VI is a limited partnership chartered in the Commonwealth of Massachusetts and licensed to do business in the Commonwealth of Massachusetts. The Receiver notified the Secretary of State of Massachusetts that Zero Stage VI was placed into receivership, and changed its Registered Agent in Massachusetts to CT Corporation.

## III.     ANALYSIS OF ASSETS

Zero Stage VI's assets at the date of entry of the Receivership Order consisted of cash and debt and equity investments in publicly and privately held companies. The debt and equity investments in Zero Stage VI's portfolio consist of Promissory Notes, Common Stock and Preferred Stock. Since the commencement of the receivership, the Receiver has identified notes and equity investments in a total of eleven (11) portfolio companies remaining from a total of thirty-seven (37) portfolio companies in which investments had been made. Several of the debt and equity investments were in the same portfolio companies and three of the equity investments were in publicly-traded companies.

In this reporting period, the Receiver liquidated two of the publicly-traded stocks; obtained proceeds from sales of investments in two privately held companies; and obtained a liquidating distribution from one portfolio company.

### A.     Closed Accounts

#### 1.     STOCK IN PUBLICLY-TRADED COMPANIES

At the beginning of the receivership, the Receiver identified three companies in which Zero Stage VI owned publicly-traded common stock and transferred the shares to a brokerage account with UBS PaineWebber in Vienna, VA. With the assistance of the Receiver's broker and the research department at UBS PaineWebber, the Receiver analyzed each of the publicly-traded companies in which Zero Stage VI held stock and determined that it was in the best interests of the receivership estate to sell the shares of two of the companies in a manner that would take into consideration daily trading volumes so as to not unduly or adversely affect the respective stock prices. The following chart lists the names of each company in which Zero Stage VI held stock, the number of shares sold, and the total sales proceeds of the shares:

| Name Of Company | Number Of Shares Sold | Total Net Sales Proceeds |
|---|---|---|
| Digital Angel Corporation | 74,400 | $151,248.20 |
| Viacell | 666,667 | $4,597,294.64 |

The total net proceeds recovered through the sale of these publicly-traded shares are $4,748,542.84.

2.  **SOLD INVESTMENTS IN PRIVATE COMPANIES**

a)  **LiveWave, Inc.**

Preferred stock Investment, cost $5,211,738.

LiveWave, founded in 1999, is a developer of intelligent digital video surveillance solutions for mission critical security applications. LiveWave's video encoder/server/recorder systems and physical security solutions provide a scalable and secure management platform for digital video distribution and device control, supporting thousands of camera feeds and simultaneous users. In October 2005, after an extensive search for an appropriate buyer and intense negotiations, the company was sold generating for the receivership estate a recovery of $8,070,816 in cash of which $1,593,938 is being held in escrow until October 2007.

b)  **WorldWinner.com**

Preferred stock investment, cost $5,142,213.

WorldWinner, a pioneer in skill-based gaming with over 3 million players competing in WorldWinner tournaments, was founded in January 1999, and Zero Stage VI was the initial seed investor in the company. After an extensive search for an appropriate buyer, the company was sold in February, 2006 producing a recovery of $3,944,861.84 in cash for the Zero Stage VI investment.

B.  **Open Portfolio Investment Accounts**

1.  STOCK IN PUBLICLY-TRADED COMPANIES

a)  Amgen, Inc. (AMGN)

Amgen is a publicly-traded global biotechnology company that discovers, develops, manufactures and markets human therapeutics based on advances in cellular and molecular biology. It acquired Kinetix Pharmaceuticals, Inc. on December 13, 2000 for $170 million in Amgen common stock, of which 92,960 shares were issued to Zero Stage VI in exchange for its investment in Kinetix. All but 1105 of those shares were sold prior to the receivership. The remaining shares are restricted from sale until July 2007.

