UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CIVIL CASE NO. |
| Plaintiff, | ) | 05 10887-JLT |
| | ) | HON. JOSEPH L. TAURO |
| v. | ) | |
| | ) | |
| ZERO STAGE CAPITAL VI, L.P. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**RECEIVER'S REPLY TO THE LIMITED OPPOSITION OF ZERO STAGE CAPITAL COMPANY, INC.'S TO MOTION OF THE U.S. SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR ZERO STAGE CAPITAL VI, L.P. FOR ENTRY OF AN ORDER APPROVING THE FIRST RECEIVER'S REPORT FOR THE PERIOD MAY 4, 2005 TO MAY 31, 2006**

The United States Small Business Administration, in its capacity as Receiver of Zero Stage Capital VI, L.P. ("Receiver") replies to the limited opposition filed by Zero Stage Capital Company, Inc. ("ZSC"), a Claimant in this matter, to the Receiver's motion to approve and confirm the First Receiver's Report for the period from May 4, 2005, to May 31, 2006 (the "First Receiver's Report").  ZSC's objection is inappropriate inasmuch as ZSC lacks standing to object to the Receiver's motion and the relief requested is unnecessary and highly unusual. Furthermore, ZSC has provided no legal support or factual detail for its objection.  Rather, demonstrating behavior that has come to epitomize its conduct in these proceedings, ZSC ostensibly objects because the Receiver is not proceeding in accordance with ZSC's wishes and ZSC's timeline.

**ARGUMENT**

**I.      The Receiver's Motion Prudently And Appropriately Requests Court Approval**

Because receiverships exist to promote orderly and efficient administration of the estate by the district court for the benefit of creditors, the district courts may institute reasonable procedures to serve this purpose. *S.E.C. v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). The Massachusetts Supreme Judicial Court has opined, "A receiver is entitled to the instructions of the court which appointed him." *Fauci v. Mulready*, 337 Mass. 532, 538, 150 N.E.2d 286, 290 (1958) (citation omitted). "Where his judgment is likely to be questioned by creditors, prudence will dictate recourse to the court for a decree authorizing particular action which will afford protection against later claim that the action was disadvantageous to the estate or beyond his authority." *Id.*

Approving and confirming the First Receiver's Report is within the scope of this Court's authority. It has been noted that district courts are conferred "extremely broad" power to supervise receiverships and determine appropriate actions to be taken in the administration of receiverships. *See S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986); *citing SEC v. Lincoln Thrift Ass'n,* 577 F.2d 600, 606 (9th Cir. 1978) ("[I]t is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership") and *S.E.C v. Safety Fin. Serv., Inc.,* 674 F.2d 368, 373 (5th Cir.1982) (a court overseeing a receivership is accorded "wide discretionary powers" in light of "the concern for orderly administration"); *see also S.E.C v. An-Car Oil Co.,* 604 F.2d 114, 119 (1st Cir. 1979). "The basis for broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions." *Hardy*, 803 F.2d at 1037.

Seeking and obtaining court approval for its actions and transactions detailed in the First Receiver's Report is simply good practice. The United States Small Business Administration, as receiver, has sought and obtained hundreds of orders, similar to the one requested here, approving interim receiver's reports in receiverships throughout the United States over the past thirty years. In its experience, the Receiver has found the practice of filing periodic reports essential to aiding the court in its oversight duties with respect to receiverships. The periodic review and confirmation of the acts, transactions, receipts, and disbursements reported by the Receiver allows the Receiver to continue its activities and work as confirmed by the Court, and to adjust its activities if the Court so directs. The practice of filing periodic reports has been accepted by the United States Supreme Court for over eighty years. *See State of Oklahoma v. State of Texas*, 268 U.S. 678 (1925).

In light of this well-settled precedent, the Receiver's motion for an Order of this Court approving the First Receiver's Report appropriately requests authorization from this Court for its actions to date, and the Court certainly has the power to grant such motion.

