UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **CIVIL CASE NO. 05-10887-JLT** |
| Plaintiff, | ) | |
| | ) | **HON. JOSEPH L. TAURO** |
| v. | ) | |
| | ) | |
| **ZERO STAGE CAPITAL VI, L.P.** | ) | [proposed] ORDER |
| | ) | |
| Defendant. | ) | |

**ORDER APPROVING THE RECEIVER'S RECOMMENDED DISPOSITION OF CLAIMS, AUTHORIZING PAYMENT OF APPROVED CLAIMS AND ESTABLISHING SUMMARY DISPOSITION PROCEDURE**

This matter came before the Court on the Motion of the U.S. Small Business Administration ("SBA") as Receiver (the "Receiver") for Zero Stage Capital VI, L.P. ("Zero Stage VI") for an Order approving the Receiver's Recommended Disposition of Claims, authorizing payment of claims to the extent of available receivership assets and establishing a summary disposition procedure. The Receiver's Motion is supported by a Memorandum and the Receiver's Notice and Recommended Disposition and Priority of Claims.

After review of the pleadings,

**IT IS HEREBY ORDERED THAT:**

1. The Receiver's Motion for an Order Establishing a Summary Disposition Procedure and Authorizing Payment of Claims is **GRANTED**.

2. The Receiver's Notice of Recommended Disposition and Priority of Claims is **APPROVED**.

3. The Receiver is authorized to pay the following claims in the following order of priority, to the extent of available receivership assets, and that the following claims are hereby

**APPROVED**:

    a.    **First**, any and all administrative expenses of the receivership estate incurred pursuant to the Receivership Order of May 4, 2005, and outstanding Receiver's Certificate borrowings, if any, plus accrued interest, incurred in accordance with that same Order.

    b.    **Second**, to SBA in the total amount of $93,205,000.00;

    c.    **Third**, the return of capital to the private limited partners in the total amount of $49,500,000.00; <u>provided</u>, that in the event Zero Stage VI realizes any profits, amounts due to SBA for Earned Prioritized Payments, earned Adjustments, earned Charges, and Profit Participation allocated to SBA under §107.1520 shall have priority over any return of capital to private limited partners in accordance with 13 C.F.R. § 107.1505;

    d.    **Fourth**, to Zero Stage Capital Corporation in the total amount of $3,925,335.71;

    e.    **Fifth**, in the event there are residual profits remaining after the payments of all of the above in full, then some profits shall be distributed to SBA, the private limited partners and the general partner in accordance with applicable law, regulations and the terms of the limited partnership agreement of Zero Stage VI.

4.    The following claims are hereby **DENIED**:

    a.    the claim of William F. Shea, LLC;

    b.    the claim of Ronald Finlayson;

    c.    all amounts claimed by McNamara, Koenig & McCarthy, P.C.;

    d.    all other claims of ZSC that are not otherwise approved above.

5.    Any claimant who opposes this disposition of claims, is **ORDERED** to either file a Motion in Opposition, together with a Brief in Support of its Motion which sets forth the specific factual and legal grounds for its opposition, and a proposed Order, **within thirty (30) days** from the date of service of a copy of this Order by the Receiver on the claimant, or such claimant's claim shall be forever barred and deemed null and void, and such claimant shall be permanently enjoined from asserting, pursuing or prosecuting any such claim against Zero Stage

VI, the Receiver, their successors and assigns, or against assets or funds in possession of the Receiver.

6. The Receiver is hereby authorized to file a Brief in Rebuttal to any such Motion and Brief within thirty (30) days of receipt of such Motion and Brief.

7. The Court shall resolve any such opposition(s) on the basis of the claim documents previously submitted to the Receiver, the Receiver's Motion, Brief and Notice and Recommendation for Disposition and Priority of Claims, the claimant's Motion and Brief in opposition, and the Receiver's Rebuttal Brief, without hearing, unless the Court decides to order otherwise.

8. This Order shall become a Final Order thirty (30) days after service hereof by the Receiver with respect to any persons who do not timely file opposition papers, and all such persons, as well as all persons who failed to file timely claims pursuant to the Court's Order establishing the Claims Bar Date, shall be forever barred and permanently enjoined from asserting, pursuing or prosecuting any pre-Bar Date Claim (i.e., arising before January 20, 2006) against Zero Stage VI, the Receiver, their successors and assigns or assets or funds in the possession of the Receiver.

9. The Receiver shall serve copies of this Order on all claimants and parties of record via first class mail, postage pre-paid.

**SO ORDERED**

Dated this ____ day of _____, 2006          _____
                                                 HON. JOSEPH L. TAURO
                                                 United States District Judge