# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CIVIL CASE NO. 05-10887-JLT |
| Plaintiff, | ) | HON. JOSEPH L. TAURO |
| | ) | |
| v. | ) | |
| | ) | |
| ZERO STAGE CAPITAL VI, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## OPPOSITION TO RECEIVER'S MOTION FOR ENTRY OF AN ORDER APPROVING THE RECOMMENDATION FOR DISPOSITION OF CLAIMS RECEIVED IN RESPONSE TO CLAIMS BAR DATE

Zero Stage Capital Company, Inc. ("Zero Stage"), a creditor in the receivership (the "Receivership") of Zero Stage Capital VI, L.P. ("Fund VI"), by and through its undersigned attorneys, hereby opposes (the "Objection") the motion (the "Motion") of the United States Small Business Administration as receiver for Fund VI ("SBA" or the "Receiver") for an order approving the Receiver's recommendation for disposition of claims.  In support thereof, Zero Stage states as follows:

## INTRODUCTION

The Receiver, by its Motion (and through its proposed order), asks the Court to approve its proposed subordination and denial of Zero Stage's substantial claim without reciprocal discovery, without evidence and without a hearing.  Zero Stage filed its claim (the "Claim") in accordance with the Court's Bar Date Order, responded over the course of months to the Receiver's requests for documents and information, and was rebuffed at every turn as it submitted its own requests that the Receiver provide information relating to the Claim and requested a meeting with the Receiver.  The Receiver, having ignored Zero Stage's requests for information, now proposes to dispose of Zero Stage's Claim without even a semblance of due process.  Zero Stage respectfully submits that our system demands more.  Litigants must be

afforded the protections of the right to be heard by the trier of fact and the opportunity for discovery that makes that hearing meaningful. The Receiver's proposed order would eviscerate those basic protections. Zero Stage therefore requests that the Court deny in part the Receiver's Motion and modify the proposed order (the "Proposed Order") on the Receiver's Recommendation (defined below) so as to (1) delete so much of the Proposed Order as would provide for a prospective ruling affirming the Receiver's Recommendation prior to giving Zero Stage an opportunity to develop and present its case; (2) provide for reasonable and reciprocal discovery concerning the parties' disputes; and (3) schedule an evidentiary hearing before this Court prior to final resolution of the treatment of Zero Stage's Claim.

## BACKGROUND

**Fund VI and the Claim**

Zero Stage is the largest creditor of Fund VI. Fund VI was licensed by the SBA as a Small Business Investment Company on November 30, 1998. Zero Stage was the investment manager of Fund VI, and as such, provided investment management and related services to Fund VI. The management agreement between Fund VI and Zero Stage (the "Management Agreement") established a management fee to be paid to Zero Stage for its services, and also outlined the allocation of expenses to be borne by Fund VI and Zero Stage in connection with investment and management activities, respectively.

The Receivership commenced pursuant to a Consent Order of Receivership entered by this Court on May 4, 2005 (the "Receivership Date"). On January 20, 2006, Zero Stage timely submitted its Claim in accordance with the Notice to All Creditors or Claimants of Zero Stage Capital VI, L.P., which notice issued pursuant to the Court's Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date (the "Bar Date Order"). The Claim is attached as Exhibit H to the Receiver's Notice of Recommended Disposition and Priority of Claims Received in Response to the Claims Bar Date (the "Receiver's Recommendation"). The Claim totals $4,873.00.71, including amounts accrued before and after

the Receivership Date.  The Claim submission was accompanied by a detailed memorandum describing the components of the Claim and twenty-one supporting exhibits.

**The Receiver's Unreciprocated Demands for Information**

On February 15, 2006, the Receiver sent a letter to counsel to Zero Stage, a copy of which is attached as Exhibit I to the Receiver's Recommendation, that included twenty-one detailed questions and requests for further documentation in support of the Claim (the "Information Requests").  Zero Stage responded in full to the Information Requests on March 15, 2006, a copy of which response is attached as Exhibit J to the Receiver's Recommendation (the "March Response").  In the cover letter accompanying the March Response, Zero Stage asked that the Receiver advise it of the Receiver's position with respect to the Claim by a certain date and reiterated previous informal requests that SBA and Zero Stage representatives meet in person to discuss the Claim.  The Receiver continued to refuse to do so.

On April 5, 2006, having provided voluminous documents and information to the Receiver both before and subsequent to filing the Claim (but having received no information in return), Zero Stage sent an informal set of requests for information to the Receiver.  A copy of this request is attached to this Objection as Exhibit 1 (the "Zero Stage Requests").  The Zero Stage Requests repeated the request that the Receiver apprise Zero Stage of the Receiver's position with respect to a recommendation on the Claim, and again asked that SBA and Zero Stage representatives meet to discuss the Claim.  On April 13, 2006, the response – which was not a response at all – came in the form of a letter from counsel for the SBA's Office of SBIC Liquidation, a copy of which is attached hereto as Exhibit 2 (the "April Response").  The April Response noted that the Receiver was in the process of reviewing claims and that "[a]ll persons and entities who submitted claims will be advised of the Receiver's recommendations in due course and as appropriate under [the Bar Date Order]."  The one-page, four-paragraph April Response stated there was "no legal basis" for any of Zero Stage's requests for documents and made no reference to Zero Stage's requests for a meeting with SBA personnel to discuss the Claim.

The SBA filed the Receiver's Recommendation on November 2, 2006. If the Proposed Order to approve the Receiver's Recommendation were in fact approved, approximately $3.9 million of Zero Stage's Claim would be subordinated to (i) the administrative expenses of the Receivership, (ii) repayment of the SBA's "Participating Securities" and, provided there are no profits, (iii) the return of capital to Fund VI's private limited partners. Receiver's Recommendation at 2; Proposed Order ¶ 3. The remainder of Zero Stage's Claim would be denied. Receiver's Recommendation at 3; Proposed Order ¶ 4. The Receiver asks – without providing an opportunity for any response from Zero Stage or any other creditor – that the Court approve its recommendations *prior* to the creditors' having an opportunity to respond and be heard. Creditors would instead be limited under the Proposed Order to filing an objection essentially to "undo" what the Receiver wants done. Not only does the Receiver ask that its recommendation be blessed, but it asks that this adjudication also occur in the dark – with no discovery, no evidence, no hearing. *See* Proposed Order ¶ 7.

