**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff<br><br>v.<br><br>ZERO STAGE CAPITAL VI, L.P.,<br><br>        Defendant | C.A. NO. 05-10887-JLT |

**LIMITED OPPOSITION TO RECEIVER'S MOTION FOR
ENTRY OF AN ORDER APPROVING THE RECOMMENDATION FOR
DISPOSITION OF CLAIMS RECEIVED IN RESPONSE TO CLAIMS BAR DATE**

The Beacon Mutual Insurance Company ("Beacon") is an investor (as defined in the Receiver's motion, a "Private Limited Partner") of Zero Stage Capital VI, L.P. ("Zero VI"), whom Zero VI owes $1,000,000. Zero VI is in receivership (the "Receivership") under the supervision of this Court. By and though its undersigned attorneys, Beacon hereby makes limited opposition to the motion of the United States Small Business Administration ("SBA") as Receiver ("Receiver") for Zero VI for an order approving the Receiver's recommendation for disposition of claims.

**I.      INTRODUCTION**

The Motion proposes a claim priority which allows for: (1) authorized administrative expenses of the receivership estate, (2) payment to SBA for participating securities, (3) return of capital to all Private Limited Partners on a pro rata basis up to their respective paid-in capital contributions, and (4) disbursement to other creditors. This Objection only opposes the manner in which the Receiver proposes that disbursement to the Private Limited Partners should be allocated.

## II. BACKGROUND

This Court ordered that January 20, 2006 was the firm bar date for claims submitted against Zero VI ("Bar Date") through its November 4, 2005 Order ("Bar Date Order"). The Court explicitly stated that:

> [a]ll persons or entities having claims against Zero Stage VI, or the receivership estate, or assets or funds in the possession of the Receiver, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver, are ORDERED to file such claims… Bar Date Order at 2.

The Court further ordered severe consequences for all claimants who did not abide by the Court's unambiguous Bar Date Order. The Court stated that:

> any persons or entities, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver, which fail to file a claim against Zero Stage VI, the receivership estate, or assets or funds in possession of the Receiver, in the form and by the time and date required by this Order, shall be forever barred and permanently enjoined from asserting, pursuing or prosecuting any such claims, of any kind or nature, whether now known or unknown, against Zero Stage VI…. Id. at 3.

In adherence to the Court's order, Beacon submitted its claim on January 9, 2006, before the Bar Date. Fifteen other Limited Partners and various other creditors also submitted claims before the Bar Date. According to the Receiver, the sixteen claims submitted before the Bar Date ("Complying Limited Partners") represent only a fraction of the total number of Limited Partners of Fund VI.

The Receiver's Motion asks the Court to distribute the funds to all Limited Partners of Fund VI, regardless of whether they adhered to the Bar Date. The Receiver does not indicate the total number of Limited Partners who have not filed a claim ("Absent Limited Partners") in its motion, the total amount of their debts, their identities, or their excuses for neglecting to adhere to the Bar Date. This Objection asks the Court to reject the Receiver's

2

proposition that Absent Limited Partners should receive the same priority as Complying Limited Partners. Beacon asks the Court only to include the Complying Limited Partners in the third tier of priority. Alternatively, Beacon asks the Court to give the Complying Limited Partners priority over Absent Limited Partners. As the Receiver notes, it is unlikely that the Limited Partners will be able to be paid in full, so such a determination will have a critical impact on the amount of money the sixteen Complying Limited Partners will recover.

### III.     OPPOSITION

Setting a Bar Date in a federal receivership or similar bankruptcy scenarios is a common practice in this jurisdiction and throughout the nation. The First Circuit has sent the clear message that bar dates cannot be disregarded in the federal receivership context. Callahan v. Moneta Capital Corp., 415 F.3d 114 (1st Cir. 2005) (affirming District Court's denial of creditor's claim past bar date in federal receivership matter). "[A] District Court acting as a receivership court has broad discretion in determining whether to permit a claimant to file a late claim or to amend a timely filed claim." Callahan, 415 F.3d 114, 120 (1st Cir. 2005) (citing *Ralph E. Clark, A Treatise on the Law and Practice of Receivers* § 652 (3d ed. 1959)).

Similarly, bar dates are used in the bankruptcy context.[1] The First Circuit has explained that the purpose and importance behind bar dates in bankruptcy cases is to "'provide the debtor and its creditors with finality' and to 'insure the swift distribution' of the liquidated estate.'" In Re: Grace Aboody, 223 B.R. 36, 39 (1st Cir. 1989) (citations omitted). "The time limitations for filing claims against a bankrupt have been held to create an absolute bar against asserting the claim, rather than merely an issue of priority." Id. at 38 (quoting Mercado-Boneta v. Administracion del Fondo de Compensacion al Paciente, 125 F.3d 9 (1st Cir. 1997).

