UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                        )<br>                      Plaintiff,         )<br>                                                        )<br>          v.                                          )<br>                                                        )<br>ZERO STAGE CAPITAL VI, L.P.    )<br>                                                        )<br>                      Defendant.     )<br>_____ ) | CIVIL CASE NO.<br>05 10887-JLT<br>HON. JOSEPH L. TAURO |

**RECEIVER'S REPLY TO OPPOSITION OF ZERO STAGE CAPITAL COMPANY, INC. TO RECEIVER'S MOTION FOR ENTRY OF AN ORDER APPROVING THE RECOMMENDATION FOR DISPOSITION OF CLAIMS**

The United States Small Business Administration, in its capacity as Receiver ("Receiver") of Zero Stage Capital VI, L.P. ("Zero Stage VI") submits this Reply Memorandum in response to Zero State Capital Company, Inc.'s ("Zero Stage") opposition to the Receiver's Motion for Entry of an Order Approving the Recommendation of Disposition of Claims Received in Response to Claims Bar Date ("Receiver's Motion"). Zero Stage's opposition mischaracterizes the nature and effect of the procedures proposed in the Receiver's Motion for the presentation and resolution of objections to the Receiver's Recommendation for the disposition of claims. The procedures neither violate due process nor foreclose any claimant's right to discovery or an evidentiary hearing, should the Court decide that such procedures are necessary. For these reasons, which are discussed more fully herein, the relief sought by Zero Stage is either unwarranted or premature.

In its Order dated November 4, 2005, (the "Bar Date Order") this Court established the Claims Bar Date for this Receivership. Pursuant to the Bar Date Order, all persons or entities having claims against Zero Stage VI were directed to file such claims with the Receiver within

the timeframe set forth in the Order. Claimants also were directed to identify the grounds for each claim and to provide the Receiver with "any and all documents or other materials which the claimant believes supports the claim or might assist the Receiver in evaluating the claim." Bar Date Order para. 6. The Order contemplated the Receiver's review of claims submitted and provided:

> In the event that the Receiver recommends denial of any claim, it is ORDERED that the Receiver is authorized and directed to move for summary disposition of said claim(s) and to furnish a copy of the moving papers to the claimant(s); in such case the claimant may respond within 30 days, serving a copy of its response on the Receiver, and the Court will resolve said claims(s) expeditiously through a summary procedure that the Court will determine at that time.

Id. para 7[1].

In compliance with the Bar Date Order, Zero Stage and other parties filed claims with the Receiver. The Receiver evaluated those claims and, in some cases, including Zero Stage's claims, requested additional information from claimants about their claims.[2] As required by the Bar Date Order, the Receiver on November 2, 2006 submitted its recommendations for the disposition of claims to the Court. The Receiver recommended that the Court deny some of Zero Stage's Claims. The Receiver also filed its motion requesting an Order approving the recommendations. Consistent with the Bar Date Order, the Receiver's Proposed Order; (1) afford claimants a 30-day period to oppose the Receiver's recommended disposition of claims; and (2) provides that the Court will resolve any such oppositions based on the papers submitted without hearing, unless the Court decides to order otherwise. See Proposed Order paras. 5-7.

Zero Stage complains that the Receiver, through its proposed procedure, is trying to

---

[1] The Receiver served representatives of Zero Stage with the motion by which it requested the entry of the Bar Date Order and with the proposed form of order. Significantly, Zero Stage did not object at that time to the quoted language which clearly directs the Receiver to move for the summary disposition of claims.
[2] Zero Stage makes much of the fact that it volunteered additional information to the Receiver. But the Bar Date Order required the submission of such information. The Receiver by requesting additional information was merely asking Zero Stage to comply with the Court's Order.

dispose of claims "without even a semblance of due process." See Zero Stage Opposition at 1. Zero Stage is asking this Court to amend the proposed Order to eliminate the conditional ruling adopting the Receiver's recommendations, to provide for reciprocal discovery, and to schedule an evidentiary hearing. This relief is not only unnecessary, but it would also undermine the efficiencies accomplished through the proposed procedures.

