UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZERO STAGE CAPITAL VI, L.P. ) <br> ) <br> Defendant. ) <br> _____) | CIVIL CASE NO. <br> 05 10887-JLT <br> HON. JOSEPH L. TAURO |

**RECEIVER'S REPLY TO BEACON MUTUAL INSURANCE COMPANY'S
LIMITED OPPOSITION TO RECEIVER'S
MOTION FOR ENTRY OF AN ORDER APPROVING
THE RECOMMENDATION FOR DISPOSITION OF CLAIMS**

The United States Small Business Administration, in its capacity as Receiver ("Receiver") for Zero Stage Capital VI, L.P. ("Zero Stage VI"), hereby replies to the limited opposition submitted by Beacon Mutual Insurance Company ("Beacon") to the Receiver's Motion for Entry of an Order Approving the Recommendation for Disposition of Claims Received in Response to Claims Bar Date ("Receiver's Motion"). In its opposition, Beacon, a private limited partner of Zero Stage VI, requests the Court to give the equity claims filed by Beacon and certain other limited partners priority over the interests of limited partners who did not submit claims. For the reasons stated below, no such distinction should be made by the Court in treating the interests of the limited partners of Zero Stage VI.

On November 4, 2006, this Court entered an Order Approving Form and Manner of Notice to Claimants and Establishing a Claims Bar Date. ("Bar Date Order"). That Order directed "all persons or entities having claims against Zero Stage VI, or the Receivership Estate, or assets or funds in possession of the Receiver," to file such claims with the Receiver in the

manner and timeframe prescribed in the Order. The Bar Date Order is identical to the form of order used by the SBA in Receiverships throughout the country. The Order is not intended to require equity holders, such as the limited partners in this case, to submit claims to the Receiver <u>unless</u> they have separate, creditor claims apart from their status as investors. As Beacon rightly states in its opposition, it is an investor in Zero Stage VI. Beacon and the other limited partners have equity interests in that entity that are defined by a limited partnership agreement and SBA regulations. Their status is different from that of creditors who must file claims in order to put the Receiver on notice of the nature and amount of their claims against the Receivership estate.

Nowithstanding their status as equity holders, Beacon Mutual and certain other limited partners filed equity claims with the Receiver, even though they were not required to by the intent of the Bar Date Order. The vast majority of limited partners for Zero Stage VI properly understood the requirements of the Bar Date Order and did not submit claims. In its limited opposition, Beacon asserts that the Court should treat those limited partners who filed claims differently than those who did not. Specifically, Beacon asks the Court to deny outright the equity interests of limited partners who did not file a claim pursuant to the Bar Date Order or, alternatively, that limited partners who did file claims be given priority over those who did not. Neither form of relief is warranted here.

Limited partners are not creditors of Zero Stage and, for that reason, are not claimants under the Bar Date Order. To the Receiver's knowledge, no Court has ever applied the form of Bar Date Order used in this case and numerous other SBA-receivership cases to require limited partners or other equity holders to file claims with the Receiver. To the extent that the language of the Order is unclear in that regard, it should not be construed by this Court to prejudice the purely equity interests of limited partners who, in reliance on the Order and general Receivership

practice, did not submit claims to the Receiver.

For the foregoing reasons, the Court should not grant the relief sought in Beacon's limited opposition to the Receiver's Motion.

Respectfully submitted,

Dated: 01/08/07                         /s/ Robert M. Duffy
ROBERT M. DUFFY (BBO # 552840)
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI  02903
Telephone:    (401) 455-0700
Facsimile :    (401) 455-0701

Dated: 01/08/07                         /s/ Thomas W. Rigby
THOMAS W. RIGBY
VA. Bar No. 34663
D.C. Bar No. 463532
Chief Counsel For SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416
Telephone: (202) 619-1610
Facsimile: (202) 481-5866

Attorneys for Plaintiff United States of America, on behalf of the U.S. Small Business Administration

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Receivers Reply to Beacon Mutual Insurance Company's Limited Opposition to Receiver's Motion for Entry of an Order Approving The Recommendation for Disposition of Claims* was filed through the ECF system on the 8th day of January, 2007, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via Electronic Filing*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416

*Via First Class Mail*
Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P..
666 11th Street, N.W., suite 200
Washington, DC 20001-4542

/s/    Robert Duffy