UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff and Receiver, | * | |
| | * | |
| v. | * | Civil Action No. 05-10887-JLT |
| | * | |
| ZERO STAGE CAPITAL VI, L.P., | * | |
| | * | |
| Defendant. | * | |

ORDER

January 17, 2006

This matter comes before the court as a dispute between the U.S. Small Business Administration ("SBA") as Receiver for Zero Stage Capital VI, L.P. ("Zero Stage VI") and those who have filed claims against Zero Stage VI.  The dispute concerns the procedure to apply to resolve objections to the Receiver's recommended disposition of Zero Stage VI's assets. After a hearing and after review of the filings to date, the court hereby orders that:

1. Claimaint Zero Stage Capital Company, Inc.'s ("ZSC") <u>Motion to Set Schedule for Evaluation of Claim</u> [#15] is DENIED AS MOOT in light of the schedule contained in this order.

2. The Receiver's <u>Motion for Order to Entry of Order</u> [#18] is ALLOWED.  The Court Finds that the acts, transactions receipts and disbursements described in the First Receiver's Report for the period from May 4, 2005, to May 31, 2006 [#20], were in the best interests of the receivership estate and should be approved and confirmed as described therein.

3. The Receiver's <u>Motion Entry of An Order Approving The Recommendation For Disposition of Claims Received In Response to Claims Bar Date</u> [#26] is ALLOWED IN PART AND DENIED IN PART, as set forth herein.

4. The Receiver's Notice of Recommended Disposition and Priority of Claims [#28] is **ACKNOWLEDGED AND PRELIMINARILY APPROVED SUBJECT TO OBJECTION BY A CLAIMANT**.

5. After adjudication of objections made by any claimant according to the procedures set forth below, and subject to final approval by the court, the Receiver will be authorized to pay the following claims in the following order of priority, to the extent of available receivership assets:

   a. **First**, any and all administrative expenses of the receivership estate incurred pursuant to the Receivership Order of May 4, 2005, and outstanding Receiver's Certificate borrowings, if any, plus accrued interest, incurred in accordance with that same Order;

   b. **Second**, to SBA in the total amount of $93,205,000.00;

   c. **Third**, the return of capital to the private limited partners in the total amount of $49,500,000.00; provided, that in the event Zero Stage VI realizes any profits, amounts due to SBA for Earned Prioritized Payments, earned Adjustments, earned Charges, and Profit Participation allocated to SBA under §107.1520 shall have priority over any return of capital to private limited partners in accordance with 13 C.F.R. § 107.1505;

   d. **Fourth**, to Zero Stage Capital Corporation in the total amount of $3,925,335.71;

    e.    **Fifth**, in the event there are residual profits remaining after the payments of all of the above in full, then some profits shall be distributed to SBA, the private limited partners and the general partner in accordance with applicable law, regulations and the terms of the limited partnership agreement of Zero Stage VI.

6. After adjudication of objections made by any claimant according to the procedures set forth below, and subject to final approval by the court, the Receiver is authorized to deny the following claims:

    a. the claim of William F. Shea, LLC;

    b. the claim of Ronald Finlayson;

    c. all amounts claimed by McNamara, Koenig & McCarthy, P.C.;

    d. all other claims of ZSC that are not otherwise approved above.

7. Any claimant who opposes this disposition of claims is **ORDERED** to file a <u>Motion in Opposition</u>, together with a Brief in Support of its Motion, which set forth the specific factual and legal grounds for its opposition. Such claimant shall also file a proposed order of disposition of claims.

8. A claimant that lacks a factual basis to file such an Opposition shall confer with the Receiver and file a <u>Joint Discovery Plan</u> with the court.

9. If a claimant and the Receiver are unable to agree to a <u>Joint Discovery Plan</u>, a claimant must instead file a <u>Motion for Limited Discovery</u>, which clearly states a claim, identifies disputed facts, specifies why discovery is needed, and proposes a discovery schedule and witness list. Within thirty days of such a motion, the Receiver shall file an opposition explaining why the requested discovery is not

       needed. The court will then decide the motion and allow or disallow the requested discovery.

10. Within thirty days of the close of any discovery, the claimant shall file a <u>Motion in Opposition</u>, together with a Brief in Support of its Motion

11. The Receiver is hereby authorized to file a Brief in Rebuttal to any Opposition within thirty (30) days of receipt of such Opposition.

12. Any claimant that objects to the disposition set forth in ¶ 5 and ¶ 6 shall file a request for discovery (pursuant to ¶ 8 or ¶ 9) or a <u>Motion in Opposition</u> (pursuant to ¶ 7) **within thirty (30) days** from the date of service of a copy of this Order by the Receiver on the claimant, or such claimant's claim shall be forever barred and deemed null and void, and such claimant shall be permanently enjoined from asserting, pursuing or prosecuting any such claim against Zero Stage VI, the Receiver, their successors and assigns, or against assets or funds in possession of the Receiver.

13. When the court eventually considers approving final disposition of assets, the court will not consider the objection of any claimant who did not object or request discovery using the mechanisms provided in ¶¶ 7-9 within the 30 day period specified in ¶ 12.

14. The court will resolve any timely filed <u>Motions in Opposition</u> on the basis of the following documents: (1) claim documents previously submitted to the Receiver, (2) the Receiver's Motion, Brief, and Notice and Recommendation for Disposition and Priority of Claims, (3) the claimant's Motion and Brief, (4) the Receiver's Rebuttal Brief, and (5) any evidence developed during discovery and properly

submitted to the court as exhibits to the Briefs.

15. As with any other motion, the court shall have discretion to determine whether a hearing is necessary.

16. After examining these filings, the court will either grant final approval to the recommended asset and claim disposition made in this order or will modify it according to the claimants' proposals.

17. This Order shall become a Final Order thirty (30) days after service hereof by the Receiver with respect to any persons who do not timely file opposition or discovery papers, and all such persons, as well as all persons who failed to file timely claims pursuant to the Court's Order establishing the Claims Bar Date, shall be forever barred and permanently enjoined from asserting, pursuing or prosecuting any pre-Bar Date Claim (i.e., arising before January 20, 2006) against Zero Stage VI, the Receiver, their successors and assigns or assets or funds in the possession of the Receiver.

18. Within 10 days, the Receiver shall serve copies of this Order on all claimants and parties of record via first class mail, postage pre-paid.

19. This court will not construe claimant ZSC's Opposition to the Receiver's Recommended Disposition [#30] as an opposition made according to the above procedure.  Instead, ZSC will litigate its objections according to the procedures specified in this order.  The court acknowledges receipt of a <u>Joint Discovery Plan</u> [#37] from the Receiver and ZSC.

20. This court will not construe claimant Beacon Mutual Insurance Company's ("BMIC") Opposition to the Receiver's Recommended Disposition [#32] as an

        opposition made according to the above procedure.  Instead, BMIC will litigate its objections according to the procedures specified in this order.  As BMIC asserted in open court that its objection was entirely legal, it may continue to litigate its objection by filing a <u>Motion in Opposition</u> within the 30 day period.

IT IS SO ORDERED.

                                                                                                                                                            <u>/s/ Joseph L. Tauro</u>  
                                                                                                                                                       United States District Judge