IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Case No. 05-10887 JLT |
| ZERO STAGE CAPITAL VI, L.P. | : |
| Defendant. | : |

### AFFIDAVIT OF SERVICE

I, Stacey P. Nakasian, upon oath, depose and state as follows:

1. I submit this Affidavit of Proof of Service pursuant to Paragraph 18 of this Court's January 17, 2007 Order.

3. On January 23, 2007, I caused a copy of that Order to be served via First Class Mail to the parties indicated on the Proof of Service attached hereto as Exhibit A.

_____
Stacey P. Nakasian (#5069)

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 23rd day of January, 2007.

_____
Notary Public

My Commission Expires: 4-8-09

# EXHIBIT A

Case 1:05-cv-10887-JLT    Document 38-2    Filed 01/23/2007    Page 1 of 11

## PROOF OF SERVICE

I HEREBY CERTIFY that on the 22nd day of January, 2007, I electronically filed the foregoing Affidavit and Proof of Service with the Clerk of the Court for the United States District Court for the District of Massachusetts using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.:

Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

**And by mailing a copy of same on January 22, 2007, 2006 to the following, via First Class Mail:**

Maurice J. Whalen
Invotex Group
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI,
1100 Connecticut Avenue, N.W. Suite 710
Washington, DC 20036

Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416

Mr. John L. Koenig, Esq.
McNamara Koenig & McCarthy, PC
65 William Street, Suite 250
Wellesley, MA 02481

Charles A. Lovell, Esq.
Partridge Snow & Hahn, LLP
180 South Street
Providence, RI 02903
Re: The Beacon Mutual Ins. Co.

Joseph T. O'Leary
Sovereign Bank
75 State Street
Mail Code: MA1 SST 04-10
Boston, MA 02109

Christopher K. Pfirrman, Esq.
Sovereign Bank
Legal Department
75 State Street
Mail Code: MA1 SST 0401
Boston, MA 02109

Mr. James Sloman, Jr.
68 Old Concord Road
Belmont, MA  02478

David J. Stanland
Chief Investment Officer
NewAlliance Bank
195 Church Street
New Haven, CT  06510

Mr. Donald C. McQueen
Executive Vice President
Bank Rhode Island
One Turks Head Place, 16th Floor
Providence, RI  02903

Mr. Donald Brannelly
Assistant Vice President
Danversbank
One Conant Street
Danvers, MA  01923

Ms. Heather Fritzky
New Hampshire Retirement System
4 Chenell Drive
Concord, NH  03301-8509

Mr. Alan P. Cleveland, Esq.
Sheehan Phinney Bass & Green, P.A.
1000 Elm Street
Manchester, NH  03105-3701
Re:  New Hampshire Retirement System

Ms. Rosalyn A. Ciulla
Key Community Development
Corporation
127 Public Square
Mailcode OH-01-27-0700
Cleveland, OH  44114

Ms. Kristin E. Richner, Esq.
Squire, Sanders & Dempsey, LLP
41 North High Street
Columbus, OH  43215
Re:  Key Community Dev. Corp.

Mr. Edward H. Seksay
General Counsel
Rockland Trust Company
288 Union Street
Rockland, MA  02370

G. Wirtz
Managing Director
PLANT N.V.
Roosbroekstraat 2
B-1541 Sint-Pieters-Kapelle (Herne)
Belgium

Mr. William B. Franklin
Managing Director
Fleet Development Ventures, LLC
231 S. LaSalle Street, 12th Floor
Chicago, IL  60604

Mr. William Udovich
Bank of America, N.A.
Legal Department
IL1-231-07-17
231 S. LaSalle Street
Chicago, IL  60697
Re: Fleet Development Ventures, LLC

Mr. Scott Sullivan
Finance Manager
Citizens Bank of Massachusetts
28 State Street, 15th Floor
Boston, MA  02109

Mr. James F. Wallace
Senior Vice President & CFO
Citizens-Union Savings Bank
4 South Main Street
Fall River, MA  02721

Mr. Richard Nadeau, Jr.
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI  02903
Re:  Business Dev. Co. of RI

