UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

    Plaintiff

v.

ZERO STAGE CAPITAL VI, L.P.,

    Defendant

C.A. NO. 05-10887-JLT

**BEACON'S RENEWED LIMITED OPPOSITION TO RECEIVER'S RECOMMENDATION FOR DISPOSITION OF CLAIMS RECEIVED IN RESPONSE TO CLAIMS BAR DATE**

    The Beacon Mutual Insurance Company ("Beacon") is an investor (as defined in the Receiver's motion, a "Private Limited Partner") of Zero Stage Capital VI, L.P. ("Zero VI"), whom Zero VI owes $1,000,000. Zero VI is in receivership (the "Receivership") under the supervision of this Court. By and though its undersigned attorneys, Beacon hereby makes limited opposition to the United States Small Business Administration's ("SBA") - as Receiver ("Receiver") for Zero VI – Recommended Disposition and Priority of Claims ("Recommended Disposition"). Said Recommended Disposition was acknowledged and preliminarily approved subject to objection by a claimant in the Court's order dated January 17, 2006 ("Preliminary Disposition Order"). This motion is specifically allowed under the Preliminary Disposition Order. (Preliminary Disposition Order ¶ 20).

**I.**     **INTRODUCTION**

    This Court ordered that January 20, 2006 was the firm bar date for claims submitted against Zero VI ("Bar Date") within its November 4, 2005 Order ("Bar Date Order"). In adherence to the Court's order, Beacon submitted its claim on January 9, 2006, before the Bar Date. Fifteen other Limited Partners and various other creditors also submitted claims before the

Bar Date. According to the Receiver, the sixteen claims submitted before the Bar Date ("Complying Limited Partners") represent only a fraction of the total number of Limited Partners of Fund VI.

The Recommended Disposition asks the Court to distribute the funds to all Limited Partners of Fund VI, regardless of whether they adhered to the Bar Date. The Receiver does not indicate the total number of Limited Partners who have not filed a claim ("Absent Limited Partners") in its motion, the total amount of their debts, their identities, or their excuses for neglecting to adhere to the Bar Date. This Objection asks the Court to reject the Recommended Disposition as far as it states that Absent Limited Partners should receive the same priority as Complying Limited Partners. As the Receiver notes, it is unlikely that the Limited Partners will be able to be paid in full, so such a determination will have a critical impact on the amount of money the sixteen Complying Limited Partners will recover.

The Recommended Disposition presents a claim priority which allows for: (1) authorized administrative expenses of the receivership estate, (2) payment to SBA for participating securities, (3) return of capital to all Private Limited Partners on a pro rata basis up to their respective paid-in capital contributions, and (4) disbursement to other creditors. This Objection only opposes the manner in which the Recommended Disposition presents a uniform distribution to the all Private Limited Partners within that third tier, regardless of their compliance with the Bar Date.

**II.    OPPOSITION**

    *A.    The Plain Language of the Court's Bar Date Order Mandates that the Bar Date Apply to the Limited Partners.*

The Bar Date Order directly governs the subject of this Objection. The Bar Date Order explicitly stated that:

> [a]ll persons or entities having claims against Zero Stage VI, or the receivership estate, or assets or funds in the possession of the Receiver, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver, are ORDERED to file such claims… Bar Date Order at 2.

The Court further ordered severe consequences for all claimants who did not abide by the Court's unambiguous Bar Date Order. The Court stated that:

> any persons or entities, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver, which fail to file a claim against Zero Stage VI, the receivership estate, or assets or funds in possession of the Receiver, in the form and by the time and date required by this Order, shall be forever barred and permanently enjoined from asserting, pursuing or prosecuting any such claims, of any kind or nature, whether now known or unknown, against Zero Stage VI…. Id. at 3.

