UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZERO STAGE CAPITAL VI, L.P. )<br>)<br>Defendant. )<br>_____) | CIVIL CASE NO.<br>05 10887-JLT<br>HON. JOSEPH L. TAURO |

**RECEIVER'S REPLY TO BEACON MUTUAL INSURANCE COMPANY'S
RENEWED LIMITED OPPOSITION TO RECEIVER'S
RECOMMENDATION FOR DISPOSITION OF CLAIMS
RECEIVED IN RESPONSE TO CLAIMS BAR DATE**

The United States Small Business Administration, in its capacity as Receiver ("Receiver") for Zero Stage Capital VI, L.P. ("Zero Stage VI"), hereby replies to the Renewed Limited Opposition ("Renewed Opposition") submitted by Beacon Mutual Insurance Company ("Beacon") to the Receiver's Recommendation for Disposition of Claims Received in Response to Claims Bar Date ("Recommendations"). In its opposition, Beacon, a private limited partner of Zero Stage VI, requests the Court to give the equity claims filed by Beacon and certain other limited partners priority over the interests of limited partners who did not submit claims. For the reasons stated below, no such distinction should be made by the Court in treating the interests of the limited partners of Zero Stage VI.

A.   <u>Limited Partners of Zero Stave VI, as Equity Holders, Were Not Required to File Claims in the Bar Date Process.</u>

On November 4, 2006, this Court entered an Order Approving Form and Manner of Notice to Claimants and Establishing a Claims Bar Date ("Bar Date Order") [Docket Item No. 8]. That Order directed "all persons or entities having claims against Zero Stage VI, or the

Receivership Estate, or assets or funds in possession of the Receiver," to file such claims with the Receiver in the manner and timeframe prescribed in the Order. The Bar Date Order is identical to the form of order used by the SBA in Receiverships throughout the country. The Order is not intended to require equity holders, such as the limited partners in this case, to submit claims to the Receiver <u>unless</u> they have separate, creditor claims apart from their status as investors. As Beacon rightly states in its opposition, it is an investor in Zero Stage VI. Beacon and the other limited partners have equity interests in that entity that are defined by a limited partnership agreement and SBA regulations. Their status is different from that of creditors who must file claims in order to put the Receiver on notice of the nature and amount of their claims against the Receivership estate.

Notwithstanding their status as equity holders, Beacon Mutual and certain other limited partners filed equity claims with the Receiver, even though they were not required to by the intent of the Bar Date Order. The vast majority of limited partners for Zero Stage VI properly understood the requirements of the Bar Date Order and did not submit claims. In its limited opposition, Beacon asserts that the Court should treat those limited partners who filed claims differently than those who did not. Specifically, Beacon asks the Court to deny outright the equity interests of limited partners who did not file a claim pursuant to the Bar Date Order or, alternatively, to give priority to the interests of the limited partners who did file claims. Neither form of relief is warranted here.

Limited partners are not creditors of Zero Stage and, for that reason, are not claimants under the Bar Date Order.[1] To the Receiver's knowledge, no Court has ever applied the form of

---

[1] Although Beacon asserts that its limited partner interest has "debt characteristics," *see* Renewed Opposition at 4, it never explains the basis for that assertion. The assertion is undermined by the fact that Beacon, in its opposition, does not challenge the Receiver's recommendation to give creditors' claims priority over Beacon's interest.

2

Bar Date Order used in this case and numerous other SBA-receivership cases to require limited partners or other equity holders to file claims with the Receiver. To the extent that the language of the Order is unclear in that regard, it should not be construed by this Court to prejudice the pure equity interests of limited partners who, in reliance on the Order and general Receivership practice, did not submit claims to the Receiver.

