UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZERO STAGE CAPITAL VI, L.P. ) <br> ) <br> Defendant. ) <br> ) | CIVIL CASE NO. <br> 05 10887-JLT <br> HON. JOSEPH L. TAURO |

**MEMORANDUM OF LAW IN SUPPORT OF
RECEIVER'S MOTION TO ALLOW PAYMENT OF FUNDS
TO THE UNITED STATES SMALL BUSINESS ADMINISTRATION**

The U.S. Small Business Administration ("SBA") in its capacity as Receiver ("Receiver") for Zero Stage Capital VI, L.P. ("Fund VI") files this Memorandum in Support of its Motion to Allow Payment of Funds to the SBA and in support of such states:

1. On May 4, 2005 the Court issued its Consent Order of Receivership [Dkt. No. 4], pursuant to which the Receiver was appointed. The Receiver was appointed for the purpose of marshaling and liquidating all of Fund VI's assets and satisfying the claims of creditors in order of priority as determined by this Court [Id. ¶1]. Since its appointment, the Receiver, by and through its Principal Agent and others, has taken possession of all known assets and books and records of Fund VI.

2. On October 28, 2005, the Receiver filed a Motion for an Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date [Dkt. No. 6]. On November 4, 2005, the Court issued its Order approving the form and manner of notice to claimants and establishing January 20, 2006 as the claims bar date in these proceedings [Dkt.

No. 8]. On November 2, 2006, the Receiver filed its Motion for Entry of an Order Approving Recommendation for Disposition of Claims Received in Response to the Claims Bar Date [Dkt. No. 26]. In an Order dated January 17, 2006, the Court preliminarily approved the Receiver's recommended disposition and priority of claims and expressly provided Claimants 30 days to object to the Court's approval [Dkt. No. 28]. The Court also authorized the Receiver and any objecting Claimant to agree to a joint discovery plan relating to the objection.

3. Only two Claimants submitted objections, Beacon Mutual Insurance Co. [Dkt. No. 39] and Zero Stage Capital Company, Inc. ("ZSC") [Dkt. No. 30]. The Receiver and ZSC have agreed to a Joint Discovery Plan relating to ZSC's objection [Dkt. No. 37].

4. Beacon Mutual's objection does not relate to the nature or amount of its claim, but rather to its priority. Specifically, Beacon has asked the Court to give priority to the claims of limited partners (such as Beacon) who submitted claims in the Receivership over the interest of limited partners who did not submit claims in the Receivership. Beacon does not dispute that its claim is subordinated to SBA's and has no basis to oppose payments to SBA.

5. ZSC submitted a claim in the amount of $4,873,000.71. The claim is comprised of three components: (1) management fees of $3,925,335.71; (2) $841,783.00 of expenses claimed pursuant to Article 3(b) of the Management Agreement between ZSC and Fund VI ("Article 3(b) Expenses"); and (3) $105,882.00 for services ZSC claims were provided to Fund VI after the fund was placed into Receivership. ZSC's claim for management fees includes an amount of $1,204,237.00 for fees ZSC asserts are due to ZSC pursuant to Article 3(a) of the Management Agreement between ZSC and Fund VI ("Article 3(a) Expenses"). ZSC has acknowledged that its claim for management fees, including the $1,204,237.00 of Article 3(a) Expenses, is subordinated to the administrative expenses of this Estate as well as to the priority

equity claims of the SBA and the claims of Fund VI's private limited partners. *See* Letter of Donald K. Stern, counsel to ZSC, dated June 7, 2007, a copy of which is attached as <u>Exhibit A</u>. ZSC also has withdrawn its claim for post-Receivership expenses *See id.* Accordingly, the only amount ZSC is claiming currently that even potentially could have priority over the SBA and the private limited partners is its claim for $841,783.00 of Article 3(b) Expenses.

6.  As of this time, the only possible remaining claims against the Receivership Estate are comprised of (1) administrative claims of the Receiver, professionals retained by the Receiver in connection with these proceedings and any other ancillary expenses of liquidation of Fund VI's assets by the Receiver, such as taxes; (2) priority equity claims of the SBA under 15 U.S.C. §683(g)(3) and 13 C.F.R. §107.1500(f); (3) claims approved by the Court in its Conditional Order; (4) ZSC's claim for $841,783.00 of Article 3(b) Expenses, which has been preliminarily denied by the Court and is the subject of a pending objection; (5) subordinated claims of the private limited partners, the general partner and ZSC.

7.  As the Court is aware from the Receiver's Report, the administrative claims of the professionals retained by the Receiver are paid currently on a monthly basis. *See* Receiver's Report [Dkt. No. 20] at page 11.

8.  At this point, the Receiver does not anticipate that total expenses and non-SBA claims will exceed, in the aggregate, $3 million for the duration of these proceedings. The priority equity claims of the SBA are for the Redemption Price of the participating Securities purchased by SBA from Fund VI in the principal amount of $93,205,000.00, as those terms are defined in 13 C.F.R. §107.50 and then used in §107,1500(f).[1]

---

[1] The other categories of payments to which SBA may claim priority under 13 C.F.R. §107.1400(f)(2) and (3) are not applicable under current circumstances. In the highly improbable event that the assets of the Fund VI Receivership Estate were sufficient to show a profit, then SBA would be entitled to additional priority claims under that provision of SBA's regulations.

