UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZERO STAGE CAPITAL VI, L.P. ) <br> ) <br> Defendant. ) <br> ) | CIVIL CASE NO. <br> 05 10887-JLT <br> HON. JOSEPH L. TAURO |

## RECEIVER'S BAR DATE STATUS REPORT

The United States Small Business Administration, as Receiver (the "Receiver") for Zero Stage Capital VI, L.P. ("Fund VI"), by and through its undersigned counsel, hereby submits this Report to the Court regarding the status of the Bar Date process in this action.

By Order dated January 17, 2006 [No. 36] (the "Order"), the Court preliminarily approved the Receiver's Notice of Recommended Disposition and Priority of Claims. The Order directed any claimant opposing the disposition of claims set forth in the Order (1) to file a Motion in Opposition together with a brief within thirty days of the date the Order was served on the claimant, or (2) if discovery was needed, to file a joint discovery plan or motion for limited discovery within the same timeframe.

Two claimants initially indicated opposition to the Court's preliminary determination of their claims. One of those was Beacon Mutual Insurance Company ("Beacon"), a private limited partner of Fund VI. Beacon filed its Renewed Limited Opposition to Receiver's Recommendation for Disposition of Claims [No. 39] on February 14, 2007. The Receiver submitted its Reply to Beacon's Opposition on March 20, 2007 [No. 45]. Beacon seeks in its

Limited Opposition to have the Court give equity claims filed by Beacon and certain other limited partners priority over the interest of limited partners who did not submit claims in the Bar Date process. The Receiver recommends that the Court make no distinction in priority of limited partner interests. That issue has been fully briefed and is ready for disposition by the Court.

A second claimant, Zero Stage Capital Company, Inc. ("ZSC"), also indicated that it would be objecting to the Court's preliminary determination of its claim. ZSC and the Receiver submitted a joint discovery plan to the Court on January 17, 2007. [No. 37]. According to that plan, ZSC was to file its Motion in Opposition on or before July 15, 2007. At ZSC's request, the Receiver agreed to a continuance of that date. Subsequently, ZSC informed the Receiver that it no longer intends to oppose the disposition of its claim set forth in the Court's preliminary Order. A copy of a letter from ZSC's counsel confirming ZSC's intention is attached as Exhibit A. Accordingly, the only issue remaining for the Court to resolve in the Claims Bar Date process is Beacon's limited opposition. Pursuant to its terms, the preliminary approval of claims set forth in the Order has become final as to all other claimants.

Respectfully submitted,

Dated: August 10, 2007

/s/ Robert M. Duffy
Robert M. Duffy (BBO # 552840)
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
Telephone:    (401) 455-0700
Facsimile :    (401) 455-0701

Dated: August 10, 2007    _____/s/ Thomas W. Rigby_____
Thomas W. Rigby
VA. Bar No. 34663
D.C. Bar No. 463532
Chief Counsel For SBIC Liquidation
Office of General Counsel, 7th Floor
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416
Telephone: (202) 619-1610
Facsimile: (202) 481-5866

Attorneys for the Receiver

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing *Receiver's Bar Date Status Report* was filed through the ECF system on the 10th day of August, 2007, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified below:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via First Class Mail*
Maurice J. Whalen, Managing Director
Invotex Group
1100 Connecticut Avenue, N.W., Suite 710
Washington, DC 20036

*Via First Class Mail*
Christine Rishty
Receivership Office
666 Eleventh Street, Suite 200
Washington DC 20001

*Via First Class mail*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street, 7th Floor
Washington, DC 20416

                                                /s/ Robert M. Duffy
                                     ROBERT M. DUFFY (BBO # 552840)
                                     Duffy Sweeney & Scott, Ltd.

USSBA\Zero Stage VI\Pleadings\Receiver Bar Date Status Report 08-06-07

# EXHIBIT A

# BINGHAM

LEGAL INSIGHT. BUSINESS INSTINCT.

Donald K. Stern
Direct Phone: 617-951-8250
Direct Fax:    (617) 951-8736
donald.stern@bingham.com

August 10, 2007

BY EMAIL AND FIRST-CLASS MAIL

Stacey P. Nakasian, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

Re: *United States of America v. Zero Stage Capital VI, LP*
    **U.S.D.C. (D. Mass.), Civil Case No. 05-10887-JLT**

Dear Stacey:

    As you know, Zero Stage Capital Company, Inc. ("Zero Stage") submitted a claim dated January 19, 2006 (the "Claim") in the receivership of Zero Stage Capital VI, L.P. ("Fund VI") in a total amount of $4,873,000.71, comprising (i) $3,925,335.71 in management fees (inclusive of $1,204,237 of so-called "3(a) Expenses", the "Management Fees"), (ii) $841,783 of expenses (the "3(b) Expenses"), and (iii) $105,882 for services to the Fund VI receivership for May and June 2005 (the "Post-Receivership Expenses"). On November 2, 2006, the United States Small Business Administration ("SBA"), as Receiver for Fund VI, filed with the Court a Notice of Recommended Disposition and Priority of Claims in Response to the Claims Bar Date (the "Receiver's Recommendation"). As it relates to Zero Stage, the Receiver's Recommendation requested that Zero Stage's claim for Management Fees be paid only after all administrative expenses of the Fund VI estate have been satisfied and the SBA and the private limited partners of Fund VI have been repaid in full in the total amount of $169,948,859, and that the 3(b) Expenses and Post-Receivership Expenses be denied in their entirety. In an Order dated January 17, 2006 ("Order"), the Receivership Court granted preliminary approval of the Receiver's Recommendation and established a procedure and timeframe for claimants to submit objections to the Order.

    Zero Stage hereby confirms that it will not object to the Receiver's Recommendations or the Order as they relate to Zero Stage's Claim. Zero Stage (i) acknowledges that the Management Fees are subordinated to (a) the administrative expenses of the Fund VI estate, (b) the repayment of the principal amount of the SBA's "Participating Securities" in Fund VI, and (c) the return of capital, if any, to the private limited partners of Fund VI; and (ii) withdraws its

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

617.951.8000
617.951.8736
bingham.com

Stacey P. Nakasian
August 10, 2007
Page 2

claims for Post-Receivership Expenses and 3(b) Expenses, which claims may be deemed disallowed and expunged in their entirety.

Zero Stage acknowledges that neither the SBA nor the Receiver has released or waived any claims that they may have against Zero Stage, and Zero Stage reserves its rights and defenses with respect to any such claims.

Very truly yours,

*[signature]*
for
Donald K. Stern

cc: Paul Kelley
Theodore Tedeschi, Esq.
Julia Frost-Davies, Esq.
Jason L. Watkins, Esq.