UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff and Receiver, | * | |
| v. | * | Civil Action No. 05-10887-JLT |
| ZERO STAGE CAPITAL VI, L.P., | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

August 17, 2007

TAURO, J.

**Background**

On January 17, 2007, this court entered an order preliminarily approving the asset disposition plan proposed by United States Small Business Administration as Receiver of the Defendant Zero Stage Capital VI, L.P. ("Zero VI").[1] This order allowed interested parties to file objections to the disposition.[2] Beacon Mutual Insurance Company ("Beacon") has timely filed such an objection.

**Beacon's Objection**

This court's November 4, 2005 order stated "that all persons or entities having claims

---

[1] Order, Paper #36, ¶ 4.

[2] Id., ¶ 7.

against Zero Stage VI, . . ., are ORDERED to file such claims" by January 20, 2006.[3]  Beacon, an investor and limited partner in Zero VI, timely filed such a claim.  Other limited partners did not.  The Receiver's proposed disposition of assets divides funds between limited partners without regard to whether the limited partner filed a claim.

Beacon contends that the claims of limited partners who did not timely file should be denied or, at least, subordinated to limited partners like Beacon, who did timely file their claims.  Beacon cites various cases about the importance of respecting a claims bar date, but cites no case law to suggest that it would be appropriate to treat limited partners as claimants in a case like this.  As the Receiver explains, there is only a need for creditors and claimants who have claims for unknown amounts to file claims.  The stake of each partner is contained in the records of Zero VI, and the Receiver does not need formally filed claims to determine how to divide whatever residue of the fund assets remain after creditors are paid.  In this way, the Receiver acted appropriately in determining its proposed asset disposition.

Though the November 4, 2005, order may have some ambiguity, the fact that limited partners claims' are known makes it clear that the proper and intended construction of the court's November 4, 2005, order is the one proposed by the Receiver.  Additionally, adopting Beacon's proposed construction would unfairly exploit any ambiguity to prejudice limited partners who reasonably believed they did not need to file claims attesting to the amount of their partnership stake.  Adopting the Receiver's construction is not unfair to Beacon, who will be given, as the availability of funds dictate, a disbursement proportionate to its initial investment.

---

[3] Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date, Paper # 8, ¶ 5.

**Conclusion**

Beacon's <u>Limited Opposition to Receiver's Recommendation for Disposition of Claims</u> [#39] is OVERRULED.  Receiver's <u>Motion for Leave to File Corrected Exhibit</u> [#43] is ALLOWED.  By August 24, 2007, Receiver shall file another status report, noting whether the case may be closed, or instead, that the disposition of Zero VI's assets require further action from this court.

IT IS SO ORDERED.

       /s/ Joseph L. Tauro
United States District Judge