UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZERO STAGE CAPITAL VI, L.P. )<br>)<br>Defendant. )<br>_____) | CIVIL CASE NO.<br>05 10887-JLT<br>HON. JOSEPH L. TAURO |

**MEMORANDUM OF LAW IN SUPPORT OF
RECEIVER'S MOTION TO MODIFY THE JULY 9, 2007 ORDER
APPROVING THE PAYMENT OF FUNDS TO
THE UNITED STATES SMALL BUSINESS ADMINISTRATION**

The United States Small Business Administration ("SBA") in its capacity as Receiver ("Receiver") for Zero Stage Capital VI, L.P. ("Fund VI") files this Memorandum in Support of its Motion to Modify the July 9, 2007 Order Approving the Payment of Funds to the SBA and in support of such states:

1. In a Motion filed June 19, 2007 [Dkt. No. 46], the Receiver requested authority from the Court to pay funds to the SBA, on a monthly basis, in amounts that exceed $3 million towards payment of the SBA's priority equity position ($93,205,000) under 15 U.S.C. §683(g)(3) and applicable regulations. The Receiver proposed to retain $3 million in its account from which it could pay Receivership expenses and any non-SBA claims determined to have priority over the SBA's equity position.

2. The Court approved the Receiver's unopposed Motion by an Electronic Order docketed July 9, 2007.

3.  On August 10, 2007, Zero Stage Capital, Inc. ("ZSC") withdrew a claim for $840,000 that it had previously asserted against the Receivership Estate. *See* Letter of Donald K. Stern, Counsel to ZSC, dated August 10, 2007, a copy of which is attached as Exhibit A. That was the only pending claim that might have had priority over the SBA's equity position. The only other non-SBA claims approved by the Court are behind SBA's equity position. See Order of January 17, 2007 [Dkt. No. 36] para. 5. It is not expected that there will be sufficient funds in the Estate to pay any part of the claims with lower priority than the SBA's equity position.

4.  The only other draw on the Receiver's account is the Receiver's administrative expenses. The Receiver currently does not anticipate those expenses to exceed, in the aggregate, $1.75 million for the duration of these proceedings.

5.  The Receiver requests that the Court modify its July 9, 2007 Order to authorize the Receiver, on a monthly basis, to pay all amounts from the Receivership account that exceed an initial reserve of $1.75 million to the SBA towards payment of its priority equity position under 15 U.S.C. §683(g)(3) and applicable regulations. In other words, the Receiver proposes identifying an initial $1.75 million reserve and paying all the excess to the SBA on a monthly basis, up to $93,205,000. The reserve will be used to pay Receivership expenses as they became due.

WHEREFORE, the Receiver requests authority to pay funds to the SBA, on a monthly basis, going forward in a manner set forth above and for such other and further relief, general or special, at law or in equity, to which the Receiver may show itself justly entitled.

                                        Respectfully submitted,

Dated: September 7, 2007                     /s/ Robert M. Duffy
                                        Robert M. Duffy (BBO # 552840)
                                        Duffy, Sweeney & Scott, Ltd.
                                        One Turks Head Place, Suite 1200
                                        Providence, RI  02903
                                        Telephone:     (401) 455-0700
                                        Facsimile :     (401) 455-0701


Dated: September 7, 2006                     /s/ Thomas W. Rigby
                                        Thomas W. Rigby
                                        VA. Bar No. 34663
                                        D.C. Bar No. 463532
                                        Chief Counsel For SBIC Liquidation
                                        Office of General Counsel, 7th Floor
                                        U.S. Small Business Administration
                                        409 Third Street, Seventh Floor
                                        Washington, DC 20416
                                        Telephone: (202) 619-1610
                                        Facsimile: (202) 481-5866

                                        Attorneys for the Receiver

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that service of the foregoing *Memorandum of Law in Support of Receiver's Motion to Modify the July 9, 2007 Order Approving the Payment of Funds to the United States Small Business administration* was filed through the ECF system on the 7th day of September, 2007, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified below:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via First Class Mail*
Maurice J. Whalen, Managing Director
Invotex Group
1100 Connecticut Avenue, N.W., Suite 710
Washington, DC 20036

*Via First Class Mail*
Christine Rishty
Receivership Office
666 Eleventh Street, Suite 200
Washington DC 20001

*Via First Class mail*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street, 7th Floor
Washington, DC 20416


       /s/ Robert M. Duffy
      ROBERT M. DUFFY (BBO # 552840)
      Duffy Sweeney & Scott, Ltd.

USSBA\Zero Stage VI\Pleadings\Memo re Motion Allow Add Pmt Funds to USSBA 09-04-07

# EXHIBIT A

# BINGHAM

LEGAL INSIGHT. BUSINESS INSTINCT.



Donald K. Stern
Direct Phone: 617-951-8250
Direct Fax:     (617) 951-8736
donald.stern@bingham.com

August 10, 2007

BY EMAIL AND FIRST-CLASS MAIL

Stacey P. Nakasian, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903

Re: *United States of America v. Zero Stage Capital VI, LP*
    U.S.D.C. (D. Mass.), Civil Case No. 05-10887-JLT

Dear Stacey:

As you know, Zero Stage Capital Company, Inc. ("Zero Stage") submitted a claim dated January 19, 2006 (the "Claim") in the receivership of Zero Stage Capital VI, L.P. ("Fund VI") in a total amount of $4,873,000.71, comprising (i) $3,925,335.71 in management fees (inclusive of $1,204,237 of so-called "3(a) Expenses", the "Management Fees"), (ii) $841,783 of expenses (the "3(b) Expenses"), and (iii) $105,882 for services to the Fund VI receivership for May and June 2005 (the "Post-Receivership Expenses"). On November 2, 2006, the United States Small Business Administration ("SBA"), as Receiver for Fund VI, filed with the Court a Notice of Recommended Disposition and Priority of Claims in Response to the Claims Bar Date (the "Receiver's Recommendation"). As it relates to Zero Stage, the Receiver's Recommendation requested that Zero Stage's claim for Management Fees be paid only after all administrative expenses of the Fund VI estate have been satisfied and the SBA and the private limited partners of Fund VI have been repaid in full in the total amount of $169,948,859, and that the 3(b) Expenses and Post-Receivership Expenses be denied in their entirety. In an Order dated January 17, 2006 ("Order"), the Receivership Court granted preliminary approval of the Receiver's Recommendation and established a procedure and timeframe for claimants to submit objections to the Order.

Zero Stage hereby confirms that it will not object to the Receiver's Recommendations or the Order as they relate to Zero Stage's Claim. Zero Stage (i) acknowledges that the Management Fees are subordinated to (a) the administrative expenses of the Fund VI estate, (b) the repayment of the principal amount of the SBA's "Participating Securities" in Fund VI, and (c) the return of capital, if any, to the private limited partners of Fund VI; and (ii) withdraws its

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

T 617.951.8000
F 617.951.8736
bingham.com

Stacey P. Nakasian
August 10, 2007
Page 2

claims for Post-Receivership Expenses and 3(b) Expenses, which claims may be deemed disallowed and expunged in their entirety.

Zero Stage acknowledges that neither the SBA nor the Receiver has released or waived any claims that they may have against Zero Stage, and Zero Stage reserves its rights and defenses with respect to any such claims.

Very truly yours,

*for*
Donald K. Stern

cc: Paul Kelley
Theodore Tedeschi, Esq.
Julia Frost-Davies, Esq.
Jason L. Watkins, Esq.