UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CIVIL CASE NO. |
| Plaintiff, ) | 05 10887-JLT |
| ) | HON. JOSEPH L. TAURO |
| v. ) | |
| ) | Second Receiver's Report |
| ZERO STAGE CAPITAL VI, L.P. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**SECOND RECEIVER'S REPORT
FOR THE PERIOD FROM JUNE 1, 2006 THROUGH FEBRUARY 29, 2008**

This Second Receiver's Report ("Second Receiver's Report") is being filed with the Court by the United States Small Business Administration ("SBA"), which was appointed Receiver ("Receiver") of Zero Stage Capital VI, L.P. ("Zero Stage VI") pursuant to this Court's Order dated March 7, 2008.[1] This report summarizes the activities of the receivership for the period from June 1, 2006 through February 29, 2008. The First Receiver's Report, for the period May 4, 2005 through May 31, 2006, was filed with the Court on July 26, 2006 [Docket No. 20]. The Court approved and confirmed the acts, transactions, rights and disbursements described in that Report by Order entered January 17, 2007 [Docket No. 36]. Status reports were also filed on August 6, 2007 relative to progress in identifying and resolving claims against the estate [Docket No. 48] and September 5, 2007 relative to the remaining projects to be completed [Docket No. 51].

---

[1] The Court originally ordered the Receiver to submit a Status Report by March 19, 2008. The Court subsequently extended that deadline to April 9, 2008 at the Receiver's request. *See* Docket Entry dated March 19, 2008.

I.  **BACKGROUND**

Zero Stage VI is a limited partnership organized under the laws of the Commonwealth of Massachusetts and licensed to conduct business in the Commonwealth of Massachusetts. Zero Stage VI was one of several venture capital funds managed by Zero Stage Capital Company, Inc. ("ZSC").

Zero Stage VI was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Small Business Investment Act of 1958, as amended (the "Act"), 15 U.S.C. §681(c) on November 30, 1998, SBA License No. 01/71-0372, solely to do business under the provisions of the Act and the regulations promulgated there under. Pursuant to Section 303 of the Act, 15 U.S.C. § 683, SBA provided financing to Zero Stage VI through the purchase of Participating Securities, a form of leverage, as those terms are defined under the Regulations, in the total principal amount of $93,205,000.00. Subsequently, SBA determined that Zero Stage VI was in violation of SBA regulations, 13 C.F.R. §107.1830(b) and 507(c), because it was not in compliance with the terms of the Leverage due to its uncured condition of Capital Impairment, as defined in the Regulations at 13 C.F.R. §107.1830(b).

SBA filed a Complaint for Receivership and Injunction on April 29, 2005, seeking, among other things, that the Court take exclusive jurisdiction of Zero Stage VI and appoint SBA as Receiver for the purpose of liquidating the assets and satisfying the claims of creditors. On May 4, 2005, this Court entered its Order Granting Plaintiff's Joint Motion for a Permanent Injunction and Appointment of the SBA as Receiver for Zero Stage VI ("Receivership Order"), which motion was consented to by Zero Stage VI's former management. The Receivership Order provides, inter alia, that this Court take exclusive jurisdiction of Zero Stage VI and all of its assets, wherever located, and that SBA is the court-appointed Receiver of Zero Stage VI for the

2

purpose of operating, administering, and liquidating the assets of Zero Stage VI and satisfying the claims of its creditors. In addition, the Receivership Order stays all legal proceedings involving Zero Stage VI or any assets of Zero Stage VI, and enjoins all persons from initiating any civil proceedings involving Zero Stage VI or any of its assets.

## II.     OPERATION OF THE RECEIVERSHIP

### A.     General Operations

As reported in the First Receiver's Report, the Receiver took possession of relevant books, records and related files from Zero Stage VI's former offices in Boston, Massachusetts and moved them to the Receiver's offices in Washington, D.C. Based on the information gathered and discussions with Zero Stage VI's pre-receivership management, the Receiver identified, marshaled, and began to liquidate the assets of Zero Stage VI by, among other things, analyzing the records maintained by Zero Stage VI's pre-receivership management and analyzing the debts and claims of Zero Stage VI. The Receiver has continued to collect funds due to Zero Stage VI and is administering the Zero Stage VI receivership estate so as to effect an orderly and expeditious liquidation of its assets in accordance with the Receivership Order.

