UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZERO STAGE CAPITAL VI, L.P., ) <br> ) <br> Defendant. ) <br> ) | Civil Case No. 0510887-JLT <br> HON. JOSEPH L. TAURO |

### RECEIVER'S MOTION FOR ENTRY OF A FINAL ORDER APPROVING AND CONFIRMING THE FINAL RECEIVER'S REPORT, APPROVING THE FORM AND MANNER OF PROCEDURE FOR WINDING UP AND CLOSING THE RECEIVERSHIP, TERMINATING THE RECEIVERSHIP AND DISCHARGING THE RECEIVER

The United States Small Business Administration ("SBA"), as Receiver ("Receiver") for Zero Stage Capital VI, L.P. ("Zero Stage VI"), hereby moves this Court for entry of the proposed Final Order, filed herewith as Exhibit A, approving and confirming the Final Receiver's Report, approving the form and manner of procedure for winding up and closing the Zero Stage VI receivership estate, terminating the Zero Stage VI receivership estate, and discharging the Receiver.

The Receiver requests this Court's confirmation and approval of the acts, transactions and recommendations of the Receiver, as reported in the Final Receiver's Report. The Receiver also asks the Court to authorize and order procedures for closing the Zero Stage VI receivership estate that are identified in the attached Memorandum in Support of this Motion and which include: (a) payment directly to SBA of all amounts owing to Zero Stage VI from the sale or other disposition of Bluestreak, Inc. (now known as Ciao Tech, Inc.) and from the redemption or other disposition of Zero Stage VI's stock and warrants in Jenzabar.com; (b) payment of all cash in the Receivership bank account to SBA towards payment of its priority equity position under

15 U.S.C. §683(g)(3), and applicable regulations ("SBA's Claim"); (c) return of control of Zero Stage VI and the assignment of its remaining unliquidated assets to its General Partner; (d) discharge the SBA as Receiver for Zero Stage VI; (e) retention by SBA of the unpaid and unredeemed portions of the Participating Securities issued to SBA in the form of SBA's Preferred Partnership interest in Zero Stage VI; and (f) release of all persons or parties who acted on behalf of the Receiver from any and all claims, obligations and liabilities relating to the management and operation of the Zero Stage VI receivership estate. The Memorandum of Law in support of this Motion, *proposed* Final Order, and Final Receiver's Report are filed simultaneously herewith.

WHEREFORE, the Receiver respectfully requests that this Court grant the Receiver's Motion and enter the proposed Order submitted herewith.

Respectfully submitted,

U.S. Small Business Administration as Receiver for
ZERO STAGE CAPITAL VI, L.P.

Dated: August 26, 2008        By:    /s/ Robert M. Duffy
                                     ROBERT M. DUFFY (BBO # 552840)
                                     Duffy, Sweeney & Scott, Ltd.
                                     One Turks Head Place, Suite 1200
                                     Providence, RI  02903
                                     Telephone:    (401) 455-0700
                                     Facsimile:    (401) 455-0701

Dated: August 26, 2008        By:    /s/ Thomas W. Rigby
                                     THOMAS W. RIGBY
                                     (DC Bar No. 463532; VA Bar No. 34663)
                                     Chief Counsel for SBIC Liquidation
                                     Office of the General Counsel, 7th Floor
                                     U.S. Small Business Administration
                                     409 Third Street, S.W., 7th Floor
                                     Washington, D.C. 20416
                                     Tel: (202) 619-1610
                                     Fax: (202) 481-5866

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Receiver's Motion for Entry of a Final Order Approving and Confirming the Final Receiver's Report, Approving the Form and Manner of Procedure for Winding up and Closing the Receivership, Terminating the Receivership and Discharging the Receiver,* was filed through the ECF system on the 26th day of August, 2008, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via First Class Mail*
Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P.
666 11th Street, N.W., Suite 200
Washington, DC 20001-4542

*Via First Class Mail*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416

*Via First Class Mail*
Annette Tonti
CiaoTech, Inc.
270 Bellevue Avenue, #334
Newport, RI 02840

*Via First Class Mail*
Jamison J. Barr, Esq.
VP, Associate General Counsel
Jenzabar, Inc.
800 Boylston Street, 35th Floor
Boston, MA 02199

                                                /s/ Robert M. Duffy

USSBA\Zero Stage VI\Pleadings\Motion Receivers Report (Final) 08-26-08

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>v.<br><br>ZERO STAGE CAPITAL VI, L.P.,<br><br>                       Defendant. | Civil Case No. 05 10887-JLT<br>HON. JOSEPH L. TAURO |

**FINAL ORDER**

This matter came before the Court upon the Motion of the United States Small Business Administration ("SBA") as Receiver ("Receiver") for Zero Stage Capital VI, L.P. ("Zero Stage VI") for an Order for Entry of a Final Order Approving and Confirming the Final Receiver's Report, Approving the Form and Manner of Procedure for Winding Up and Closing the Receivership, Terminating the Receivership, and Discharging the Receiver. After careful consideration, this Court, being duly advised on the merits of the Motion, **HEREBY ORDERS AND DECREES THAT:**

    1.    The Receiver's Motion is granted in its entirety;

    2.    This Court approves and confirms (a) the Final Receiver's Report, (b) the Summary of Cash Receipts and Disbursements of Zero Stage VI for the period March 1, 2008 through June 30, 008, and (3) all of the actions taken by the Receiver reported therein.