2.  INVESTMENTS IN PRIVATE COMPANIES

a)  Bluestreak, Inc.

| Current Investment | Shares | Cost |
| --- | --- | --- |
| Series B Preferred | 1,049,893 | $ 3,615,000 |
| Series C Preferred | 499,462 | $ 3,375,000 |
| Total | 1,549,355 | $ 6,990,000 |

Founded in Newport, Rhode Island in April 1999, Bluestreak is an online direct marketing firm providing media-enabled marketing and advertising solutions for Internet-based programs. Zero Stage VI made its investments in 1999 and 2000. Bluestreak continues in the development stage with cash flow and management challenges. The Receiver is closely monitoring the company and its investment therein and currently estimates that recovery, if any, shall not occur during the current year. The Receiver will update this Court with the status of recovery prospects in the next Receiver's Report.

b) **HEALTHvision**

Current investment

| Shares | Cost |
|---|---|
| Common Stock | 827,591 | $ 1,823,244 |

HEALTHvision, in the development stage, has developed an Internet/intranet software product intended to integrate the spectrum of care management for the ambulatory patient within community hospital and home healthcare networks. The Zero Stage VI investment, made in October 1999, currently represents no more than 1.5% of the outstanding stock. The Receiver is closely monitoring the company and its investment and currently estimates that recovery, if any, shall not occur during the current year. The Receiver will update this Court with the status of recovery prospects in the next Receiver's Report.

c) **Netkey, Inc.**

Current Investment     Shares     Cost

| | Shares | Cost |
|---|---|---|
| Series A Common | 4,797,070 | $ 3,000,000 |
| Series B Preferred | 1,077,373 | $    499,999 |
| Balance | 5,874,443 | $ 3,499,999 |
| | | |

Netkey's principal focus is the design and implementation of self-service web terminal systems built on patented Netkey® public browser software and a suite of server-based software for network management and self-service applications called the Netkey Enterprise software platform. The company continues in the development stage with significant cash flow and competitive challenges. The Receiver is closely monitoring the company and its investment and currently estimates that recovery, if any, shall not occur during the current year. The Receiver will update this Court with the status of recovery prospects in the next Receiver's Report.

### d) Spherics, Inc.

| Current Investment | Shares | Cost |
|---|---|---|
| Series A Preferred | 3,250,000 | $ 3,250,000 |

Spherics, Inc., founded in 1997, creates bio-adhesive drug delivery systems to improve the absorption of orally administered drugs and enable the oral delivery of drugs now given by injection. The company continues in the development stage with significant cash flow challenges. The Receiver is closely monitoring the company and its investment and currently estimates that recovery, if any, shall not occur during the current year. The Receiver will update this Court with the status of recovery prospects in the next Receiver's Report.

### e) Dormant Investments

The Receiver has identified investments in two companies which are dormant and possibly worthless. They include Axxis, Inc. and FurnitureFan, Inc. These investments will be further analyzed and appropriately resolved over the coming year.

## C. Liquidating Distributions Received

During the past fiscal year, $513,103.45 was received as a liquidating distribution from Jenzabar.com, a portfolio company disposed prior to formation of the receivership.[1]

## V. CLAIMS AGAINST ZERO STAGE VI AND THE RECEIVERSHIP

### A. U.S. Small Business Administration ("SBA")

Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided financing to Zero Stage VI through the purchase of Participating Securities, a form of leverage, as those terms are defined under the Regulations, in the total principal amount of $93,205,000.00. In addition to the repayment of the Principal amount of the Participating Securities, SBA is entitled to

---

[1] On June 28, 2006, after the end of the reporting period, a liquidating distribution of $289,659.81 was received from SYNCRA, Systems Inc., a portfolio company sold before formation of the receivership. Additionally, on July 11, 2006, the Receiver received $143,890.92 for the sale of eMed stock.

payment of Prioritized Payments and Profit Distributions, as calculated according to the terms of the Regulations at 13 C.F.R. §107.1830. Since the Participating Securities have characteristics of both equity and debt, the Receiver is evaluating the effect of FASB SFAS No. 150 (Accounting for Certain Financial Instruments with Characteristics of Both Liabilities and Equity) as it applies to Zero Stage VI.

**B.    <u>Claims Bar Date</u>**

In order to determine the claims against Zero Stage VI and the receivership estate, the Receiver moved this Court to establish a claims bar date by which all claimants must submit a claim in writing by a certain date ("Claims Bar Date"). The imposition of a Claims Bar Date is necessary so that the Receiver can recommend a plan to distribute Zero Stage VI's assets to its creditors who have rendered timely claims, without fear that other claimants might later appear to assert claims against Zero Stage VI or the receivership estate.

Pursuant to this Court's Order entered November 4, 2005 ("Bar Date Order"), the Receiver for Zero Stage VI, solicited claims against Zero Stage VI, the receivership estate, and assets or funds in the possession of the Receiver. The Receiver's solicitations were made by direct mailings of the Notice of the claims bar date to known prospective claimants, and by publication of the Notice in *The Boston Herald* on December 9, 2005 and December 16, 2005.