II.     **ZSC Lacks Standing To Object To The Receiver's Motion**

ZSC is not a party to the Receivership action. ZSC is a claimant in the Receivership because it timely submitted a claim to the Receiver in response to the Claims Bar Date established by this Court by Order of November 4, 2005. "When a claimant under proper orders of the court presents his claim to the receiver, this does not make the claimant a party to the original suit in which the receiver was appointed; neither is it in all respects equivalent to an intervention, neither does the claimant become a party to the issues between the plaintiff and the defendant and thereby complicate the issues." Clark, Law of Receivers § 649(b) (3rd. ed.). Because ZSC's mere act of filing a claim does not make it a party to this action, ZSC lacks

standing to oppose the Receiver's motion. Moreover, as a general rule in Massachusetts, standing requires that the complaining party "suffer[] an invasion of a legally protected interest." *MHI Shipbuilding, LLC v. National Fire Ins. Co. of Hartford*, 286 B.R. 16, 28 (D. Mass. 2002). Here, ZSC has asserted no such invasion of a legally protected interest.

### III.     ZSC Has Provided No Legal Or Factual Basis For Its Objection

Most perplexing about ZSC's objection is that it alleges no error in the First Receiver's Report. ZSC does not appear to attack the nature or sufficiency of the Receiver's acts, transactions, receipts, and disbursements detailed in the First Receiver's Report. Rather, ZSC opposes the approval of the report seemingly because it does not specifically address information ZSC desires to learn. Essentially, ZSC is asking this Court to deny the Receiver's motion because "it has provided no indication of what progress it has made in evaluating claims against the Receivership or of when claimants can expect a recommendation with respect to their claims," and because the Consent Order did not specifically authorize interim reports. ZSC is but one of twenty claimants in this Receivership. The fact that the Receiver's first report did not address ZSC's specific concerns is not grounds for objection.

Notably, this objection is in addition to ZSC's Motion to Set Schedule for Evaluation of Receivership Claim that essentially seeks the same information and seeks to have this Court impose time constraints upon the Receiver for the evaluation of ZSC's claim. As stated in the Receiver's opposition to that motion, ZSC asks the Court to impose additional and unnecessary procedures contrary to the Court's existing Order. Furthermore, the Receiver's opposition details, in part, the progress made with regard to ZSC's claim and the difficulty presented in completing the analysis of ZSC's claim (a difficulty created in part by ZSC's failure to provide documentation in support of its claim). ZSC expresses concern over the time it has taken the

Receiver to consider its claim, but, ironically, it is ZSC's penchant for filing motions and objections, as well as its failure to substantiate its claim, that is impeding the efficient resolution of ZSC's claim.

## CONCLUSION

For the foregoing reasons, the Court should not consider ZSC's objection to the Receiver's motion to approve and confirm the First Receiver's Report because ZSC lacks standing to object. To the extent that the Court considers ZSC's objection, it should be overruled and the Receiver's motion to approve and confirm the First Receiver's Report should be granted.

Respectfully submitted,

Dated: 08/18/06                                    /S/  Robert M. Duffy
                                                   ROBERT M. DUFFY (BBO # 552840)
                                                   Duffy, Sweeney & Scott, Ltd.
                                                   One Turks Head Place, Suite 1200
                                                   Providence, RI  02903
                                                   Telephone:    (401) 455-0700
                                                   Facsimile :    (401) 455-0701


Dated:  08/18/06                                   /S/ Thomas W. Rigby
                                                   THOMAS W. RIGBY
                                                   VA. Bar No. 34663
                                                   D.C. Bar No. 463532
                                                   Chief Counsel For SBIC Liquidation
                                                   Office of General Counsel
                                                   U.S. Small Business Administration
                                                   409 Third Street, Seventh Floor
                                                   Washington, DC 20416
                                                   Telephone: (202) 619-1610
                                                   Facsimile: (202) 481-5866


                                                   Attorneys for Plaintiff United States of America, on
                                                   behalf of the U.S. Small Business Administration

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that service of the foregoing *Reply to the Limited Opposition Filed by Zero Stage Capital Company, Inc. to the Receiver's Motion to Approve and Confirm the First Receiver's Report for the Period from May 4, 2005, to May 31, 2006* was filed through the ECF system on the 18th day of August, 2006, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via First Class Mail*
Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P..
666 11th Street, N.W., suite 200
Washington, DC 20001-4542

*Via First Class mail*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416


                                                /S/     Elvira Hanson