## OPPOSITION

### A.    The Receiver's Proposed Procedure Is Inconsistent with Fundamental Notions of Due Process.

"[U]nless the Court decides to order otherwise," Proposed Order ¶ 7, the Proposed Order on the Receiver's Recommendation would effect an impermissible pre-hearing deprivation of a property interest in violation of Zero Stage's due process rights. Without a hearing, Zero Stage will not be given a full and fair opportunity to develop and submit to this Court arguments in opposition to the Receiver's Recommendation and in support of its Claim. "The fundamental requisite of due process of law is the opportunity to be heard." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Fuentes v. Shevin*, 407 U.S. 67, 82 (1972) ("[T]he Court has traditionally insisted that, whatever its form, opportunity for that hearing must be provided before the deprivation at issue takes effect."). Without any opportunity for a hearing, the proposed disposition of Zero Stage's Claim is more extreme than what was struck down by the Supreme Court in the seminal due process cases of *Fuentes* and *Sniadach v. Family*

*Finance Corp.*, 395 U.S. 337 (1969), where the issue was whether deprivation could occur before or after a hearing. Each of these cases noted that "extraordinary situations" may exist that justify summary pre-hearing deprivations of property. *Fuentes*, 407 U.S. at 90; *Sniadach*, 395 U.S. at 339. But no situation – certainly not that presented by the Receivership – is so extraordinary as to provide for *no hearing at all* in the context of a domestic *in rem* proceeding.

The Receiver attempts to buttress its Proposed Order by reference to the order entered in an SBA receivership in the Rhode Island District Court, *United States v. Moneta Capital Corp.*, Civil No. 99-565L, a copy of which the Receiver attaches as Exhibit 1 to its Memorandum in Support of the Motion ("Memorandum"). That order does not bind this Court. Moreover, it appears that – unlike here – no party objected to the summary procedures proposed by the receiver in the *Moneta* receivership. *See* Excerpts from Civil Docket, a copy of which is attached hereto as Exhibit 3 (motion filed December 1, 2003; approval order entered December 19, 2003). In addition, the case the Receiver cites for the general proposition that the Court may establish bar date procedures, *Callahan v. Moneta Capital Corp.*, 415 F.3d 114 (1st Cir. 2005) (Memorandum at 3), notes that the Court *did* in fact conduct a hearing on objections to the order disposing of claims in the *Moneta* receivership, 415 F.3d at 119 – procedures which the Receiver does not propose here. Litigants (as Zero Stage and the Receiver surely are with respect to the Claim and the Receiver's Recommendation) deserve an opportunity to press their claims before the trier of fact and to introduce such testimony and evidence as may, consistent with the rules of evidence, support their positions. The Proposed Order would deny Zero Stage *any* hearing, let alone the full and fair hearing that due process requires.

**B.     The Receiver's Proposed Procedure Impermissibly Fails to Provide for Discovery.**

The effect of the Receiver's proposed treatment of Zero Stage's Claim is to commence a dispute that requires the development and presentation of evidence to achieve resolution. The consideration and adjudication of Zero Stage's Claim is akin to that introduced by a creditor in a bankruptcy proceeding: a claim is filed under a bar date order, objections may be lodged, and a

"contested matter" is created[1] that provides both the creditor and the objecting party the protections of the Federal Rules of Civil Procedure, as applied through the Federal Rules of Bankruptcy Procedure. *See also In Rockefeller Ctr. Props.*, 272 B.R. 524, 542 n.17 (Bankr. S.D.N.Y. 2000) ("A proof of claim is a special form of complaint against a debtor . . . ."); *In re Rockefeller Ctr. Props.*, 241 B.R. 804, 817 (Bankr. S.D.N.Y. 1999) ("Once an objection to a claim is made the court, after notice and a hearing, is to determine the amount of the claim. Once an objectant offers sufficient evidence . . ."). *See also* 11 U.S.C. §§ 501 (filing of proofs of claim) and 502 (allowance of claims and interests); Federal Rules of Bankruptcy Procedure 3001 (proofs of claim) and 9014 (contested matters proceed under Part VII, the discovery provisions).[2]

Far from providing for a process that is either open or fair, however, the Receiver has demanded (and been provided with) discovery from Zero Stage, has refused to reciprocate in any way, and now proposes resolution of Zero Stage's Claim with no discovery at all. Proposed Order ¶ 7. But disclosure is not the one-way street the Receiver's course of conduct would suggest. Zero Stage is entitled to basic document, written and testamentary discovery.[3]

The Receiver's proposed procedure – resolution based on "the claim documents . . . the Receiver's Motion, Brief and Notice and Recommendation . . . the claimant's Motion and Brief in opposition, and the Receiver's Rebuttal Brief" – would prevent the parties from developing and presenting (and the Court from reviewing) evidence in connection with the parties' disputes. Given, in particular, the utter lack of reciprocity with respect to discovery in connection with the Claim in this Receivership to date, the Receiver's proposal is fundamentally unfair and would be tantamount to summary judgment – but with only one party having the benefit of discovery.

---

[1] *See, e.g., In re Rockefeller Ctr. Props.*, 241 B.R. 804, 817 (Bankr. S.D.N.Y. 1999).

[2] While the Federal Rules of Bankruptcy Procedure do not apply directly here, by incorporating the Federal Rules of Civil Procedure (which do apply directly here), they import into Title 11 and its claims resolution procedures the fundamental protections afforded litigants in other federal courts. Nothing in the nature of these receivership proceedings operates to divest creditors or the Court of the open and fair process inherent to this forum.

[3] In addition to the documents that have been and will be requested by Zero Stage, limited depositions will be necessary, including the examination of individuals who took part in discussions about amounts owed to Zero Stage prior to the filing of its Claim.

Even in a pure motions-practice context, such a procedure would offend the rules and be susceptible to denial on Rule 56(f) grounds.[4]  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5 (1986) (Fed. R. Civ. P. 56(f) provides "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.").

As noted above, throughout the course of the Receivership, the SBA has ignored Zero Stage's repeated requests to discuss the Claim and the Receivership, or to permit limited discovery to proceed on an informal basis.  As the Claim, the March Response, and the Zero Stage Requests make abundantly clear, the issues of waiver of management fees and of entitlement to seek reimbursement for out-of-pocket expenses were the centerpiece of discussions with the SBA in the weeks and days leading up to the Receivership Date.  Zero Stage submits that while correspondence reflecting waiver and/or deferral was issuing from Zero Stage to the SBA, the SBA and its representatives made oral promises and representations regarding reimbursement of out-of-pocket expenses to Zero Stage.  The Receiver has had its turn.  Zero Stage deserves the chance to tell the other half of the story.  Discovery is required for it to do so.

---

[4]    "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."  Fed. R. Civ. P. 56(f).

## CONCLUSION

For the foregoing reasons, Zero Stage respectfully requests that the Court deny in part the Receiver's Motion and modify the Proposed Order so as to (i) delete so much of the Proposed Order as would provide for a prospective ruling affirming the Receiver's Recommendation prior to giving Zero Stage an opportunity to develop and present its case; (ii) provide for reasonable and reciprocal discovery concerning the parties' disputes; (iii) schedule an evidentiary hearing before this Court prior to final resolution of the treatment of Zero Stage's Claim; and (iv) order such other and further relief as is necessary and appropriate.