---

[1] Although an entity such as Zero VI cannot be a debtor under 11 U.S.C. § 109(b)(2), receivership courts routinely refer to bankruptcy law for guidance on procedures and priorities. See e.g. Cerilli v. Newport Offshore, Ltd., 624 A.2d 835, 840 (R.I. 1993).

Despite the fact that Absent Limited Partners have failed to file a claim whatsoever, much less a timely claim, the Receiver urges the court to allow the unstated, unspecified claims, stating:

> [s]trictly speaking, the Bar Date was not set up to solicit claims by limited partners. However, in order to provide a complete recommendation for order and priority of claims, it makes sense to place private limited partners in their place. The Receiver recommends that any residual assets be paid to all of the Private Limited Partners of Zero Stage VI (whether they submitted a claim or not). Receiver's Motion, at 7.

It is true that the claims by the Limited Partners have both equity and debt characteristics. However, it is not true that the Bar Date did not apply to the Limited Partners. The Court clearly stated that *all* claims must be filed before the Bar Date with the two exceptions of the SBA and parties contracted or retained by the SBA as Receiver. The Limited Partners do not comprise the SBA; nor were they retained by the SBA. Thus, the Court's order requiring them to file claims and the imposition of the Court's stated consequence for failing to file a claim applies to the Absent Limited Partners.

Furthermore, allowance of the unasserted claims of the Absent Limited Partners would foil the very purpose of setting a Bar Date. If the Receiver's Motion is approved as proposed, the majority of the claims under the third tier of priority will be for unnamed parties in unnamed amounts. This will surely hinder swift distribution of the estate and destroy any finality for the Debtor and Creditors, including the Complying Limited Partners. See In Re: Grace Aboody, 223 B.R. 36, 39 (1st Cir. 1989).

Moreover, the Court did not give the Receiver the power to assert claims on behalf of any claimants. See Fleming v. Lind-Waldock, 992 F.2d 20, 25 (1st Cir. 1990) ("It is axiomatic that a receiver's power is derived from and limited by the order of the court appointing him."(citations omitted)). The fact that the Receiver has apparently assumed the role of protector

of the Absent Limited Partners appears to be in conflict with his duty to protect the assets of the corporation.  See Fleming v. Lind-Waldock, 922 F.2d 20, 25 (1st Cir. 1990) ("representation of the corporation and protection of its assets [are] the only purview of the receiver.").  Thus, the Court should not allow the Receiver to assume such a role.

### IV.   CONCLUSION

For the foregoing reasons, Beacon respectfully requests the Court to deny in part the Receiver's Motion and modify the Proposed Order so as to (i) deny the claims the Receiver attempts to assert on behalf of the Absent Limited Partners; (ii) provide priority within the third tier for complying Limited Partners; and (iii) order such other and further relief as is necessary and appropriate.

THE BEACON MUTUAL INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP


/s/Charles A. Lovell_____
Charles A. Lovell (BBO #556064)
Alicia J. Byrd (BBO #663415)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210  FAX

DATED:  December 1, 2006

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing LIMITED OPPOSITION TO RECEIVER'S MOTION FOR ENTRY OF AN ORDER APPROVING THE RECOMMENDATION FOR DISPOSITION OF CLAIMS RECEIVED IN RESPONSE TO CLAIMS BAR DATE was served on December 1, 2006 on the following in the manner indicated:

 **By first-class mail:**

| | |
|---|---|
| Thomas W. Rigby, Esq. | Rayford A. Farquhar |
| Chief Counsel for SBIC Liquidation | Assistant U.S. Attorney |
| Office of General Counsel | U.S. Attorney's Office |
| U.S. Small Business Administration | District of Massachusetts |
| 409 Third Street, S.W. | One Courthouse Way, Suite 9200 |
| Washington, D.C. 20416 | Boston, MA 02110 |

 **By the Court's ECF system:**

| | |
|---|---|
| Robert M. Duffy, Esq. | Donald K. Stern, Esq. |
| Duffy & Sweeney | Julia Frost-Davies, Esq. |
| Suite 1200 | Jason L. Watkins, Esq. |
| One Turks Head Place | Bingham McCutchen LLP |
| Providence, RI 02903 | 150 Federal Street |
| | Boston, MA 02110 |

              /s/ Charles A. Lovell_____

888585_1/1222-434