It is well recognized that the district court has broad discretion in its supervision of a receivership and the distribution of its assets. See Securities and Exchange Commission v. Basic Energy & Affiliated Resources, 273 F.3d 657, 668 (6th Cir. 2001); McFarland v. Winnebago South, Inc., 863 F. Supp. 1025, 1034 (W.D. Mo. 1994). While due process requires that a claimant be heard on its claims against a receivership, the district court exercises significant control over the time and manner of such proceedings. See Liberte Capital Group, LLC v. Capwill, 462 F.3d 543, 552 (6th Cir. 2006). As such, the district court may require all such claims to be disposed of through summary process. Id.; see also Securities and Exchange Commission v. Hardy, 803 F.2d 1034, 1040 (9th Cir. 1986); United States v. Arizona Fuels Corp., 739 F.2d 455, 458 (9th Cir. 1984). "Specifically, the receivership court has the power to use summary procedures in allowing, disallowing, and subordinating claims of creditors, so long as creditors have fair notice and a reasonable opportunity to respond." McFarland, 863 F. Supp. at 1034. Summary process promotes efficiency in the administration of receivership estates by avoiding unnecessary and expensive judicial proceedings. See Basic Energy & Affiliated Resources, Inc., 273 F.3d at 668; Hardy, 803 F.2d at 1040.

Consistent with these principles, the Bar Date Order calls for the resolution of claims through summary process unless, in a particular case, the Court decides to order otherwise. Contrary to Zero Stage's assertions, claimants are afforded the opportunity to be heard before

their claims are decided by the Court.[3] The Court's conditional approval of the Receiver's recommendations does not become final if an opposition is filed. In such a case, further briefing and potentially additional hearings are conducted to resolve the claim. Although the procedures anticipate the summary disposition of most claims, the Court retains the authority and discretion to permit discovery and/or an evidentiary hearing in appropriate cases. In this way, the procedures are entirely consistent with those employed in the Callahan and Moneta cases cited in the Receivers papers. See Memorandum in Support of Receivers Motion at 3.

In this case, Zero Stage is not deprived of any property or rights if the Court enters the Receiver's Proposed Order. Zero Stage will have 30 days from the entry of the Order to submit its opposition to the Receiver's recommended disposition of Zero Stage's claims. If it files such an opposition, the Conditional Approval of the Receiver's recommendation regarding the claim will not become final. The parties will submit additional briefing and the Court will resolve the claim. In most cases, such oppositions can be resolved without hearing. However, the Court can conduct whatever procedures it deems necessary to resolve the claim. In its opposition, Zero Stage can present arguments as to why discovery and an evidentiary hearing are necessary for the resolution of its claims.

For the foregoing reasons, Zero Stage's opposition to the Receiver's Motion should be denied to the extent it seeks to modify the procedures proposed by the Receiver for the resolution of claims. Zero Stage's requests for discovery and an evidentiary hearing are premature. Those requests, and whatever opposition Zero Stage has to the Receiver's recommendations should be submitted after the entry of the Conditional Order the Receiver has requested.

---

[3] Zero Stage's reliance on bankruptcy procedures to support its arguments is misplaced. Bankruptcy procedures do not apply to SBIC's such as Zero Stage. 11 U.S.C. §109(b)(2).

Respectfully submitted,

Dated: January 8, 2007                       /s/  Robert M. Duffy
ROBERT M. DUFFY (BBO # 552840)
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI  02903
Telephone:    (401) 455-0700
Facsimile :    (401) 455-0701


Dated: January 8, 2007                       /s/ Thomas W. Rigby
THOMAS W. RIGBY
VA. Bar No. 34663
D.C. Bar No. 463532
Chief Counsel For SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416
Telephone: (202) 619-1610
Facsimile: (202) 481-5866


Attorneys for Plaintiff United States of America, on behalf of the U.S. Small Business Administration

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing *Receiver's Reply To Opposition Of Zero Stage Capital Company, Inc. To Receiver's Motion For Entry Of An Order Approving The Recommendation For Disposition Of Claims* was filed through the ECF system on the 8th day of January, 2007, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via First Class Mail*
Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P..
666 11th Street, N.W., suite 200
Washington, DC 20001-4542

*Via Electronic Mail*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416


                                                                                       /s/    Robert M. Duffy