President  
Business Development Co. of Rhode Island  
40 Westminster Street, Suite 702  
Providence, RI 02903  

William F. Shea, LLC  
48 Leyland Road  
West Hartford, CT 06117  

Mr. John D. Hazelton  
Senior Vice President  
MBNA Community Development Corporation  
1100 North King Street  
Wilmington, DE 19884  

Ms. Karen Jessey  
Investment Counsel  
Textron, Inc.  
40 Westminster Street  
Providence, RI 02903  

Mr. Mark T. Collins, Esq.  
325 Boston Post Road  
Millbrook II  
Sudbury, MA 01776  
Re: Finlayson  

Mr. Jason L. Watkins, Esq.  
Bingham McCutchen LLP  
150 Federal Street  
Boston, MA 02110-1726  
Re: Zero Stage Capital Company, Inc.  

Mr. Paul M. Kelley  
Managing Director and CEO  
Zero Stage Capital Company, Inc.  
265 Franklin Street  
Boston, MA 02110  

                                                /s/ Stacey P. Nakasian

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff and Receiver, | * | |
| | * | |
| v. | * | Civil Action No. 05-10887-JLT |
| | * | |
| ZERO STAGE CAPITAL VI, L.P., | * | |
| | * | |
| Defendant. | * | |

ORDER

January 17, 2006

This matter comes before the court as a dispute between the U.S. Small Business Administration ("SBA") as Receiver for Zero Stage Capital VI, L.P. ("Zero Stage VI") and those who have filed claims against Zero Stage VI. The dispute concerns the procedure to apply to resolve objections to the Receiver's recommended disposition of Zero Stage VI's assets. After a hearing and after review of the filings to date, the court hereby orders that:

1. Claimaint Zero Stage Capital Company, Inc.'s ("ZSC") <u>Motion to Set Schedule for Evaluation of Claim</u> [#15] is DENIED AS MOOT in light of the schedule contained in this order.

2. The Receiver's <u>Motion for Order to Entry of Order</u> [#18] is ALLOWED. The Court Finds that the acts, transactions receipts and disbursements described in the First Receiver's Report for the period from May 4, 2005, to May 31, 2006 [#20], were in the best interests of the receivership estate and should be approved and confirmed as described therein.

3. The Receiver's <u>Motion Entry of An Order Approving The Recommendation For Disposition of Claims Received In Response to Claims Bar Date</u> [#26] is ALLOWED IN PART AND DENIED IN PART, as set forth herein.

4. The Receiver's Notice of Recommended Disposition and Priority of Claims [#28] is **ACKNOWLEDGED AND PRELIMINARILY APPROVED SUBJECT TO OBJECTION BY A CLAIMANT**.

5. After adjudication of objections made by any claimant according to the procedures set forth below, and subject to final approval by the court, the Receiver will be authorized to pay the following claims in the following order of priority, to the extent of available receivership assets:

   a. **First**, any and all administrative expenses of the receivership estate incurred pursuant to the Receivership Order of May 4, 2005, and outstanding Receiver's Certificate borrowings, if any, plus accrued interest, incurred in accordance with that same Order;

   b. **Second**, to SBA in the total amount of $93,205,000.00;

   c. **Third**, the return of capital to the private limited partners in the total amount of $49,500,000.00; provided, that in the event Zero Stage VI realizes any profits, amounts due to SBA for Earned Prioritized Payments, earned Adjustments, earned Charges, and Profit Participation allocated to SBA under §107.1520 shall have priority over any return of capital to private limited partners in accordance with 13 C.F.R. § 107.1505;

   d. **Fourth**, to Zero Stage Capital Corporation in the total amount of $3,925,335.71;

  e. **Fifth**, in the event there are residual profits remaining after the payments of all of the above in full, then some profits shall be distributed to SBA, the private limited partners and the general partner in accordance with applicable law, regulations and the terms of the limited partnership agreement of Zero Stage VI.

6. After adjudication of objections made by any claimant according to the procedures set forth below, and subject to final approval by the court, the Receiver is authorized to deny the following claims:

  a. the claim of William F. Shea, LLC;

  b. the claim of Ronald Finlayson;

  c. all amounts claimed by McNamara, Koenig & McCarthy, P.C.;

  d. all other claims of ZSC that are not otherwise approved above.