The First Circuit has sent the clear message that bar dates cannot be disregarded in the federal receivership context. Callahan v. Moneta Capital Corp., 415 F.3d 114 (1st Cir. 2005) (affirming District Court's denial of creditor's claim past bar date in federal receivership matter). "[A] District Court acting as a receivership court has broad discretion in determining whether to permit a claimant to file a late claim or to amend a timely filed claim." Callahan, 415 F.3d 114, 120 (1st Cir. 2005) (citing Ralph E. Clark, *A Treatise on the Law and Practice of Receivers* § 652 (3d ed. 1959)).

Despite the fact that Absent Limited Partners have failed to file a claim whatsoever, much less a timely claim, the Receiver urges the court to allow the unstated, unspecified claims, stating:

> [s]trictly speaking, the Bar Date was not set up to solicit claims by limited partners. However, in order to provide a complete recommendation for order and priority of claims, it makes sense to place private limited partners in their place. The Receiver recommends that any residual assets be paid to all of the Private

3

>           Limited Partners of Zero Stage VI (whether they submitted a claim
>           or not). Receiver's Motion, at 7.

It is true that the claims by the Limited Partners have both equity and debt characteristics, as discussed *infra*. However, it is not true that the Bar Date did not apply to the Limited Partners. The Court clearly stated that *all* claims must be filed before the Bar Date with the two exceptions of the SBA and parties contracted or retained by the SBA as Receiver. The Limited Partners do not comprise the SBA; nor were they retained by the SBA. Thus, the Court's order requiring them to file claims and the imposition of the Court's stated consequence for failing to file a claim applies to the Absent Limited Partners.

    B.    *The Limited Partners would have to Adhere to the Bar Date in the Analogous Bankruptcy Context.*

Setting a Bar Date in a federal receivership or similar bankruptcy scenario is a common practice in this jurisdiction and throughout the nation. Under the Bankruptcy Code,[1] 11 U.S.C. § 501 covers the filing of claims and interests. Section 501 mandates that "[a] creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest." 11 U.S.C. § 501(5)(a). Beacon holds an interest similar both to a claim and an equity security interest. 11 U.S.C. § 101.[2] In bankruptcy, "[o]ne may be both a creditor holding a claim against a debtor and an equity security holder having an interest in the debtor such as where limited partners have legally enforceable right to payment of money from a debtor limited

---

[1] Although an entity such as Zero VI cannot be a debtor under 11 U.S.C. § 109(b)(2), receivership courts routinely refer to bankruptcy law for guidance on procedures and priorities. See e.g. Cerilli v. Newport Offshore, Ltd., 624 A.2d 835, 840 (R.I. 1993).

[2] The bankruptcy code defines a "claim" as a claim is the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured" or the "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101. An equity security interest includes a: (A) share in a corporation whether or not transferable or denominated 'stock', or similar security; (B) interest of a limited partner in a limited partnership; or (C) warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this paragraph. 11 U.S.C. § 101(16).

partnership." Travers, ed. 6 Bankruptcy Desk Guide § 22:2 (2003). Thus, in the analogous bankruptcy scenario, Beacon would most likely have to follow the more stringent rules of a creditor in order to adequately ensure timely filing.

Despite the distinction bankruptcy makes between claims and equity security interests, both creditors and equity security holders must carefully abide by time limits for filing proofs of claims or interests. Rule 3003(c)(2), applicable to chapters 9 and 11 cases, states that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Similarly, any creditor in a chapter 7 case who wishes to file a timely proof of claim must file a claim not later than ninety days after the first date set for the meeting of creditors. 3 Collier Bankruptcy Practice Guide § 50-09[1]. Tardily filed claims are allowed under chapter 7, but only after payment of priority claims and after the payment of claims which were timely filed, if the creditor did not have knowledge of the case in time for timely filing and proof of claim is filed to permit payment of such of claim. 11 U.S.C. § 726(a)(2)(C). Creditors who are tardy and not fitting that requirement fall subsequent in priority. "Although not mentioned in Bankruptcy Code 3002(c) [governing when a proof of claim should be filed in a 7, 12, or 13 cases], the same general rules will probably apply to the time for filing proofs of interest." 3 Collier Bankruptcy Practice Guide § 50-09[1]. Thus, bankruptcy law strictly mandates close adherence to timely filing of claims and interests. Similarly, this Court should also require close adherence to the Bar Date that it mandated, as there is no reason to distinguish the Limited Partners based on the nature of their interest in Zero VI.