B.   Beacon's Bankruptcy Analogy is Unavailing.

Beacon argues that bankruptcy practice supports its position, but it is wrong for two reasons. First, bankruptcy principles do not apply to federal receiverships involving SBICs. In fact, Congress expressly provided that SBICs cannot be debtors under bankruptcy law. 11 U.S.C. §109(b)(2). The only case Beacon cites to support its reference to bankruptcy law is a Rhode Island receivership established pursuant to Rhode Island's state law. Such receiverships are not exempt from bankruptcy as SBIC Receiverships are.[2]

Second, even if bankruptcy law provided an applicable analogy, Beacon cites to no authority holding that an equity holder, such as Beacon, would be required under bankruptcy law to submit a proof of claim in order to preserve its equity interest in the bankruptcy proceeding. All Beacon can say, based on cobbled together precedent, is that an equity holder like Beacon "would most likely" or "probably would" have to comply with the time for filing proofs of

---

[2] Beacon distorts the language of the *Cerilli* decision to suggest that receivership courts "routinely refer to bankruptcy law for guidance on procedures and priorities." *See* Renewed Opposition at 4, n.1. In fact, state receivership courts generally refer to the bankruptcy code only to resolve priority questions, which is not an issue presented by Beacon. In *Cerilli*, the court expressly rejected the claimant's reliance on the bankruptcy code opining that although "[i]t is true that the [Rhode Island] Supreme Court has looked to the bankruptcy code to help interpret ambiguous portions of the federal priority statute," the bankruptcy code was not dispositive of the case. *Cerilli*, 624 A.2d at 840 (R.I. 1993) (emphasis added).

The Rhode Island District Court also has noted that since Rhode Island does not have a claim priority statute in receiverships, it will look to bankruptcy law to determine priority issues but rely on receivership law generally for other questions. *U.S. v. F.D.I.C.*, 899 F. Supp. 50, 54 (D.R.I. 1995) ("Of course, it is Rhode Island receivership law that applies to this case"). The District of Massachusetts similarly rejects the general application of bankruptcy law to receivership proceedings. *In re Receivership Estate of Indian Motorcycle Mfg., Inc.*, 299 B.R. 8, 33 (D. Mass. 2003) (recognizing the receiver's acknowledgement that "bankruptcy law rarely applies to receiverships").

3

claims.[3] *See* Renewed Opposition at 5.   In fact, there is no requirement that equity holders ever file proofs of claim in bankruptcy proceedings:

> Creditors present their claims to the court by filing a proof of claim, whereas equity security holders assert their rights to distribution of the proceeds of a solvent corporate debtor by filing a proof of interest. … While the filing of a proof of claim triggers the process of allowance and disallowance of claims and prompts the restructuring of the debtor-creditor relationship, the filing of a proof of interest, which applies only in Chapter 11 cases, is not recognized in the claims process and becomes significant only when the remaining assets of the solvent corpora debtor are being distributed to shareholders.

*In re AVN Corp.*, 235 B.R. 417, 423 (Bankr. W.D. Tenn. 1999) (citations omitted).  Equity holders in bankruptcy proceedings file proofs of <u>interest</u>, not proofs of <u>claim</u>, and they do so only in Chapter 11 cases where there will be assets to be distributed to equity holders. That procedure has no application here.  First, the Bar Date Order only called for the filing of proofs of claim, not proofs of interest. Second, this is a liquidating-receivership of an insolvent entity.  As such, it is not akin to a Chapter 11 bankruptcy case.  Thus, if this were a bankruptcy proceeding, limited partners of Zero Stage VI would not be required to file proofs of claim or proofs.

C.   <u>Recognizing the Interests of all Limited Partners will Not Foil the Purpose of the Bar Date</u>.

Beacon asserts that "allowance of the unasserted claims of the Absent Limited Partners would foil the very purpose of setting a Bar Date," which is to provide finality and insure the swift distribution of estate assets. *See* Renewed Opposition at 6.  Beacon's argument, however, presupposes that the identity of the "Absent Limited Partners" and the amount of their claims are unkown.  In fact the Receivership has detailed records of who the limited partners are and the amount of their partnership interests.  Accordingly, allowance of their claims will neither delay

---

[3] Beacon's argument seems to be based on an assumption that the interests of the "Absent Limited Partners" are akin to claims that are not scheduled in a bankruptcy proceeding. But because the Receiver knows the identity of all Zero Stage VI's limited partners and the amount of their partnership interests, those interests are not analogous to unscheduled interests in bankruptcy.