9. As of May 31, 2007, the Receiver holds approximately $18,545,000 in its Receivership account. In addition, the Receiver anticipates that it will be adding to the account on a monthly basis as it liquidates remaining investments. In order to maintain a more than sufficient reserve to cover any anticipated administrative costs with respect to the wind-down of these proceedings, the Receiver proposes that it be allowed, on a monthly basis, to pay all amounts from the receivership account that exceed $3 million to the SBA towards payment of its priority equity position under 15 U.S.C. §683(g)(3) and applicable regulations. In other words, the Receiver proposes keeping a $3 million reserve and paying all of the excess to SBA on a monthly basis, up to $ 93,205,000.[2]

WHEREFORE, the Receiver requests authority to pay funds to the SBA, on a monthly basis, in the manner set forth above and for such other and further relief, general or special, at law or in equity, to which the Receiver may show itself justly entitled.

Respectfully submitted,

Dated: June 19, 2007

/s/ Robert M. Duffy
ROBERT M. DUFFY (BBO # 552840)
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
Telephone:   (401) 455-0700
Facsimile :   (401) 455-0701

---

[2] It is not expected that the Receivership Estate will have sufficient assets to fully pay the SBA's priority equity claims.

Dated: June 19, 2007                     /s/ Thomas W. Rigby
                                    THOMAS W. RIGBY
                                    VA Bar No. 34663
                                    D.C. Bar No. 463532
                                    Chief Counsel for SBIC Liquidation
                                    Office of General Counsel
                                    U.S. Small Business Administration
                                    409 Third Street, Seventh Floor
                                    Washington, DC 20416
                                    Telephone: (202) 619-1610
                                    Facsimile: (202) 481-5866

                                    Attorneys for the Receiver

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing *Memorandum of Law in Support of Receiver's Motion To Allow Payment of Funds to the United States Small Business Administration* filed through the ECF system on the 19th day of June, 2007, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via Electronic Filing*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416

          /s/ Robert M. Duffy
          ROBERT M. DUFFY (BBO # 552840)
          Duffy Sweeney & Scott, Ltd.

# EXHIBIT A

Case 1:05-cv-10887-JLT    Document 47-2    Filed 06/19/2007    Page 1 of 3

# BINGHAM

Donald K. Stern
Direct Phone: 617-951-8250
Direct Fax:   (617) 951-8736
donald.stern@bingham.com

June 7, 2007

BY EMAIL AND FIRST-CLASS MAIL

Stacey P. Nakasian, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

Re: *United States of America v. Zero Stage Capital VI, LP*
U.S.D.C. (D. Mass.), Civil Case No. 05-10887-JLT

Dear Stacey:

As you know, Zero Stage Capital Company, Inc. ("Zero Stage") submitted a claim dated January 19, 2006 (the "Claim") in the receivership of Zero Stage Capital VI, L.P. ("Fund VI") in a total amount of $4,873,000.71, comprising (i) $3,925,335.71 in management fees (inclusive of $1,204,237 of so-called "3(a) Expenses", the "Management Fee Claim"), (ii) $841,783 of expenses (the "3(b) Expenses"), and (iii) $105,882 for services to the Fund VI receivership for May and June 2005 (the "Post-Receivership Expenses"). On November 2, 2006, the United States Small Business Administration ("SBA"), as Receiver for Fund VI, filed with the Court a Notice of Recommended Disposition and Priority of Claims in Response to the Claims Bar Date (the "Receiver's Recommendation"). As it relates to Zero Stage, the Receiver's Recommendation requested that Zero Stage's claim for Management Fees be paid only after all administrative expenses of the Fund VI estate have been satisfied and the SBA and the private limited partners of Fund VI have been repaid in full in the total amount of $169,948,859, and that the 3(b) Expenses and Post-Receivership Expenses be denied in their entirety. In an Order dated January 17, 2006 ("Order"), the Receivership Court granted preliminary approval of the Receiver's Recommendation and established a procedure and timeframe for claimants to submit objections to the Order.

Zero Stage hereby confirms that it will not object to the Receiver's Recommendations or the Order as they relate to Zero Stage's claims for the Management Fees and the Post-Receivership Expenses. Zero Stage (i) acknowledges that the Management Fees are subordinated to (a) the administrative expenses of the Fund VI estate, (b) the repayment of the principal amount of the SBA's "Participating Securities" in Fund VI, and (c) the return of capital, if any, to the private limited partners of Fund VI; and (ii) withdraws its

Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

617.951.8000
617.951.8736
bingham.com

Stacey P. Nakasian
June 7, 2007
Page 2

claim for Post-Receivership Expenses, which claim may be deemed disallowed and expunged in its entirety. Zero Stage maintains its Claim to the extent of the 3(b) Expenses. Zero Stage acknowledges that neither the SBA nor the Receiver has released or waived any claims that they may have against Zero Stage, and Zero Stage reserves its rights and defenses with respect to any such claims.

Very truly yours,

Donald K. Stern

cc: Paul Kelley
Theodore Tedeschi, Esq.
Julia Frost-Davies, Esq.
Jason L. Watkins, Esq.