Once the liquidation is completed, the net proceeds of the liquidation will be used to satisfy the claims of creditors in the order of priority of such claims, as has been determined by this Court. The Receiver does not anticipate any excess proceeds will be available for distribution to the private limited partners of Zero Stage VI.

### B.     Notice of Receivership

In accordance with paragraph 4 of the Receivership Order, the Receiver gave written notice of its appointment by first class U.S. mail, postage prepaid, to the relevant individuals and

entities, including limited partners, portfolio companies and known creditors, to the extent the Receiver was able to obtain proper mailing addresses.

### C. Personnel

Pursuant to paragraph 5 of the Receivership Order, the Receiver retained Maurice J. Whalen, CPA as Principal Agent for the Receiver. The Receiver also retained Christine Rishty to assist with the administration of the receivership estate. The Washington, D.C. law firm of Ober Kaler Grimes & Shriver has been retained as special counsel for securities transactions, and the law firm of Duffy Sweeney & Scott, Ltd. has been retained to serve as the Receiver's local counsel in Massachusetts.

Additionally, The Riggs Group, P.C., an accounting firm, was retained to reconstruct accounting records, prepare and file tax returns, and perform cash management functions, including processing of accounts payable, accounts receivable and bank account reconciliation. Professional Business Services, Inc. was retained to prepare certain partnership filings required to keep the partnership in good standing with state authorities and to prepare payroll filings required by the IRS, such as 1099 and W-2 filings.

### D. Miscellaneous Operational Matters

The Receiver maintains a fully collateralized interest-bearing account with Branch Banking & Trust Company ("BB&T") based in Wilson, N.C. This account held $3,262,669.89 as of January 31, 2007.

The Receiver administers the receivership estate from the SBA Receivership Office located at 666 Eleventh Street, NW, Washington, D.C. The Receiver for Zero Stage VI shares office space, overhead expenses and administrative services with other receiverships for which the SBA is serving as Receiver. This arrangement is beneficial to the Zero Stage VI as operating

costs for each individual receivership are reduced by such sharing of costs, as well as by the Receiver's use of certain services, such as telephone lines, provided by the Federal Government. The rent, administrative, and overhead expenses pertaining to the operation of the office are originally disbursed by Zarrelli & Riggs Consulting, Inc., the company which holds the lease for office space. The expenses are then allocated each month, after accounts are reconciled, to all the receiverships, including Zero Stage VI.

### E.     Tax Returns and Accounting Matters

The last tax returns prepared and filed by Zero Stage VI's pre-receivership management were for the year ended December 31, 2003. The Receiver reviewed the available accounting records, reconstructed activity for 2004 and prepared and filed the federal and state tax returns for the year ended December 31, 2004. Tax returns for the years ended December 31, 2005 and 2006 were also prepared and filed by the Receiver. Tax returns for the year ended December 31, 2007 are due for filing no later than October 15, 2008.

### F.     Corporate Compliance

Zero Stage VI is a limited partnership chartered in the Commonwealth of Massachusetts and licensed to do business in the Commonwealth of Massachusetts. The Receiver notified the Secretary of State of Massachusetts that Zero Stage VI was placed into receivership, and changed its Registered Agent in Massachusetts to CT Corporation.

### G.    First Receiver's Report

The Receiver filed its First Receiver's Report, Motion and Memorandum on July 28, 2006 [Docket Nos. 18, 19 and 20] seeking the Court's approval of the acts and transactions of the Receiver for the identified period May 4, 2005 through May 31, 2006. The Court entered an

Order on January 17, 2007 [Docket No. 36], that granted the Receiver's Motion and approved the acts and transactions of the Receiver for that period.

### III. ANALYSIS OF ASSETS

Zero Stage VI's assets at the date of entry of the Receivership Order consisted of cash and debt and equity investments in publicly and privately held companies. The debt and equity investments in Zero Stage VI's portfolio consist of Promissory Notes, Common Stock and Preferred Stock. Since the commencement of the receivership, the Receiver has identified notes and equity investments in a total of eleven (11) portfolio companies. Several of the debt and equity investments were in the same portfolio companies and three of the equity investments were in publicly-traded companies.

In the first reporting period, the Receiver liquidated two of the publicly-traded stocks, obtained proceeds from sales of investments in two privately held companies; and obtained a liquidating distribution from one portfolio company. Since that time the Receiver has received a liquidating distribution for its investment in the one remaining publicly-traded company, obtained proceeds from the sale of one privately held company and received liquidating distributions from two privately held companies.