    3.    The Receiver's agents are hereby ordered to perform all final administrative and accounting tasks necessary to windup and close the Zero Stage VI receivership estate in an orderly manner. These tasks include, but are not limited to: a) finalizing the accounting books and records of Zero Stage VI, including the preparation of the tax return for the year 2007, which

return will be filed after the close of the receivership by the General Partner to whom control of the company will be returned within ninety (90) days from the date of entry of this order and closing the receivership bank account; b) delivering the files and records of Zero Stage VI to the Federal Record Center, with the exception of those pre-receivership corporate files of Zero Stage VI that will be delivered to Zero Stage VI's General Partner, Zero Stage Capital, Inc., c/o Paul Kelly, 101 Main Street, 17th Floor, Cambridge, MA 02142; c) transferring the cash in the receivership bank account to SBA; and d) returning custody and control over the remaining Zero Stage VI receivership assets to its General Partner, Zero Stage Capital, Inc., c/o Paul Kelly, 101 Main Street, 17th Floor, Cambridge, MA 02142. The Receiver will undertake and complete these tasks within ninety (90) days after receipt of notification of the entry of the Final Order by this Court.

4. This Court approves and confirms the form and manner of procedures for winding up and closing the Zero Stage VI receivership as set forth in the Memorandum of Points and Authorities in Support of the Receiver's Motion. Within ninety (90) days of receipt of notification of the entry of this Final Order, the Receiver and its agents shall perform any and all final administrative and accounting tasks necessary to implement the provisions of this Final Order in order to windup and terminate the Zero Stage VI receivership and discharge the Receiver, its agents, attorneys, contractors, the SBA, and its employees, and all other persons who have acted on the Receiver's behalf.

5. Any and all expenses associated with the windup and closing procedures shall be and are chargeable and payable as administrative expenses of the Zero Stage VI receivership. The Receiver is authorized to prepay monies to the Receiver's agents, accountants and others to facilitate the closing of the receivership after the Zero Stage VI receivership bank account is

closed. Any funds not expended in the closing of the Zero Stage VI receivership shall be remitted to the SBA, along with a reconciliation within six (6) months of closing the Zero Stage VI receivership.

6.    Maurice J. Whalen, Principal Agent for the Receiver, Gail G. Green, Chief, Account Resolution Branch, Office of Liquidation, U.S. Small Business Administration, or such other agent or employee as the SBA in its sole discretion shall designate, are hereby appointed and authorized to sign on behalf of the Receiver any and all documents necessary to windup and close the Zero Stage VI receivership.

7.    Within ninety (90) days of the Receiver's receipt of notification of entry of this Final Order, control of Zero Stage VI shall be unconditionally transferred and returned to Zero Stage VI's General Partner, Zero Stage Capital, Inc., c/o Paul Kelly, 101 Main Street, 17th Floor, Cambridge, MA 02142. Such transfer and return of control shall not be effective until entry of the Final Order discharging the Receiver, and until the Receiver has completed all actions necessary to windup and close the Zero Stage VI receivership. During the period between entry of the Final Order and the termination date of the receivership, the Receiver will cooperate with the General Partner to facilitate an orderly transition of the administration of Zero Stage VI and management of its assets.

8.    SBA shall retain the unpaid and unredeemed portions of the Participating Securities issued to the SBA in the form of SBA's Preferred Partnership interest in Zero Stage VI. In the event that there are further recoveries on unassigned assets after the receivership closes, then Zero Stage VI shall pay such proceeds to SBA up to a total of $93,205,000 in accordance with the Court's order of January 16, 2007 and subsequent orders approving and confirming the order and priority of claims.

9. Within ninety (90) days after receiving notification of the entry of the Final Order by the Court, the Receiver shall transfer and deliver to Zero Stage VI's General Partner, Zero Stage Capital, Inc., c/o Paul Kelly, 101 Main Street, 17th Floor, Cambridge, MA 02142: (a) the accounting records of the Zero Stage VI receivership that may be necessary to enable Zero Stage VI to prepare and file tax returns that may become due after the termination of the Zero Stage VI receivership ; and (b) the pre-receivership corporate files of Zero Stage VI.

10. The Receiver is hereby ordered to assign, transfer and deliver to SBA all of the records and files that are not delivered to the limited partners of Zero Stage VI, in accordance with paragraph 8 above, within ninety (90) days after the Receiver receives notification of the entry of the Final Order. The Receiver shall deliver all of those records and files, that are assigned to SBA to the Federal Record Center. SBA is authorized to dispose of these records and files one year after the entry of the Final Order, except that SBA shall retain all post-receivership accounting records not returned to Zero Stage VI's general partner for a period of three (3) years from the date of entry of the Final Order. In the event that Zero Stage VI's general or limited partners wish to obtain copies of such documents, they shall serve a written request upon SBA, to the attention of Gail G. Green, Chief, Account Resolution Branch, Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., Sixth Floor, Washington, D.C. 20416. Requests for copies of accounting documents shall be served within three years after the entry of the Final Order, and requests for copies of all other documents shall be served within one year.