The Bar Date Order and Notice pursuant thereto required all claims to be submitted to Maurice J. Whalen, Principal Agent for the Receiver, by the claims bar date of January 20, 2006. In response to the Receiver's solicitations, twenty (20) claims, including 16 claims from limited partners, were received on or before the claims bar date. No other claims have been received as of the date of this report.

The Receiver is in process of reviewing the claims and will provide this Court with its recommended disposition of all timely filed claims. Pursuant to the Bar Date Order if the

Receiver recommends the denial of any claim, the claimant will be given an opportunity to respond to the Receiver's recommended disposition within thirty days, and the Court will resolve the claim expeditiously through summary procedure that the Court will determine at that time. See Bar Date Order para. 7.

### VI.    **CLAIMS OF ZERO STAGE VI**

As a regulated entity, violations of applicable law and regulations by Zero Stage VI that cause damages to it could trigger liability for those who caused or participated in those violations. The Receiver plans to take appropriate action with respect to any such violations.

### VII.   **RECEIPTS AND DISBURSEMENTS**

The Receiver for Zero Stage VI shares office space, overhead expenses and administrative services with other receiverships. This arrangement is beneficial to the Zero Stage VI as operating costs for each individual receivership are reduced by such sharing of costs, as well as by the Receiver's use of certain services, such as telephone lines, provided by the Federal Government. The rent, administrative, and overhead expenses pertaining to the operation of the office are originally disbursed by Recovery Support Services, Inc.. the company which holds the lease for office space. The expenses are then allocated each month, after accounts are reconciled, to all the receiverships, including Zero Stage VI.

The schedule attached as **Exhibit A** to this Report sets forth Cash Receipts and Disbursements for the period from May 4, 2005 through May 31, 2006.

Respectfully submitted,

U.S. SMALL BUSINESS ADMINISTRATION,
as Receiver for Zero Stage Capital VI, L.P.

Dated: 7/28/2006                By:_____/S/ Maurice J. Whalen_____
                                         MAURICE J. WHALEN
                                         Principal Agent for the Receiver

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *First Receiver's Report For the Period from May 4, 2005 through May 31, 2006* was filed through the ECF system on the 28th day of July, 2006, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via First Class Mail*
Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P..
666 11th Street, N.W., Suite 200
Washington, DC 20001-4542

*Via First Class mail*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416

/S/ Elvira Hanson

# EXHIBIT A

Case 1:05-cv-10887-JLT   Document 20-2   Filed 07/28/2006   Page 1 of 2

SBA, Receiver for ZERO STAGE CAPITAL VI, L.P.

The schedule below sets forth receipts and disbursements
for the periods from 05-06-2005 to 05-31-2006

|  | 05-06-05 to 05-31-2006 |
|---|---:|
| 1. Total Cash on Hand at the Beginning of Period | $ 1,848,585.94 |
| 2. Receivership Operations | |
| A. Receipts from Receivership Operations: | |
| Sale of Assets: | |
| Live Wave | 6,476,877.95 |
| Viacell, Inc. | 4,597,294.64 |
| World Winner | 3,953,950.72 |
| Jenzabar, Inc. | 513,103.45 |
| Digital Angel Corp. | 151,248.20 |
| Other: | |
| Interest Earned from Cash Accounts | 322,575.92 |
| Total Receipts from Receivership Operations | $ 16,015,050.88 |
| B. Disbursements from Receivership Operations: | |
| Agent Services | 193,629.11 |
| Legal Fees | 99,075.92 |
| Accounting/Bookkeeping Fees | 62,320.54 |
| Rent/Overhead Allocation | 17,069.40 |
| Document Production/Photocopy Fees | 14,078.80 |
| Administrative Services | 8,053.94 |
| Bank/Trustee Fees | 7,403.79 |
| Delivery Services | 4,214.25 |
| Deposit on Receivership Office Space | 4,000.00 |
| Travel Expenses | 2,710.95 |
| Advertising (Including Bar Date Notice) | 962.12 |
| Filing Fees | 473.50 |
| Record Storage | 365.60 |
| Postage/Certified Mailings | 196.45 |
| Miscellaneous Expense | 8.42 |
| Total Disbursements from Receivership Operations | $ 414,562.79 |
| Net Cash Gain/(Loss) from Receivership Operations | $ 15,600,488.09 |
| 3. Total Cash on Hand for Period Ended May 31, 2006 | $ 17,449,074.03 |