**ZERO STAGE CAPITAL
COMPANY, INC.,**

**By its attorneys,**


/s/  Jason L. Watkins
Donald K. Stern, BBO # 479420
Julia Frost-Davies, BBO # 630590
Jason L. Watkins, BBO # 658560
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA  02110
Tel:  (617) 951-8000
Fax:  617.951.8736

Dated:  November 15, 2006

LITDOCS/659362.2

## <u>CERTIFICATE OF SERVICE</u>

I, Jason L. Watkins, hereby certify that on this 15th day of November, 2006, I caused a copy of the foregoing document to be served on the following in the manner indicated:

**By first-class mail:**

Thomas W. Rigby, Esq.
Chief Counsel for SBIC Liquidation
Office of General Counsel, U.S. Small Business Administration
409 Third Street, S.W.
Washington, DC 20416
*Attorney for Plaintiff*

Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office, District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110
*Attorney for Plaintiff*

**By the Court's ECF system:**

Robert M. Duffy
Duffy & Sweeney
Suite 1200
One Turks Head Place
Providence, RI 02903
rduffy@duffysweeney.com
*Attorney for SBA as Receiver*

Charles A. Lovell
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
cal@psh.com
*Attorney for The Beacon
Mutual Insurance Company*

      /s/ Jason L. Watkins_____
      Jason L. Watkins

LITDOCS/659362.2

BINGHAM McCUTCHEN

Donald K. Stern
Direct Phone: (617) 951-8250
Direct Fax:    (617) 951-8736
donald.stern@bingham.com

April 5, 2006

**BY EMAIL AND FEDERAL EXPRESS**

Mr. Maurice J. Whalen
Principal Agent for the Receiver
U.S. Small Business Administration as Receiver
    for Zero Stage Capital VI, L.P.
666 Eleventh Street, NW, Suite 200
Washington, DC  20001

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

**Re:  *United States of America v. Zero Stage Capital VI, L.P.*
       Case No. 05-10887 (JLT), USDC for the District of Massachusetts**

Dear Mr. Whalen:

As you know, on March 15, 2006, Zero Stage Capital Company, Inc. ("Zero Stage") timely responded (the "Initial Response") to the information requests you propounded in your letter of February 15, 2006 (the "Information Requests").  In my letter accompanying the Initial Response, I informed you that Zero Stage approaches the Information Requests in a spirit of full cooperation, and trusts that the Receiver will proceed in like fashion in addressing Zero Stage's claim in the Zero Stage Capital VI, L.P. ("Fund VI") receivership (the "Zero Stage Claim").

Accordingly, this letter contains Zero Stage's requests for information directed at the Receiver (the "Zero Stage Requests").  As noted in my previous letter, we ask that you advise us of the Receiver's position with respect to the Zero Stage Claim within 30 days of the Initial Response, i.e., April 14, 2006.  Should you be inclined to recommend any course of action other than full allowance of the Zero Stage Claim, we ask that you respond to the Zero Stage Requests within 45 days of this letter, i.e., **May 20, 2006**.  We then ask that you, Thomas G. Morris of the SBA, and any other appropriate SBA representative meet with Zero Stage representatives within 20 days of the Receiver's response to the Zero Stage Requests.  As I also mentioned in my letter of March 15, we would be glad to host such a meeting at our offices in Washington, D.C.

Thank you in advance for your cooperation.

\*  \*  \*  \*  \*

Maurice J. Whalen
April 5, 2006
Page 2

### Zero Stage Requests

For the purposes of these requests, the term "documents" includes, without limitation, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Zero Stage Claim and Claim Memorandum submitted to the SBA as Receiver on January 19, 2006.

Bingham McCutchen LLP
bingham.com

1.    All documents evidencing, constituting, relating to or referring to the Zero Stage Claim.

2.    All documents evidencing, constituting, relating to or referring to the treatment or proposed treatment of the Zero Stage Claim, from October 31, 2003 to date.

3.    All documents evidencing, constituting, relating to or referring to Management Fees and Zero Stage's out-of-pocket expenses incurred in connection with managing Fund VI, including, but not limited to, payment or reimbursement of such fees and expenses.

4.    All documents evidencing, constituting, relating to or referring to communications regarding Fund VI (i) between Thomas G. Morris of the SBA and any other SBA personnel representatives or agents, on the one hand, and Zero Stage employees, representatives or agents, on the other, and (ii) between and among Thomas G. Morris and any other SBA personnel, representatives or agents.

5.    All documents relating or referring to the Partnership Agreement and the Management Agreement, including, without limitation, documents (i) to and from SBA personnel, representatives and agents, and (ii) to and from SBA personnel, representatives or agents, on the one hand, and Zero Stage employees, representatives or agents, on the other.

6.    All documents evidencing, constituting, relating to or referring to approval of the Management Agreement in accordance with 13 CFR § 107.510, including,

---

[1] See Rule 34(a) of the Federal Rules of Civil Procedure for the source of this definition.

Maurice J. Whalen
April 5, 2006
Page 3

without limitation, documents (i) to and from SBA personnel, representatives and agents, and (ii) to and from SBA personnel, representatives or agents, on the one hand, and Zero Stage employees, representatives or agents, on the other.

7.     All documents evidencing, constituting, relating to or referring to SBA procedures, practices and policies (including, without limitation, internal directives and memoranda) regarding payment or reimbursement, as the case may be, of management fees and expenses of management companies performing services for SBIC funds.

8.     All documents evidencing, constituting, relating to or referring to SBA procedures, practices and policies (including, without limitation, internal directives and memoranda) regarding treatment by the SBA, as receiver, of the claims of companies managing or previously managing SBIC licensees in receivership.

9.     All documents – including, without limitation, preliminary drafts, documents to and from SBA personnel, representatives and agents, and documents to and from any person not directly affiliated with the SBA by employment, representation or agency – (i) relating or referring to section 3.09 of the Model Participating Security SBIC, L.P. Version 2.0 (SBA Model Form of Agreement of Limited Partnership for an SBIC Issuing Participating Securities) (the "Model Agreement"), and (ii) evidencing, constituting, relating to or referring to any form of agreement which preceded the Model Agreement as guidance for SBIC license applicants.

10.     All documents evidencing, constituting, relating to or referring to Zero Stage's management of Fund VI during the transition to receivership and since the Receivership Date, including, but not limited to, the period from March 4, 2005 to date.

11.     All documents relating or referring to the April 2005 Letter, including, without limitation, documents (i) to and from SBA personnel, representatives and agents, and (ii) to and from SBA personnel, representatives or agents, on the one hand, and Zero Stage employees, representatives or agents, on the other.

12.     All documents supporting or refuting your assertion in the Information Requests that there exist or existed "material deficiencies caused by [Zero Stage] in its performance under the terms of the Fund VI [M]anagement Agreement", including, without limitation, all documents supporting or refuting any assertion that such "material deficiencies" affected the financial performance of Fund VI.