7. Any claimant who opposes this disposition of claims is **ORDERED** to file a Motion in Opposition, together with a Brief in Support of its Motion, which set forth the specific factual and legal grounds for its opposition. Such claimant shall also file a proposed order of disposition of claims.

8. A claimant that lacks a factual basis to file such an Opposition shall confer with the Receiver and file a Joint Discovery Plan with the court.

9. If a claimant and the Receiver are unable to agree to a Joint Discovery Plan, a claimant must instead file a Motion for Limited Discovery, which clearly states a claim, identifies disputed facts, specifies why discovery is needed, and proposes a discovery schedule and witness list. Within thirty days of such a motion, the Receiver shall file an opposition explaining why the requested discovery is not

needed. The court will then decide the motion and allow or disallow the requested discovery.

10. Within thirty days of the close of any discovery, the claimant shall file a <u>Motion in Opposition</u>, together with a Brief in Support of its Motion

11. The Receiver is hereby authorized to file a Brief in Rebuttal to any Opposition within thirty (30) days of receipt of such Opposition.

12. Any claimant that objects to the disposition set forth in ¶ 5 and ¶ 6 shall file a request for discovery (pursuant to ¶ 8 or ¶ 9) or a <u>Motion in Opposition</u> (pursuant to ¶ 7) **within thirty (30) days** from the date of service of a copy of this Order by the Receiver on the claimant, or such claimant's claim shall be forever barred and deemed null and void, and such claimant shall be permanently enjoined from asserting, pursuing or prosecuting any such claim against Zero Stage VI, the Receiver, their successors and assigns, or against assets or funds in possession of the Receiver.

13. When the court eventually considers approving final disposition of assets, the court will not consider the objection of any claimant who did not object or request discovery using the mechanisms provided in ¶¶ 7-9 within the 30 day period specified in ¶ 12.

14. The court will resolve any timely filed <u>Motions in Opposition</u> on the basis of the following documents: (1) claim documents previously submitted to the Receiver, (2) the Receiver's Motion, Brief, and Notice and Recommendation for Disposition and Priority of Claims, (3) the claimant's Motion and Brief, (4) the Receiver's Rebuttal Brief, and (5) any evidence developed during discovery and properly

# EXHIBIT A

submitted to the court as exhibits to the Briefs.

15. As with any other motion, the court shall have discretion to determine whether a hearing is necessary.

16. After examining these filings, the court will either grant final approval to the recommended asset and claim disposition made in this order or will modify it according to the claimants' proposals.

17. This Order shall become a Final Order thirty (30) days after service hereof by the Receiver with respect to any persons who do not timely file opposition or discovery papers, and all such persons, as well as all persons who failed to file timely claims pursuant to the Court's Order establishing the Claims Bar Date, shall be forever barred and permanently enjoined from asserting, pursuing or prosecuting any pre-Bar Date Claim (i.e., arising before January 20, 2006) against Zero Stage VI, the Receiver, their successors and assigns or assets or funds in the possession of the Receiver.

18. Within 10 days, the Receiver shall serve copies of this Order on all claimants and parties of record via first class mail, postage pre-paid.

19. This court will not construe claimant ZSC's Opposition to the Receiver's Recommended Disposition [#30] as an opposition made according to the above procedure. Instead, ZSC will litigate its objections according to the procedures specified in this order. The court acknowledges receipt of a <u>Joint Discovery Plan</u> [#37] from the Receiver and ZSC.

20. This court will not construe claimant Beacon Mutual Insurance Company's ("BMIC") Opposition to the Receiver's Recommended Disposition [#32] as an

opposition made according to the above procedure. Instead, BMIC will litigate its objections according to the procedures specified in this order. As BMIC asserted in open court that its objection was entirely legal, it may continue to litigate its objection by filing a <u>Motion in Opposition</u> within the 30 day period.

IT IS SO ORDERED.

                                                            <u>/s/ Joseph L. Tauro</u>
                                                            United States District Judge