  C. *Disregard of the Bar Date as to some Claimants would Foil the Purpose of the Bar Date.*

  Furthermore, allowance of the unasserted claims of the Absent Limited Partners would foil the very purpose of setting a Bar Date. The First Circuit has explained that the purpose and importance behind bar dates in bankruptcy cases is to "'provide the debtor and its creditors with finality' and to 'insure the swift distribution' of the liquidated estate.'" In Re Grace Aboody, 223 B.R. 36, 39 (1st Cir. 1989) (citations omitted). "The time limitations for filing claims against a bankrupt have been held to create an absolute bar against asserting the claim, rather than merely an issue of priority." Id. at 38 (quoting Mercado-Boneta v. Administracion del Fondo de Compensacion al Paciente, 125 F.3d 9 (1st Cir. 1997). If the Receiver's Motion is approved as proposed, the majority of the claims under the third tier of priority will be for unnamed parties in unnamed amounts. This will surely hinder swift distribution of the estate and destroy any finality for the Debtor and Creditors, including the Complying Limited Partners. See In Re Grace Aboody, 223 B.R. 36, 39 (1st Cir. 1989).

  Moreover, the Court did not give the Receiver the power to assert claims on behalf of any claimants.[3] See Fleming v. Lind-Waldock, 992 F.2d 20, 25 (1st Cir. 1990) ("It is axiomatic that a receiver's power is derived from and limited by the order of the court appointing him."(citations omitted)). The fact that the Receiver has apparently assumed the role of protector of the Absent Limited Partners appears to be in conflict with his duty to protect the assets of the corporation. See Fleming v. Lind-Waldock, 922 F.2d 20, 25 (1st Cir. 1990) ("representation of the corporation and protection of its assets [are] the only purview of the receiver."). Thus, the Court should not allow the Receiver to assume such a role.

---

[3] The Bankruptcy Code specifically allows for a trustee/debtor to assert claims on behalf of a claimant. 11 U.S.C. § 501(c).

## III. CONCLUSION

For the foregoing reasons, Beacon respectfully requests the Court to modify the Preliminary Disposition Order so as to (i) deny the claims the Receiver attempts to assert on behalf of the Absent Limited Partners; (ii) provide priority within the third tier for complying Limited Partners; and (iii) order such other and further relief as is necessary and appropriate.

THE BEACON MUTUAL INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP


/s/Charles A. Lovell
Charles A. Lovell (BBO #556064)
Alicia J. Byrd (BBO #663415)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210  FAX

DATED: February 14, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Beacon's Renewed LIMITED OPPOSITION TO RECEIVER'S RECOMMENDATION FOR DISPOSITION OF CLAIMS RECEIVED IN RESPONSE TO CLAIMS BAR DATE was served on February 14, 2007 on the following in the manner indicated:

**By first-class mail:**

Thomas W. Rigby, Esq.  
Chief Counsel for SBIC Liquidation  
Office of General Counsel  
U.S. Small Business Administration  
409 Third Street, S.W.  
Washington, D.C.  20416  

Rayford A. Farquhar  
Assistant U.S. Attorney  
U.S. Attorney's Office  
District of Massachusetts  
One Courthouse Way, Suite 9200  
Boston, MA  02110  

**By the Court's ECF system:**

Robert M. Duffy, Esq.  
Duffy & Sweeney  
Suite 1200  
One Turks Head Place  
Providence, RI  02903  

Donald K. Stern, Esq.  
Julia Frost-Davies, Esq.  
Jason L. Watkins, Esq.  
Bingham McCutchen LLP  
150 Federal Street  
Boston, MA  02110  

/s/Charles A. Lovell_____