4

distributions nor destroy finality.

D.   <u>The Receiver has Acted Appropriately to Assert Derivative Claims of the Limited Partners.</u>

Beacon argues that in recognizing the interests of the "Absent Limited Partners," the Receiver in effect is asserting claims on their behalf. *See* Renewed Opposition at 6. Beacon further asserts that "the Court did not give the Receiver the power to assert claims on behalf of any claimants." Id. That is not an accurate statement. The Consent Order of Receivership entered in this case granted the Receiver all powers possessed by Zero Stage VI's limited partners. *See* Consent Order [Docket Item No. 4] at para. 2. That power includes the right to bring derivative suits on behalf of the partnership for the benefit of the limited partners. *See U.S. v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 447 (3d Cir. 2005); *see also Mass. Gen. Laws Ch. 109 §56*. It is that power that the Receiver-exercised in this case to determine the amount and priority of claims.

In order to prepare Recommendations, the Receiver had to consider the various claims asserted against the Estate. Zero Stage Capital, Inc. ("ZSC"), a company controlled by Zero Stage VI's general partner, submitted a $4.9 million claim, which includes approximately $4.0 million in pre-Receivership management fees. In reviewing this claim and determining its amount and priority, the Receiver necessarily had to consider the interests of Zero Stage VI's limited partners. That is because before the receivership ever was instituted, ZSC agreed to subordinate its rights to certain management fees to the interests of the limited partners. That agreement was stated by ZSC in several documents, including reported in Zero Stave VI's Fourth Quarter Report for 2004:

> Zero Stage Capital Company, Inc., the management company, has agreed to waive the collection of management fees due and payable and any future fees until such time as the Limited Partners have received repayment of their capital contributions to the

5

Partnership.

The relevant documents are referenced and attached to the Receiver's Memorandum submitted in support of his Recommendations to the Court. [Docket Item No. 27]. Given ZSC's prior agreement to subordinate its interest to those of the Limited Partners, the Receiver was required to consider the interests of the Limited Partners in determining the allowed portion of ZSC's claim and its proper place in the order of priority. For these reasons, the Receiver not only was authorized by the Court to represent the interests of the Limited Partners, it was required to do so given the subordinated nature of ZSC's claim.

## CONCLUSION

For the foregoing reasons, the Court should not grant the relief sought in Beacon's limited opposition to the Receiver's Motion.

                                                                Respectfully submitted,

Dated: 03/20/07                                    /s/ Robert M. Duffy
                                                ROBERT M. DUFFY (BBO # 552840)
                                                Duffy, Sweeney & Scott, Ltd.
                                                One Turks Head Place, Suite 1200
                                                Providence, RI  02903
                                                Telephone:    (401) 455-0700
                                                Facsimile :    (401) 455-0701


Dated: 03/20/07                                    /s/ Thomas W. Rigby
                                                THOMAS W. RIGBY
                                                VA. Bar No. 34663
                                                D.C. Bar No. 463532
                                                Chief Counsel For SBIC Liquidation
                                                Office of General Counsel
                                                U.S. Small Business Administration
                                                409 Third Street, Seventh Floor
                                                Washington, DC 20416
                                                Telephone: (202) 619-1610
                                                Facsimile: (202) 481-5866


                                                Attorneys for Plaintiff United States of America, on behalf of the U.S. Small Business Administration

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Receivers Reply to Beacon Mutual Insurance Company's Limited Opposition to Receiver's Motion for Entry of an Order Approving The Recommendation for Disposition of Claims* was filed through the ECF system on the 20th day of March, 2007, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via Electronic Filing*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416

*Via First Class Mail*
Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P..
666 11th Street, N.W., suite 200
Washington, DC 20001-4542

/s/   Robert Duffy

USSBA/Zero Stage VI/Pleadings/Reply to Beacon Limited Opp. To Rcvr M Entry Order 03-20-07