### A.    Closed Accounts - Stock in Publicly-Traded Companies

At the beginning of the receivership, the Receiver identified three companies in which Zero Stage VI owned publicly-traded common stock and transferred the shares to a brokerage account with UBS PaineWebber in Vienna, VA. During the first reporting period, with the assistance of the Receiver's broker and the research department at UBS PaineWebber, the Receiver analyzed each of the publicly-traded companies in which Zero Stage VI held stock and determined that it was in the best interests of the receivership estate to sell the shares of two of

the companies in a manner that would take into consideration daily trading volumes so as to not unduly or adversely affect the respective stock prices. The total net proceeds recovered through the sale of these two publicly-traded companies' shares were $4,748,542.80.

In June 2007 a distribution of $83,771.63 was received from Amgen, Inc. representing the then remaining value of 1105 shares of Amgen held by the Receivership which previously had been restricted from sale until July 2007.

### B.  Sold Investments in Private Companies

#### 1)  LiveWave, Inc.

Preferred stock Investment, cost $5,211,738.

LiveWave, founded in 1999, was a developer of intelligent digital video surveillance solutions for mission critical security applications. In October 2005, after an extensive search for an appropriate buyer and intense negotiations, the company was sold generating for the receivership estate a recovery of $8,070,816 in cash of which $1,593,938 was to be held in escrow until October 2007. The escrow account was released and proceeds of $1,598,252 were received by the receivership in February 2008.

#### 2)  WorldWinner.com

Preferred stock investment, cost $5,142,213.

WorldWinner, a pioneer in skill-based gaming with over 3 million players competing in WorldWinner tournaments, was founded in January 1999, and Zero Stage VI was the initial seed investor in the company. After an extensive search for an appropriate buyer, the company was sold in February, 2006 producing a recovery of $3,944,861.84 in cash for the Zero Stage VI investment.

3) **Bluestreak, Inc.**

Preferred stock investment cost $6,990,000

Founded in Newport, Rhode Island in April 1999, Bluestreak was an online direct marketing firm providing media-enabled marketing and advertising solutions for Internet-based programs. The business was sold in two pieces in July and August 2007 generating cash proceeds to the receivership of $1,868,578. An additional $947,000 is being held in escrow and, absent any qualified claims, will be paid in July 2008 (50%) and July 2009 (50%).

C. **Remaining Investments in Private Companies**

1) **HealthVision**

| Current investment | Shares | Cost |
|---|---|---|
| Common Stock | 827,591 | $ 1,823,244 |

HealthVision has been attempting to develop an Internet/intranet software product intended to integrate the spectrum of care management for the ambulatory patient within community hospital and home healthcare networks. The Zero Stage VI's investment in HealthVision was made in October 1999. The company was sold in October 2007 for not enough cash to cover its debt, and accordingly the early stage investment in common stock was written off as of December 31, 2007.

2) **Netkey, Inc.**

| Current Investment | Shares | Cost |
|---|---|---|
| Common Stock | 4,797,070 | $ 3,000,000 |
| Series B Preferred | 1,077,373 | $    499,999 |
| Total | 5,874,443 | $ 3,499,999 |

8

Netkey's principal focus is the design and implementation of self-service web terminal systems built on patented Netkey® public browser software and a suite of server-based software for network management and self-service applications called the Netkey Enterprise software platform. The company continues in the development stage with significant cash flow and competitive challenges. The Receiver is closely monitoring the company and its investment and is exploring possible investment resolution strategies.

3)    **Spherics, Inc.**

| Current Investment | Shares | Cost |
| --- | --- | --- |
| Common Stock | 325,000 | $ 3,250,000 |

Spherics, Inc., founded in 1997, creates bio-adhesive drug delivery systems to improve the absorption of orally administered drugs and enable the oral delivery of drugs now given by injection. The company continues in the development stage with significant cash flow challenges. The Receiver is closely monitoring the company and its investment and is exploring possible investment resolution strategies.

D.    **Investments to be Written Off**

During the first reporting period, the Receiver identified investments in two companies which were dormant and most likely worthless. They are Axxis, Inc. and FurnitureFan, Inc. These investments were subsequently further analyzed and determined to be worthless. Accordingly, they have been written off the books of the receivership.