11. Following the payment of all administrative expenses of the Zero Stage VI receivership, the Receiver is hereby ordered and authorized to transfer the balance of cash

4

remaining in the bank account of the Zero Stage VI receivership estate to the SBA in partial satisfaction of SBA's claim.

12.  The Receiver is authorized to assign to SBA, and SBA is authorized to accept assignment of, the rights and interests of Zero Stage VI in the Ciao Tech, Inc. (formerly known as Bluestreak, Inc., and hereinafter Ciao/Bluestreak) and Jenzabar, Inc. assets as partial satisfaction of SBA's claim. All persons who have possession or control of amounts currently owing to, or which hereafter become owing to, Zero Stage VI or its assignee from the sale or other disposition of Ciao/Bluestreak or the redemption or other disposition of stock or warrants in Jenzabar, Inc. are hereby directed and ordered to pay such amounts as and when they become due and payable directly to the U.S. Small Business Administration, to the attention of Gail G. Green, Chief, Account Resolution Branch, Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., 6th Floor, Washington, D.C. 20416 (telephone number: 202-205-6503).

13.  The Receiver is authorized to surrender Zero Stage VI's SBIC license to the SBA, to the attention of Gail G. Green Chief, Account Resolution Branch, Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., Sixth Floor, Washington, D.C. 20416, and the SBA is hereby authorized to revoke said license after entry of this Final Order. Revocation of the license shall have no effect on the validity of the remaining unpaid and unredeemed portion of the Participating Securities issued to SBA in the form of SBA's Preferred Partnership interest. In the event that after revocation of the SBIC license Zero Stage VI has recoveries on any assets that have been returned to its control, then Zero Stage VI shall pay any amounts owed to SBA under the terms of the Limited Partnership Agreement of Zero Stage VI and the terms of SBA's Preferred Partnership interest.

14. The Receiver is hereby authorized to file a Final Notice with this Court confirming that the Receiver has completed the procedures enumerated in the Final Order for winding up and closing the Zero Stage VI receivership. The Receiver is further authorized to attach, as an exhibit to the Final Notice, a Final Cash Receipts and Disbursements Summary from the date of inception of the Zero Stage VI receivership, May 4, 2005, through the date of the closing of the Zero Stage VI receivership bank account.

15. The Receiver is hereby ordered to serve a copy of this Final Order upon the general and limited partners of Zero Stage VI and upon representatives of Ciao/Bluestreak and Jenzabar, Inc..

16. The Receiver is hereby ordered to serve notice of the entry of the Final Order, and the transfer of control of Zero Stage VI, upon the federal and state tax offices and the Massachusetts Secretary of State. The Receiver shall prepare and file any reports that are due prior to the discharge of the Receiver.

17. With the exception of SBA's claim against Zero Stage VI, all claims against and obligations of Zero Stage VI, the Zero Stage VI receivership estate, and the Receiver and its current and former agents, attorneys, employees, contractors, and all other persons who acted on the Receiver's behalf, arising from or relating in any way to the Zero Stage VI receivership, shall be discharged within ninety (90) days of receipt by the Receiver of notification of entry of this Final Order.

18. The Zero Stage VI receivership is terminated, the SBA is discharged as Receiver, and the SBA, its employees, officers, agents, contractors, attorneys, and any other person who acted on behalf of the Receiver, are hereby discharged and released from any and all claims, obligations and liabilities arising from or relating to the activities, conduct or management and

operation of Zero Stage VI, the Zero Stage VI receivership, and the Zero Stage VI receivership estate, within ninety (90) days of the Receiver receiving notification of entry of this Final Order.

19.     The stay imposed by this Court pursuant to paragraph 7 of the Receivership Order dated May 4, 2005, shall be and is hereby lifted in its entirety, within ninety (90) days of receipt by the Receiver of notification of entry of this Final Order.

**SO ORDERED** this ___ day of _____ 2008, in Boston, Massachusetts.

_____
HONORABLE JOSEPH L. TAURO
UNITED STATES DISTRICT COURT JUDGE

Copies to:
ROBERT M. DUFFY (BBO # 552840)
Duffy, Sweeney & Scott, Ltd
One Turks Head Place, Suite 1200
Providence, RI  02903
Telephone:    (401) 455-0700
Facsimile:    (401) 455-0701
Email: rduffy@duffysweeney.com

THOMAS W. RIGBY
Chief Counsel for SBIC Liquidation
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, DC  20416
Telephone: (202) 481-5866
Email: thomas.rigby@sba.gov

MAURICE J. WHALEN
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P.
666 11th Street, N.W., Suite 200
Washington, D.C. 20001-4542
Telephone: (202) 370-2407
Facsimile: 202-419-1816
Email: mwhalen@invotexgroup.com

USSBA\Zero Stage VI\Pleadings\Order re Receiver Report (final) 08-26-08