Bingham McCutchen LLP
bingham.com

Maurice J. Whalen
April 5, 2006
Page 4

13.    All documents constituting, evidencing, relating to or referring to Fund VI's assets as of May 4, 2005 and March 31, 2006, including, without limitation, the value or estimated value of equity and other interests in Fund VI's portfolio company investments, presented on a company-by-company basis.

14.    All documents constituting, evidencing, relating to or referring to claims other than the Zero Stage Claim in the Fund VI receivership, including, but not limited to, the treatment, proposed treatment, resolution or settlement of such claims, and, where resolved or settled, the terms of such resolution or settlement.

Bingham McCutchen LLP
bingham.com

\*  \*  \*  \*  \*

Please do not hesitate to call me should you have any questions.

Very truly yours,

Donald K. Stern

cc:    Mr. Paul M. Kelley
       Theodore J. Tedeschi, Esq.
       John L. Koenig, Esq.
       Julia Frost-Davies, Esq.



**RECEIVED**

APR 1 8 2006

BINGHAM McCUTCHEN LLP

UNITED STATES SMALL BUSINESS ADMINISTRATION
409 THIRD STREET, S.W.
WASHINGTON, D.C. 20416

Office of General Counsel

As Receiver for Zero Stage Capital VI, L.P.

April 13, 2006

**VIA U.S. POST**

Donald K. Stern, Esq.
Bingham McCutchen, LLP
150 Federal Street
Boston, MA 02110-1726

Re:    Zero Stage Capital VI, in Receivership, C.A. No. 05-10887 (D. Mass.)

Dear Mr. Stern:

Your letter to Maurice Whalen dated April 5, 2006 has been forwarded to me.  I am an attorney for SBA as Receiver (the "Receiver") of Zero Stage Capital VI, L.P., a licensee of the U.S. Small Business Administration.  A copy of the Order appointing SBA the Receiver is enclosed for your convenience.

The Receiver is reviewing claims from a number persons and entities pursuant to an Order of the Court Approving the Form of Notice to Claimants and Establishing a Claims Bar Date.  A copy of that Order is also enclosed.  All persons and entities who submitted claims will be advised of the Receiver's recommendations in due course and as appropriate under that Order.

I also understand that you are requesting documents from the Receiver.  There is no legal basis for those requests.  In addition, even a cursory review reveals that they are unduly burdensome and seek privileged information and documents.

Please do not hesitate to contact me with any questions at (202) 619-1610.

Very truly yours,

Thomas W. Rigby
Chief Counsel for SBIC Liquidation

cc:    Maurice Whalen (w/o encl.)
       Stacey Nakasian, Esq. (w/o encl.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,      §
                               §   15  10887  JLT
                  Plaintiff,   §
                               §
v.                             §   Civil Case No.          **RECEIVED**
                               §
ZERO STAGE CAPITAL VI, L.P.    §   Receivership Order      APR 1 8 2006
                               §
                  Defendant.   §                           **BINGHAM McCUTCHEN LLP**
                               §

## CONSENT ORDER OF RECEIVERSHIP

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      Pursuant to the provisions 15 U.S.C. § 687c, this Court hereby takes

exclusive jurisdiction of Zero Stage Capital VI, L.P. ("Zero Stage VI"), and all of its

assets and property, of whatever kind and wherever located, and the United States Small

Business Administration ("SBA") is hereby appointed Receiver (the "Receiver") of

ZERO STAGE VI to serve without bond until further order of this Court.  The Receiver

is appointed for the purpose of marshaling and liquidating all of ZERO STAGE VI's

assets and satisfying the claims of creditors therefrom in the order of priority as

determined by this Court.

2.      The Receiver shall have all powers, authorities, rights and privileges

heretofore possessed by the officers, directors, managers and general and limited partners

of ZERO STAGE VI under applicable state and federal law, by the Limited Partnership

Agreement, and By-Laws of said limited partnership, in addition to all powers and

authority of a receiver at equity, and all powers and authority conferred upon the

Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees,

directors, officers, managers, employees, investment advisors, accountants, attorneys and

other agents of ZERO STAGE VI are hereby dismissed and the powers of any general

partners are hereby suspended during the pendency of the receivership. Such persons and

entities shall have no authority with respect to ZERO STAGE VI's operations or assets,

except to the extent as may hereafter be expressly granted by the Receiver. The Receiver

shall assume and control the operation of ZERO STAGE VI and shall pursue and

preserve all of its claims.

3.     The Receiver is entitled to take immediate possession of all assets, bank

accounts or other financial accounts, books and records and all other documents or

instruments relating to ZERO STAGE VI. The past and/or present officers, directors,

agents, managers, general and limited partners, trustees, attorneys, accountants, and

employees of ZERO STAGE VI, as well as all those acting in their place, are hereby

ordered and directed to turn over to the Receiver forthwith all books, records, documents,

accounts and all other instruments and papers of and relating to ZERO STAGE VI and all

of ZERO STAGE VI's assets and all other assets and property of the limited partnership,

whether real or personal. ZERO STAGE VI's general partner, Zero Stage Capital

Associates VI, LLC, shall furnish a written statement within five (5) days after the entry

of this Order, listing the identity, location and estimated value of all assets of ZERO

STAGE VI, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of ZERO STAGE VI, as well as the names, addresses and amounts of claims of all known creditors of ZERO STAGE VI. Within thirty (30) days following the entry of this Order, Zero Stage Capital Associates VI, LLC shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of ZERO STAGE VI are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of ZERO STAGE VI, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to ZERO STAGE VI shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if ZERO STAGE VI had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of ZERO STAGE VI, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the

**Receivership Order – Page 3**

Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6.     ZERO STAGE VI's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of ZERO STAGE VI, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to ZERO STAGE VI. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

**Receivership Order – Page 4**

7.     The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving ZERO STAGE VI or any assets of ZERO STAGE VI, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving ZERO STAGE VI, the Receiver, or any of ZERO STAGE VI's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving ZERO STAGE VI or any assets of ZERO STAGE VI, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving ZERO STAGE VI, the Receiver, or any of ZERO STAGE VI's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of ZERO

STAGE VI against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8.     ZERO STAGE VI and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of ZERO STAGE VI to the detriment of ZERO STAGE VI or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 *et. seq.*, or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. § 107.1 *et. seq.*

9.     The Receiver is authorized to borrow on behalf of ZERO STAGE VI, from the SBA, up to $3,000,000.00 and is authorized to cause ZERO STAGE VI to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue.  Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of ZERO STAGE VI, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of ZERO STAGE VI.

Receivership Order – Page 6

10.    This Court determines and adjudicates that ZERO STAGE VI has violated the Act and the Regulations, as alleged in the Complaint filed against ZERO STAGE VI in the instant action.  After the foregoing activities are completed, the Receiver may submit a report to the Court recommending that ZERO STAGE VI's SBIC license be revoked.

SO ORDERED this _4_ day of _MAY_, 2005.