E    **Other Liquidating Distributions Received**

During the first reporting period, $513,103.45 was received as a liquidating distribution from Jenzabar.com, a portfolio company disposed prior to formation of the receivership. On June 28, 2006, a liquidating distribution of $289,659.81 was received from SYNCRA, Systems Inc., a

portfolio company sold before formation of the receivership. Additionally, in July 2006 and July 2007, the Receiver received distributions totaling $214,930.41 from the sale, prior to formation of the receivership, of eMed stock.

## IV. CLAIMS AGAINST ZERO STAGE VI AND THE RECEIVERSHIP

### A. U.S. Small Business Administration ("SBA")

Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided financing to Zero Stage VI through the purchase of Participating Securities, a form of leverage, as those terms are defined under the Regulations, in the total principal amount of $93,205,000.00. In addition to the repayment of the Principal amount of the Participating Securities, SBA is entitled to payment of Prioritized Payments and Profit Distributions, as calculated according to the terms of the Regulations at 13 C.F.R. §107.1830.

### B. Claims Bar Date

In order to determine the claims against Zero Stage VI and the receivership estate, the Receiver moved this Court to establish a claims bar date by which all claimants must submit a claim in writing by a certain date ("Claims Bar Date"). The imposition of a Claims Bar Date was necessary so that the Receiver can recommend a plan to distribute Zero Stage VI's assets to its creditors who have rendered timely claims, without fear that other claimants might later appear to assert claims against Zero Stage VI or the receivership estate.

Pursuant to this Court's Order entered November 4, 2005 ("Bar Date Order"), the Receiver for Zero Stage VI, solicited claims against Zero Stage VI, the receivership estate, and assets or funds in the possession of the Receiver. The Receiver's solicitations were made by direct mailings of the Notice of the claims bar date to known prospective claimants, and by publication of the Notice in *The Boston Herald* on December 9, 2005 and December 16, 2005.

The Bar Date Order and Notice pursuant thereto required all claims to be submitted to Maurice J. Whalen, Principal Agent for the Receiver, by the claims bar date of January 20, 2006. In response to the Receiver's solicitations, twenty (20) claims, including 16 claims from limited partners, were received on or before the claims bar date.

By Order dated January 17, 2006 [Docket No. 36] (the "Order"), the Court preliminarily approved the Receiver's Notice of Recommended Disposition and Priority of Claims. The Order directed any claimant opposing the disposition of claims set forth in the Order (1) to file a Motion in Opposition together with a brief within thirty days of the date the Order was served on the claimant, or (2) if discovery was needed, to file a joint discovery plan or motion for limited discovery within the same timeframe.

Two claimants initially indicated opposition to the Court's preliminary determination of their claims. One of those was Beacon Mutual Insurance Company ("Beacon"), a private limited partner of Fund VI. Beacon filed its Renewed Limited Opposition to Receiver's Recommendation for Disposition of Claims [Docket No. 39] on February 14, 2007. The Receiver submitted its Reply to Beacon's Opposition on March 20, 2007 [Docket No. 45]. Beacon sought in its Limited Opposition to have the Court give equity claims filed by Beacon and certain other limited partners priority over the interest of limited partners who did not submit claims in the Bar Date process. The Receiver recommended that the Court make no distinction in priority of limited partner interests. Beacon's objection was overruled by the Court in a Memorandum and Order dated August 17, 2007.

A second claimant, Zero Stage Capital Company, Inc. ("ZSC"), also indicated that it would be objecting to the Court's preliminary determination of its claim. ZSC and the Receiver submitted a joint discovery plan to the Court on January 17, 2007 [Docket No. 37]. According to

that plan, ZSC was to file its Motion in Opposition on or before July 15, 2007. At ZSC's request, the Receiver agreed to a continuance of that date. Subsequently, ZSC informed the Receiver that it no longer intended to oppose the disposition of its claim set forth in the Court's preliminary Order.

  C. **Resolution of the Claims Bar Date**

The only claimants who opposed the Receiver's recommendation for disposition of claims were Zero Stage Capital, Inc. ("ZSC") and Beacon Mutual Insurance Company ("Beacon's"). ZSC ultimately withdrew its opposition. See Docket Nos. 52, 53 and Exhibit 1 thereto. Beacon's objection was overruled by the Court by a decision entered on August 17, 2007 [Docket No. 49]. Pursuant to its terms, the preliminary approval of claims set forth in the Order has become final as to all claimants and as to all who did not file claims.