_____
U.S. District Court Judge

Presented by:

_____
Thomas W. Rigby
Va. Bar No. 34663, D.C. Bar No. 463532
Chief Counsel for SBIC Liquidation
Office of General Counsel, U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone: 202.619.1610
Facsimile: 202.481.5866
Attorney for the Plaintiff

MICHAEL J. SULLIVAN
United States Attorney

By: _____
RAYFORD A. FARQUHAR
Assistant U.S. Attorney
U.S. Attorney's Office, District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110
Telephone: 617.748.3284
Facsimile:  617.748.3967
Attorney for Plaintiff

**Receivership Order – Page 7**

**THIS RECEIVERSHIP ORDER SEEN, STIPULATED AND AGREED BY**
**Zero Stage Capital VI, LP, through its authorized representative**

By: _Paul M. Kelley_

Title: _Managing Member_          Date: _4/25/05_

Zero Stage Capital Associates VI, LLC
General Partner of Zero Stage Capital VI, L.P.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. |
| | ) | 05 10887-JLT |
| Plaintiff, | ) | HON. JOSEPH L. TAURO |
| | ) | |
| v. | ) | |
| | ) | |
| ZERO STAGE CAPITAL VI, L.P. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER APPROVING THE FORM AND MANNER OF NOTICE TO CLAIMANTS AND ESTABLISHING A CLAIMS BAR DATE

Upon full consideration of the Motion of the U.S. Small Business Administration as Receiver ("Receiver") for Zero Stage Capital VI, L.P. ("Zero Stage VI") for an Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date, and this Court being duly advised as to the merits,

IT IS HEREBY ORDERED THAT:

1.    The Receiver's Motion for entry of an Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date is GRANTED;

2.    Following the entry of this Order, the Receiver is ORDERED to send notice, substantially in the form set forth as Exhibit "A" hereto, via first-class mail, postage prepaid, to those persons or entities, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver, which the Receiver has reason to believe are creditors, agents, former directors or officers, employees, partners, participant investors or lenders with Zero Stage VI, portfolio concerns or limited

partners of Zero Stage VI, or their representatives, and to any other persons or entities who have, during the term of the receivership, asserted a claim (of whatever kind or merit) against Zero Stage VI, the receivership estate, or assets or funds in the possession of the Receiver;

3.      The Receiver is further ORDERED to publish notice, substantially in the form set forth in Exhibit "A" hereto, once each week for two weeks in *The Boston Herald*, a newspaper of general circulation;

4.      This Court finds that notice provided in the form and manner described in Paragraphs 2 and 3 of this Order is reasonable notice, under the circumstances, to persons or entities who may have claims against Zero Stage VI, the receivership estate, or assets or funds in the possession of the Receiver;

5.      All persons or entities having claims against Zero Stage VI, or the receivership estate, or assets or funds in the possession of the Receiver, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver, are ORDERED to file such claims in writing and in the form prescribed in paragraph 6 of this Order, with the Receiver, c/o Maurice J. Whalen, Principal Agent for SBA, Receiver for Zero Stage Capital VI, L.P., 666 11th Street, N.W., Suite 200, Washington, D.C. 20001, within thirty (30) days of the last day of notice by publication, which date will be stated in the mailed and published notices;

6.      In setting forth a claim against Zero Stage VI, the receivership estate or assets or funds in the possession of the Receiver, all persons and entities are ORDERED to state in writing: (1) the full name and address and telephone number of the claimant; (2) the amount of the claim; (3) the specific grounds for each claim; and (4) the date on which the obligation was allegedly incurred by Zero Stage VI; and (5) to provide at the time of filing such written claims

any and all documents or other materials which the claimant believes supports the claim or might

assist the Receiver in evaluating the claim;

7.    In the event that the Receiver recommends denial of any claim, it is ORDERED

that the Receiver is authorized and directed to move for summary disposition of said claim(s)

and to furnish a copy of the moving papers to the claimant(s); in such case the claimant may

respond within 30 days, serving a copy of its response on the Receiver, and the Court will

resolve said claim(s) expeditiously through a summary procedure that the Court will determine at

that time; and

8.    To give effect to the "claims bar date" established in Paragraph 5 of this Order, by

which date claims must be filed or shall forever be barred, it is further ORDERED that any

persons or entities, other than the U.S. Small Business Administration and parties contracted or

retained by the U.S. Small Business Administration as Receiver, which fail to file a claim against

Zero Stage VI, the receivership estate, or assets or funds in the possession of the Receiver, in the

form and by the time and date required by this Order, shall be forever barred and permanently

enjoined from asserting, pursuing or prosecuting any such claims, of any kind or nature, whether

now known or unknown, against Zero Stage VI, its Receiver, their successors or assigns, or

against assets or funds in the possession of the Receiver.

SO ORDERED: This _4_day of _NOV._ 2005, in Boston, Massachusetts.

_____
HONORABLE JOSEPH L. TAURO
United States District Judge

Copies To:

Robert M. Duffy
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI  02903
Telephone:     (401) 455-0700
Facsimile :     (401) 455-0701

Thomas W. Rigby
VA. Bar No. 34663
D.C. Bar No. 463532
Chief Counsel For SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416
Telephone: (202) 619-1610
Facsimile: (202) 481-5866

Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P.
666 11th Street, N.W., Suite 200
Washington, D.C. 20001-4542
Telephone:     (202) 638-0902
Facsimile:     (202) 504-2247

Michael J. Sullivan
United States Attorney
c/o Raymond Ford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

## NOTICE TO ALL CREDITORS OR CLAIMANTS OF
## ZERO STAGE CAPITAL VI, L.P.

By Order of the U.S. District Court for the District of Massachusetts, dated _____, persons or entities who wish to assert a claim against Zero Stage Capital VI, L.P. ("Zero Stage VI") must do so by filing a written claim with the Receiver on or before [date thirty (30) days after last date of notice by publication]. All previously submitted claims against Zero Stage VI or its Receiver must be resubmitted in accordance with this Notice.

Zero Stage VI, a Massachusetts limited partnership, is a Small Business Investment Company ("SBIC") licensed by the U.S. Small Business Administration ("SBA"). Zero Stage VI has been in receivership since May 4, 2005 by Order of the Court identified above, entered in Civil Action No. 05 10887JLT, U.S.A. v. Zero Stage Capital VI, L.P.

Any person or entity asserting a claim against Zero Stage VI or assets or funds in the hands of the Receiver, must do so in writing, and forward such claim to

> SBA, Receiver for Zero Stage Capital VI, L.P.
> Attention: Maurice J. Whalen, Principal Agent
> 666 11th Street, N.W., Suite 200
> Washington, D.C. 20001-4542

Claims must be received no later than 5:00 p.m. E.S.T., [date thirty (30) days after last date of notice by publication].