V. **RECEIPTS AND DISBURSEMENTS**

The schedule attached as **Exhibit A** to this Report sets forth Cash Receipts and Disbursements for the period covered by this report and for the period form the inception of the Receivership through February 29, 2008.

               Respectfully submitted,

               U.S. SMALL BUSINESS ADMINISTRATION,
               As Receiver for Zero Stage Capital VI, L.P.


Dated: _____       By: ____/s/ Maurice J. Whalen____
                MAURICE J. WHALEN
                Principal Agent for the Receiver

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing *Second Receiver's Report For the Period From June 1, 2006 through February 29, 2008,* was filed through the ECF system on the 9th day of April, 2008, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via First Class Mail*
Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P.
666 11th Street, N.W., Suite 200
Washington, DC 20001-4542

*Via First Class Mail*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416

                                        /s/ Robert M. Duffy

# EXHIBIT A

SBA, Receiver for ZERO STAGE CAPITAL VI, L.P.

The schedule below sets forth receipts and disbursements for the periods from 06-01-06 to 02-29-08 and 05-06-05 to 02-29-08, respectively

|  | 06-01-06 to 02-29-08 | 05-06-05 to 02-29-08 |
|---|---:|---:|
| 1. Total Cash on Hand at the Beginning of Period | $ 17,449,074.03 | $ 1,848,585.94 |
| 2. Receivership Operations | | |
| A. Receipts from Receivership Operations: | | |
| Sale of Assets: | | |
| Live Wave | 1,598,252.71 | 8,075,130.66 |
| Viacell, Inc. | | 4,597,294.64 |
| World Winner | 60,298.15 | 4,014,248.87 |
| Bluestreak | 1,868,578.00 | 1,868,578.00 |
| Jenzabar, Inc. | | 513,103.45 |
| Syncra Systems, Inc. | 289,659.81 | 289,659.81 |
| Emed Technologies | 214,930.41 | 214,930.41 |
| Digital Angel Corp. | | 151,248.20 |
| Amgen | 83,771.63 | 83,771.63 |
| Other: | | |
| Interest Earned from Cash Accounts | 1,127,265.72 | 1,449,841.64 |
| Recovery of Pre-Receivership Consulting Fees | 88,841.37 | 88,841.37 |
| Dividends Earned from UBS Financial Services, Inc. | 30,417.74 | 30,417.74 |
| Total Receipts from Receivership Operations | $ 5,362,015.54 | $ 21,377,066.42 |
| B. Disbursements from Receivership Operations: | | |
| Agent Services | 143,500.50 | 337,129.61 |
| Legal Fees | 135,609.26 | 234,685.18 |
| Accounting/Bookkeeping Fees | 104,093.30 | 166,413.84 |
| Bank/Trustee Fees | 41,444.87 | 48,848.66 |
| Rent/Overhead Allocation | 15,864.64 | 32,934.04 |
| Document Production/Photocopy Fees | 7,094.25 | 21,173.05 |
| Administrative Services | 4,555.43 | 12,609.37 |
| Travel Expenses | 4,044.52 | 6,755.47 |
| Delivery Services | 684.86 | 4,899.11 |
| Deposit on Receivership Office Space | | 4,000.00 |
| Deposition /Transcript Fees | 3,462.81 | 3,462.81 |
| Record Storage Fees | 937.30 | 1,302.90 |
| Advertising (Including Bar Date Notice) | | 962.12 |
| Pro-Rata Share of Receivership Expansion | 907.60 | 907.60 |
| Filing Fees | | 473.50 |
| Postage/Certified Mailings Fees | 143.06 | 339.51 |
| Corporate Compliance | 181.64 | 181.64 |
| Miscellaneous Expense | | 8.42 |
| Total Disbursements from Receivership Operations | $ 462,524.04 | $ 877,086.83 |
| Net Cash Gain/(Loss) from Receivership Operations | $ 4,899,491.50 | $ 20,499,979.59 |
| 3. Distributions | | |
| Payment on Judgment (to SBA) | $ (17,500,000.00) | $ (17,500,000.00) |
| 4. Total Cash on Hand for Period Ended February 29, 2008 | $ 4,848,565.53 | $ 4,848,565.53 |