Your claim must state: (1) the full name, address and telephone number of the claimant; (2) the amount of the claim; (3) the specific grounds for each claim; (4) the date on which the obligation was allegedly incurred by Zero Stage VI or the Receiver; and (5) must attach all other documents or materials which support the claim, or which the Receiver might require in evaluating the claim. If you fail to provide any of the specified information, your claim will be deemed incomplete and untimely.

Failure to present a complete and timely claim to the Receiver on or before (Date) will result in your claim being forever barred and you will not thereafter be able to make a claim against Zero Stage VI or any other assets or funds in the possession of the Receiver.

> U.S. SMALL BUSINESS ADMINISTRATION
> as Receiver for Zero Stage Capital VI, L.P.

**EXHIBIT A**

DLM

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: 1:99-cv-00565-L-DLM

United States, et al v. Moneta Capital Corp.
Assigned to: Judge Ronald R Lagueux
Referred to: Magistrate Judge David L. Martin
Demand: $0
Cause: 15:631 Small Business Act

Date Filed: 11/15/1999
Jury Demand: Defendant
Nature of Suit: 190 Contract: Other
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**United States**

represented by **Arlene Embrey**
Small Business Administration
409 3rd Street, S.W. 7th Floor
Washington, DC 20416
(202)205(6976)
Email: arlene.embrey@sba.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eugenia M. Carris**
U.S. Attorney's Office
United States Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3100
Fax: 748-3965
Email: eugenia.carris@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**H. Marc Tepper**
Buchanan Ingersoll, P.C.
1835 Market Street
14th Floor
Philadelphia, PA 19103-2985
215-665-3864
Fax: 665-8760
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Brenner**
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
454-1000

| 10/20/2003 | | Motion(s) referred to Judge Lagueux: [259-1] motion for entry of an order approving and confirming the third Receiver's report for the period of 6/1/02 through May 31, 2003 (Gilfillan, B) (Entered: 10/20/2003) |
| 10/20/2003 | | Motion hearing before Judge Lagueux re: [264-1] motion to file claim out of time and memo in support thereof at 2:00 10/31/03 (Gilfillan, B) (Entered: 10/20/2003) |
| 10/20/2003 | | Motion(s) referred to Judge Lagueux: [264-1] motion to file claim out of time and memo in support thereof (Gilfillan, B) (Entered: 10/20/2003) |
| 10/23/2003 | 268 | ORDER granting [254-1] motion to lift stay for Wallace Capital Corp. forwarded to attorneys ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 10/23/2003) |
| 10/23/2003 | 269 | ORDER granting [262-1] order ( signed by Judge William E. Smith ) mailed to counsel of record. (Baldinelli, D) (Entered: 10/23/2003) |
| 10/31/2003 | 270 | Minute entry: motions heard 10/31/03 (Webb, J) (Entered: 10/31/2003) |
| 10/31/2003 | | Motion hearing re: [244-1] motion for an order lifting the Judicial Stay for a limited purpose.GRANTED Motion hearing held Court Reporter Anne Clayton. Atty.for Gov't T. Rigby, A. Embrey. Atty. Kilberg Wm. Delaney (Webb, J) (Entered: 10/31/2003) |
| 11/04/2003 | 271 | ORDER granting [259-1] motion for entry of an order approving and confirming the third Receiver's report for the period of 6/1/02 through May 31, 2003 forwarded to attorneys( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 11/04/2003) |
| 11/05/2003 | 272 | ORDER denying [264-1] motion to file claim out of time and memo in support thereof by Northeast Capital- forwarded to attorneys ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 11/06/2003) |
| 11/06/2003 | 273 | ORDER granting [244-1] motion for an order lifting the Judicial Stay for a limited purpose. - forwarded to attorneys ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 11/06/2003) |
| 11/12/2003 | | Pro Hac vice fee $100. 00 for Attorney Marc Tepper; receipt no. 55621; for this case and 00-35 (Gilfillan, B) (Entered: 11/12/2003) |
| 12/01/2003 | 274 | MOTION and MEMORANDUM by Small Business Adm. for an order approving the receiver's recommended disposition of claims, authorizing payment of approved claims and establishing summary disposition procedure and priority of claims (Webb, J) (Entered: 12/02/2003) |
| 12/02/2003 | 275 | MOTION with memorandum by Small Business Adm. to Expedite hearing with respect to the Joint Motion for an Order Lifting the Judicial Stay for a limited purpose (Barletta, B) (Entered: 12/02/2003) |
| 12/02/2003 | 276 | JOINT MOTION by Small Business Adm. and Joseph Ferrucci as receiver of Governor Financial Center for an order lifting the judicial stay for limited purpose (Barletta, B) (Entered: 12/02/2003) |
| 12/03/2003 | 277 | ORDER granting [275-1] motion to Expedite hearing with respect to the |

| | | Joint Motion for an Order Lifting the Judicial Stay for a limited purpose ( signed by Judge Ronald R. Lagueux ) faxed to all counsel of record (Saucier, M) (Entered: 12/03/2003) |
|---|---|---|
| 12/03/2003 | | Motion hearing re: [276-1] joint motion for an order lifting the judicial stay for limited purpose at 10:00 12/5/03 before Judge Ronald Lagueux (Saucier, M) (Entered: 12/03/2003) |
| 12/05/2003 | 278 | ORDER granting [276-1] joint motion for an order lifting the judicial stay for limited purpose ( signed by Judge Ronald R. Lagueux ) forwarded to all counsel of record (Saucier, M) (Entered: 12/05/2003) |
| 12/05/2003 | | Motion hearing Held Before J. Lagueuxre: [276-1] joint motion for an order lifting the judicial stay for limited purpose, [275-1] motion to Expedite hearing with respect to the Joint Motion for an Order Lifting the Judicial Stay for a limited purpose Atty for SBA Thomas Carlotta, atty for Governor Financial Center (receiver) Joseph Ferrucci. Court reporter Anne Clayton. Motions granted. order signed attys received cert. copies (Webb, J) (Entered: 12/05/2003) |
| 12/05/2003 | 279 | Minute entry: hearing re: motion to lift judicial stay. heard 12/5/03 (Webb, J) (Entered: 12/05/2003) |
| 12/18/2003 | | Motion(s) referred to Judge Lagueux: [274-1] motion for an order approving the receiver's recommended disposition of claims, authorizing payment of approved claims and establishing summary disposition procedure and priority of claims (Saucier, M) (Entered: 12/18/2003) |
| 12/19/2003 | 280 | ORDER granting [274-1] motion for an order approving the receiver's recommended disposition of claims, authorizing payment of approved claims and establishing summary disposition procedure and priority of claims ( signed by Judge Ronald R. Lagueux ) forwarded to all counsel of record (Saucier, M) (Entered: 12/22/2003) |
| 01/16/2004 | 281 | ENTRY of appearance for James C. Callahan, Francis DiMento, Rita DiMento, Henry D. Vara by Mark A. Fay (Gilfillan, B) (Entered: 01/16/2004) |
| 01/16/2004 | 282 | MOTION by James C. Callahan, Francis DiMento, Rita DiMento, Henry D. Vara to Enlarge Time witin which to file a Motion in Opposition to Receiver's recommended dispositio of claims (Gilfillan, B) (Entered: 01/16/2004) |
| 01/21/2004 | 283 | MOTION and MEMO by United States for an order granting leave to proceed with a private sale (Gilfillan, B) (Entered: 01/22/2004) |
| 01/22/2004 | 284 | CERTIFICATE OF SERVICE for the order approving the receiver's recommended dispostion of claims, authorizing payment of approved claims and establishing summary disposition procedure by United States (Gilfillan, B) (Entered: 01/23/2004) |
| 01/22/2004 | 285 | MOTION by Moneta Capital Corp. for William Delaney and Tillinghast Licht Perkins Smith and Cohen to Withdraw as Attorney (Gilfillan, B) (Entered: 01/23/2004) |

| 01/26/2004 | 286 | LIMITED OBJECTION by United States to [285-1] motion for William Delaney and Tillinghast Licht Perkins Smith and Cohen to Withdraw as Attorney (Gilfillan, B) (Entered: 01/28/2004) |
| 01/27/2004 | | Motion(s) referred to Judge Lagueux: [285-1] motion for William Delaney and Tillinghast Licht Perkins Smith and Cohen to Withdraw as Attorney (Gilfillan, B) (Entered: 01/27/2004) |
| 02/03/2004 | 287 | ORDER granting [282-1] motion to Enlarge Time witin which to file a Motion in Opposition to Receiver's recommended dispositio of claims (to 2/19/04 - granted Rule of court - no objection being filed - forwarded to attorneys) (Gilfillan, B) (Entered: 02/03/2004) |
| 02/05/2004 | | Motion(s) referred to Judge Lagueux: [283-1] motion for an order granting leave to proceed with a private sale (Gilfillan, B) (Entered: 02/05/2004) |
| 02/05/2004 | 288 | ORDER granting [283-1] motion for an order granting leave to proceed with a private sale; confirmation hearing to be held 4/7/04 at 10:00 am - forwarded to attorneys ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 02/06/2004) |
| 02/06/2004 | | Motion hearing re: [285-1] motion for William Delaney and Tillinghast Licht Perkins Smith and Cohen to Withdraw as Attorney at 2:00 3/17/04 before Judge Lagueux (Gilfillan, B) (Entered: 02/06/2004) |
| 02/06/2004 | | Motion(s) referred to Judge Lagueux: [285-1] motion for William Delaney and Tillinghast Licht Perkins Smith and Cohen to Withdraw as Attorney (Gilfillan, B) (Entered: 02/06/2004) |
| 02/06/2004 | | Civil Hearing re: Confirmation of private date on 4/7/04 at 10:00 am in Courtroom 4 - before Judge Ronald R. Lagueux (Gilfillan, B) (Entered: 02/06/2004) |
| 02/19/2004 | 290 | RESPONSE and MEMO by Nancy Troy Lovett in opposition to [280-1] order dated 12/19/03 (Gilfillan, B) (Entered: 02/20/2004) |
| 02/20/2004 | 289 | MOTION and MEMO by Nancy Troy Lovett to Exceed Page Limit for filing exhibits in support of objection to Order dated 12/19/03 (Gilfillan, B) (Entered: 02/20/2004) |
| 02/20/2004 | | Motion(s) referred to Judge Lagueux: [289-1] motion to Exceed Page Limit for filing exhibits in support of objection to Order dated 12/19/03 (Gilfillan, B) (Entered: 02/20/2004) |
| 02/23/2004 | 291 | RESPONSE by James C. Callahan, Francis DiMento, Rita DiMento, Henry D. Vara in opposition to [280-1] Judge's order (Gilfillan, B) (Entered: 02/23/2004) |
| 02/23/2004 | 292 | MOTION and MEMO by Claimant, Richmond Square Capital Corp to Enlarge Time for filing an objection to Court's Order dated 12/19/04 (Gilfillan, B) (Entered: 02/23/2004) |
| 02/24/2004 | 293 | ORDER granting [289-1] motion to Exceed Page Limit for filing exhibits |

| | | in support of objection to Order dated 12/19/03 - forwarded to attorneys ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 02/24/2004) |
|---|---|---|
| 02/25/2004 | | Confirmation hearing set for 1:30 4/7/04 Before Judge Ronald R. Lagueux (Gilfillan, B) (Entered: 02/25/2004) |
| 03/11/2004 | 294 | REPLY MEMORANDUM by United States in opposition to [290-1] Lovett's opposition to Order recommending dispositio of claims (Gilfillan, B) (Entered: 03/12/2004) |
| 03/12/2004 | | Motion(s) referred to Judge: [292-1] motion by Claimant, Richmond Square Capital Corp to Enlarge Time for filing an objection to Court's Order dated 12/19/04, [285-1] motion for William Delaney and Tillinghast Licht Perkins Smith and Cohen to Withdraw as Attorney (Gilfillan, B) (Entered: 03/12/2004) |
| 03/12/2004 | 295 | RESPONSE by Richmond Square Cap. in opposition to [280-1] order disposing of certain claims (Gilfillan, B) (Entered: 03/15/2004) |
| 03/17/2004 | 296 | ORDER granting [292-1] motion by Claimant, Richmond Square Capital Corp to Enlarge Time for filing an objection to Court's Order dated 12/19/04 - forwarded to attorneys ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 03/17/2004) |
| 03/17/2004 | 297 | MOTION by United States to Exceed Page Limit for Appendices and/or exhibits in support of objection to court order re: disposition of claims (Gilfillan, B) (Entered: 03/17/2004) |
| 03/17/2004 | | Motion(s) referred to Judge Lagueux: [297-1] motion to Exceed Page Limit for Appendices and/or exhibits in support of objection to court order re: disposition of claims (Gilfillan, B) (Entered: 03/17/2004) |
| 03/17/2004 | 298 | REPLY MEMORANDUM by United States in opposition to Callahan, DiMento and Vara [291-1] opposition response to order regarding dispositions of claims (Gilfillan, B) (Entered: 03/17/2004) |
| 03/17/2004 | | Motion hearing re: [285-1] motion for William Delaney and Tillinghast Licht Perkins Smith and Cohen to Withdraw as Attorney Motion hearing held Before Judge Lagueux, COURT REPORTER Anne Clayton. Attys for Plaintiffs. Christine Bush, Christine DeRosa and Lisa Dinerman. Atty for Kilbergs William Delaney. Motion Granted attorney Delaney to prepare orders for each related case. (Webb, J) (Entered: 03/19/2004) |
| 03/17/2004 | 301 | Minute entry: regarding atty. Wm. Delaney's motion to withdraw as counsel (Webb, J) (Entered: 03/22/2004) |
| 03/18/2004 | 299 | MOTION and MEMO by United States to Continue confirmation hearing (Gilfillan, B) (Entered: 03/18/2004) |
| 03/18/2004 | | Motion(s) referred to Judge Lagueux: [299-1] motion to Continue confirmation hearing (Gilfillan, B) (Entered: 03/18/2004) |
| 03/18/2004 | 300 | ORDER granting [299-1] motion to Continue confirmation hearing to |

| | | 5/18/04 at 10:00 am - forwarded to attorneys ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 03/18/2004) |
|---|---|---|
| 03/18/2004 | | Confirmation hearing set for 10:00 5/18/04 Before Judge Ronald R. Lagueux (Gilfillan, B) (Entered: 03/18/2004) |
| 04/05/2004 | 302 | REPLY MEMORANDUM by United States in opposition to [295-1] Richmond Square Capital Corp opposition response to order approving receiver's recommended dispositio of claims (Gilfillan, B) (Entered: 04/06/2004) |
| 04/07/2004 | 303 | ORDER granting [297-1] motion to Exceed Page Limit for Appendices and/or exhibits in support of objection to court order re: disposition of claims - forwarded to attorneys ( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 04/07/2004) |
| 04/08/2004 | | Evidentiary hearing set at 10:00 5/27/04 Before Judge Ronald R. Lagueux - Re: Disposition of claims (Gilfillan, B) (Entered: 04/08/2004) |
| 04/14/2004 | 304 | ORDER granting [285-1] motion for William Delaney and Tillinghast Licht Perkins Smith and Cohen to Withdraw as Attorney (Terminated William Delaney for Arnold Kilbert and the Kilbert Entities - forwarded to attorneys -( signed by Judge Ronald R. Lagueux ) (Gilfillan, B) (Entered: 04/14/2004) |
| 04/20/2004 | 305 | ENTRY of appearance by Joseph M. DiOrio Chapter 11 Trustee in the bankruptcy matter of Arnold Kilberg and Peter A. Frazier as Attorney for Chapter 11 trustee (Gilfillan, B) (Entered: 04/20/2004) |
| 04/20/2004 | 306 | SUGGESTION OF BANKRUPTCY by Joseph M. DiOrio as to Arnold Kilberg (Gilfillan, B) (Entered: 04/20/2004) |
| 04/23/2004 | 307 | ORDER granting [306-1] miscellaneous Suggestion of Bankruptcy. forwarded to attorneys ( signed by Judge Ronald R. Lagueux ) (Webb, J) Modified on 05/14/2004 (Entered: 04/23/2004) |
| 04/28/2004 | 308 | MOTION and Memo by Small Business Adm. For CONFIRMATION Of Private Sale of Real Property AND for Cancellation of the Confirmation Hearing set for 5/18/04 (Fernandes, D) (Entered: 04/28/2004) |
| 05/03/2004 | | Motion(s) referred to Judge Lagueux: [308-1] motion For CONFIRMATION Of Private Sale of Real Property, [308-2] motion for Cancellation of the Confirmation Hearing set for 5/18/04 (Gilfillan, B) (Entered: 05/03/2004) |
| 05/13/2004 | 309 | ORDER granting [308-1] motion For CONFIRMATION Of Private Sale of Real Property, granting [308-2] motion for Cancellation of the Confirmation Hearing set for 5/18/04 ( signed by Judge Ronald R. Lagueux ) - forwarded to attorneys (Gilfillan, B) (Entered: 05/13/2004) |
| 05/21/2004 | 310 | MOTION by United States to Exceed Page Limit for exhibits in support of a motion for approval and confirmation of private sale (Gilfillan, B) (Entered: 05/21/2004) |
| | | |

| 05/21/2004 | | Motion(s) referred to Judge Lagueux: [310-1] motion to Exceed Page Limit for exhibits in support oof a mtion for approval and confirmation of private sale (Gilfillan, B) (Entered: 05/21/2004) |
|---|---|---|
| 05/25/2004 | 311 | ORDER granting [310-1] motion to Exceed Page Limit for exhibits in support of a motion for approval and confirmation of private sale ( signed by Judge Ronald R. Lagueux ) - forwarded to attorneys (Gilfillan, B) (Entered: 05/25/2004) |
| 05/27/2004 | | Evidentiary hearing held before Judge Lagueux, COURT REPORTER Anne Clayton. Atty for Claimant Richmond Square, Vincent Indeglia, Atty. for James Callahan, Henry Vara, Frank Dimento, Rita Dimento, Mark A. Fay not present, Atty. for United States T. Carlotto and Arlene Embrey, Atty for Nancy Troy Lovett, Robert TAylor and Jeffrey Gladstone. objection to dispostion by receiver denied. gov't to prepare order. (Webb, J) (Entered: 05/27/2004) |
| 05/27/2004 | 312 | Minute entry: re: claimants objection to dispositions for fund (Webb, J) (Entered: 05/27/2004) |
| 05/28/2004 | 313 | TRANSCRIPT OF hearing on objections to disallowance of claims held on 5/27/04 (Gilfillan, B) (Entered: 05/28/2004) |
| 06/03/2004 | 314 | MOTION and MEMO by United States for an order granting leave to proceed with a private sale of real estate (Gilfillan, B) (Entered: 06/03/2004) |
| 06/03/2004 | 315 | AFFIDAVIT by Stephen D. Jones for the United States Re: [314-1] motion for an order granting leave to proceed with a private sale of real (Gilfillan, B) (Entered: 06/03/2004) |
| 06/14/2004 | 316 | ENTRY of appearance for Toll Brothers Inc. by Joseph Avanzato (Gilfillan, B) (Entered: 06/14/2004) |
| 06/16/2004 | 317 | ORDER - denying objection of Nancy Troy Lovett, Richmond Square, and James Callahan, Rita DiMento, Frank diMento and Henry Vara's to order re: disposition of claims ( signed by Judge Ronald R. Lagueux ) forwarded to attorneys (Gilfillan, B) (Entered: 06/16/2004) |
| 06/18/2004 | 318 | ENTRY of appearance by Jeffrey Schreck and Timothy More for Rocky Beach Association, Inc. (Gilfillan, B) (Entered: 06/18/2004) |
| 06/22/2004 | 319 | ENTRY of appearance for Peter M. Scott Assoc by Harris K. Weiner (Gilfillan, B) (Entered: 06/22/2004) |
| 06/22/2004 | 320 | AFFIDAVIT by Peter M. Scott Assoc (Gilfillan, B) (Entered: 06/22/2004) |
| 06/22/2004 | 321 | OBJECTION by Peter M. Scott Assoc to [308-1] motion For CONFIRMATION Of Private Sale of Real Property (Gilfillan, B) (Entered: 06/22/2004) |
| 06/22/2004 | 322 | MOTION and MEMO by Peter M. Scott Assoc to Intervene (Gilfillan, B) (Entered: 06/22/2004) |