UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 05 10887-JLT |
| v. ) | HON. JOSEPH L. TAURO |
| ) | |
| ZERO STAGE CAPITAL VI, L.P., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION FOR ENTRY OF A FINAL ORDER APPROVING AND CONFIRMING THE FINAL RECEIVER'S REPORT, APPROVING THE FORM AND MANNER OF PROCEDURE FOR WINDING UP AND CLOSING THE RECEIVERSHIP, TERMINATING THE RECEIVERSHIP AND DISCHARGING THE RECEIVER

In support of its Motion for Entry of a Final Order Approving and Confirming the Final Receiver's Report, Approving the Form and Manner of Procedure for Winding Up and Closing the Receivership, Terminating the Receivership and Discharging the Receiver, the United States Small Business Administration ("SBA"), in its capacity as court-appointed Receiver ("the Receiver") for Zero Stage Capital VI, L.P. ("Zero Stage VI") states as follows:

Pursuant to an Order entered May 5, 2005 ("Receivership Order"), this Court appointed the SBA as Receiver of Zero Stage VI and instructed the Receiver, *inter alia*, to assume control of and take over the operation of Zero Stage VI and to pursue and preserve all of its claims. Under this Court's supervision, the Receiver and its agents have marshaled Zero Stage VI's assets and have liquidated, closed out, or recommended the abandonment of collection efforts with respect to all but two of the assets on the books of Zero Stage VI at the inception of the receivership. The Receiver's collection efforts are detailed in the Receiver's Reports previously filed with, and approved by, this Court and in the Final Receiver's Report filed simultaneously herewith. The Receiver's liquidation activities have resulted in the recovery of $20,677,103.31,

net of expenses, as of June 30, 2008.

In furtherance of its duties to establish a pool of creditors for the estate, the Receiver requested, and by order entered November 4, 2005 this Court adopted, procedures for persons other than SBA, and persons retained by the Receiver, to submit claims against Zero Stage VI or the receivership estate and established a bar date, January 20, 2006, after which date no further claims would be considered. Pursuant to this Court's direction, persons who might have had claims against Zero Stage VI or the receivership estate were notified by first class mail and/or by publication in newspapers of general circulation. Twenty (20) claims, including 16 claims from limited partners were received on or before the claims bar date. By Order dated January 17, 2006 [Docket No. 36], the Court preliminarily approved the Receiver's Notice of Recommended Disposition and Priority of Claims. The only two claimants who opposed the Receiver's recommendation for the disposition of claims were Zero Stage Capital, Inc. ("ZSC") and Beacon Mutual Insurance Company ("Beacon"). ZSC ultimately withdrew its opposition. See Docket Nos. 52, 53 and Exhibit 1 thereto. Beacon's objection was overruled by the Court by a decision entered on August 17, 2007 [Docket No. 49]. Pursuant to its terms, the preliminary approval of claims set forth in the Order has become final as to all claimants and as to all who did not file claims.

Filed simultaneously herewith is the Final Receiver's Report for the period March 1, 2008 through June 30, 2008 ("Final Receiver's Report"). The Report summarizes both the Receiver's actions and the transactions, receipts and disbursements of the receivership throughout that period. At the time the receivership was established, Zero Stage VI's assets included cash in the amount of $1,848,585.94. As of June 30, 2008, the receivership bank

account had a balance of $5,025,689.25.[1] Pursuant to this Court's prior Orders $17,500,000.00 has been paid to SBA as partial repayment of the principal amount of the Participating Securities owned by SBA. A summary of cash receipts and disbursements for Zero Stage VI receivership for the period from March 1, 2008 through June 30, 2008 and from May 4, 2005 through June 30, 2008 is attached to the Final Receiver's Report as Exhibit A.

The Receiver requests that this Court approve and confirm the actions taken by the Receiver during the period covered by the Final Receiver's Report pursuant to the Receivership Order. The Receiver also now recommends and requests that this Court approve the following procedures and the steps necessary for the Receiver to wind up and close the Zero Stage VI receivership estate within ninety (90) days of the Receiver's receipt of the Court's Final Order:

1.   The Receiver requests that this Court approve and confirm the Final Receiver's Report, the acts and transactions reported therein and the summary of receipts and disbursements appended thereto.

2.   The Receiver's agents will perform all final administrative and accounting tasks necessary to windup and close the Zero Stage VI receivership estate in an orderly manner. The Receiver will undertake and complete the tasks listed herein within ninety (90) days of receipt of notification of the entry of the Final Order by this Court. These tasks will include, but are not limited to, finalizing the receivership accounting books and records, including the preparation of the tax return for the year 2007, which return will be filed by the General Partner of Zero Stage VI after the close of the receivership; arranging for the return of control of Zero Stage VI to its General Partner, Zero Stage Capital, Inc., c/o Paul Kelly, 101 Main Street, 17th Floor, Cambridge, MA 02142; and delivering Zero Stage VI's post-receivership records to the Federal

---

[1] The account balance at June 30, 2008 does not include a partial distribution of the proceeds from the sale of Ciao/Bluestreak, Inc., in the amount of $698,108.98 received by the Receiver on July 14, 2008.

Records Center.

    3.    The Receiver is recommending and requesting that this Court authorize that any expenses associated with the winding up and closing procedures be charged and payable as administrative expenses of the Zero Stage VI receivership estate.

    4.    The Receiver proposes to prepay monies to the agents, accountants and others to facilitate the closing of the Zero Stage VI receivership after the receivership bank account is closed. Any prepaid funds not expended in the closing of the Zero Stage VI receivership will be remitted to the SBA, along with a reconciliation within six months of the close of the Zero Stage VI receivership.

    5.    The Receiver recommends that this Court appoint and authorize either Maurice J. Whalen, Principal Agent for the Receiver, or Gail G. Green, Chief, Account Resolution Branch, U.S. Small Business Administration, or such other agent or employee as SBA in its sole discretion shall designate, to sign on behalf of the Receiver any and all papers necessary to wind up and close the Zero Stage VI receivership.

    6.    The Receiver recommends and requests that this Court authorize it to unconditionally transfer and return control of Zero Stage VI to its General Partner, Zero Stage Capital, Inc., c/o Paul Kelly, 101 Main Street, 17th Floor, Cambridge, MA 02142, within ninety (90) days after receipt of notification of entry of the Final Order. The Receiver further recommends and requests that such transfer and return of control not be effective until this Court enters this Final Order discharging the Receiver and the Receiver has completed all actions necessary to windup and close the Zero Stage VI receivership. During the period between entry of the Final Order and the termination date of the receivership, the Receiver will cooperate with the General Partner to facilitate an orderly transition of the administration of Zero Stage VI and

management of its assets.

7. The Receiver requests that the Final Order confirm the SBA's retention of the unpaid and unredeemed portions of the Participating Securities issued to SBA in the form of SBA's Preferred Partnership interest in Zero Stage VI. The Receiver requests that the Court order that in the event that they are further recoveries on unassigned assets after the receivership closes, then Zero Stage VI shall pay such proceeds to SBA up to a total of $93,205,000 in accordance with the Court's Order of January 16, 2007 and subsequent Orders approving and confirming the order and priority of claims.

8. Within ninety (90) days after receiving notification of the entry of the Final Order by the Court, the Receiver proposes to transfer and deliver the following documents and records to General Partner, Zero Stage Capital, Inc., c/o Paul Kelly, 101 Main Street, 17th Floor, Cambridge, MA 02142: (a) the accounting records of the Zero Stage VI receivership that may be necessary to enable Zero Stage VI to prepare and file tax returns that may be due after termination of the Zero Stage VI receivership; and (b) pre-receivership corporate files of Zero Stage VI, except that those files relating to the assets which are being transferred to SBA shall be transferred to the SBA. The Receiver recommends that all records and files of Zero Stage VI and the Receiver that are not delivered to Zero Stage VI's General Partner pursuant to this paragraph 7, be assigned, transferred and delivered to SBA within ninety (90) days after the Receiver receives notification of the entry of the Final Order. The Receiver proposes to deliver those records and files assigned to SBA to the Federal Records Center, and requests this Court to authorize SBA to dispose of those records and files one year after the entry of the Final Order, except that SBA shall retain all post-receivership accounting records not returned to Zero Stage VI's General Partner for a period of three (3) years from the date of entry of the Final Order. In

the event that the general or limited partners of Zero Stage VI wish to obtain copies of such documents, they shall be instructed to serve a written request upon SBA, to the attention of Gail G. Green, Chief, Account Resolution Branch, Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., Sixth Floor, Washington, D.C. 20416.  Requests for copies of accounting documents must be served within three years after the entry of the Final Order, and requests for copies of all other documents must be served within one year.

9. Following the payment of all administrative expenses of the Zero Stage VI receivership, the Receiver will transfer the balance of cash remaining in the bank account of the Zero Stage VI receivership to the SBA in partial satisfaction of the SBA's Court-approved claim.

10. The Receiver requests the Court to authorize the Receiver to assign to SBA, and for SBA to accept the assignment of, Ciao Tech, Inc. (formerly Bluestreak, Inc., hereinafter Ciao/Bluestreak) and Jenzabar, Inc. assets and all rights to receive payments and recoveries from such assets as partial payment of SBA's claims.

11. The Receiver requests the Court to direct all persons having possession or control of amounts currently owing to, or which hereafter become owing to, Zero Stage VI or its assignees with respect to the disposition of the Ciao/Bluestreak asset, including the proceeds from the sale of Ciao/Bluestreak, to pay such amounts directly to the SBA, to the attention of Gail G. Green, Chief, Account Resolution Branch Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., 6th Floor, Washington, D.C. 20416 (telephone number: 202-205-6503), as and when they become due and payable.

12. The Receiver requests the Court to direct all persons having possession or control of amounts currently owing to, or which hereafter become owing to, Zero Stage VI or its assignees with respect to the disposition of Jenzabar assets, including from the redemption of

Jenzabar, Inc. stock or exercise of warrants, to pay such amounts directly to the SBA, to the attention of Gail G. Green, Chief Account Resolution Branch Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., 6th Floor, Washington, D.C. 20416 (telephone number: 202-205-6503), as and when they become due and payable.

13.   The Receiver will notify the limited partners of Zero Stage VI of the proposed wind up and closing of the receivership, the proposed revocation of the SBIC license, and the proposed transfer of control of Zero Stage VI to its General Partner, Zero Stage Capital, Inc., c/o Paul Kelly, 101 Main Street, 17th Floor, Cambridge, MA 02142, subject to final approval and order of this Court. Such notice of proposed actions will be effective upon the mailing of a copy of this Motion and Memorandum to the general and limited partners of Zero Stage VI. The Receiver also shall serve a copy of the Final Order entered by this Court upon the general and limited partners of Zero Stage VI.

14.   Pursuant to the determination and adjudication of this Court set forth in ¶10 of the Receivership Order, the Receiver is recommending that the SBIC license of Zero Stage VI be revoked. The Receiver is requesting that this Court approve and authorize the Receiver to surrender Zero Stage VI's SBIC license to the SBA, to the attention of Gail G. Green, Chief, Account Resolution Branch, Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., Sixth Floor, Washington, D.C. 20416, and is further requesting that this Court authorize the SBA to revoke said license upon entry of the Final Order. The revocation of the license shall in no way affect, release or discharge the amounts still owed to SBA under the Participating Securities issued to SBA by Zero Stage VI.

15.   The Receiver proposes to file a Final Notice with the Court confirming that it has completed the procedures enumerated in the Final Order for winding up and closing the Zero

Stage VI receivership. The Receiver proposes to attach, as an exhibit to the Final Notice, a Final Cash Receipts and Disbursements Summary from the date of inception of the Zero Stage VI receivership, May 4, 2005, through the date of closing of the receivership bank account.

16. The Receiver proposes to serve notice of the entry of the Final Order, and the transfer of corporate control of Zero Stage VI to its General Partner, Zero Stage Capital, Inc., c/o Paul Kelly, 101 Main Street, 17th Floor, Cambridge, MA 02142, upon the federal and state tax offices, and the Massachusetts Secretary of State. The Receiver proposes to prepare and file any reports that may be due prior to the discharge of the Receiver.

17. The Receiver is recommending and requesting that, with the sole exception of SBA's claim against Zero Stage VI, all claims against, and obligations of Zero Stage VI, the Zero Stage VI receivership estate, and of the Receiver and its current and former agents, attorneys, employees, contractors, and all other persons who acted on the Receiver's behalf arising from or relating in any way to the Zero Stage VI receivership, be discharged within ninety (90) days of the Receiver receives notification of entry of the Final Order.

18. The Receiver is recommending and requesting that the Final Order provide (i) that the Zero Stage VI receivership be terminated; and (ii) that the SBA, the SBA as Receiver, the SBA's employees and the Receiver's current and former agents, contractors, attorneys and any other persons who have acted for or on the behalf of the Receiver, be discharged and relieved of any and all liability for any and all claims, obligations and liabilities arising from or relating to the activities, conduct or management or operation of Zero Stage VI receivership, within ninety (90) days of entry of the Final Order.

19. The Receiver requests this Court, to lift the stay imposed by this Court pursuant to ¶7 of the Receivership Order, within ninety (90) days of entry of the Final Order.

The Receiver believes that these wind-up and closing procedures are in the best interest of the receivership estate. Therefore, the Receiver respectfully requests that this Court grant the Receiver's Motion and enter the proposed order submitted herewith that sets forth the procedures for winding up the Zero Stage VI receivership estate and discharging the Receiver.

                                                                  Respectfully submitted,

                                                                  U.S. Small Business Administration as Receiver for
ZERO STAGE CAPITAL VI, L.P.

Dated: August 26, 2008                    By: _____/s/ Robert M. Duffy_____
                                                            ROBERT M. DUFFY (BBO # 552840)
                                                            Duffy, Sweeney & Scott, Ltd.
                                                            One Turks Head Place, Suite 1200
                                                           Providence, RI 02903
                                                           Telephone:   (401) 455-0700
                                                           Facsimile:    (401) 455-0701

Dated: August 26, 2008                    By: _____/s/ Thomas W. Rigby_____
                                                            THOMAS W. RIGBY
                                                           (DC Bar No. 463532; VA Bar No. 34663)
                                                           Chief Counsel for SBIC Liquidation
                                                           Office of the General Counsel, 7th Floor
                                                           U.S. Small Business Administration
                                                           409 Third Street, S.W., 7th Floor
                                                           Washington, D.C. 20416
                                                           Tel: (202) 619-1610
                                                           Fax: (202) 205-7154

                                                           Attorneys for Plaintiff U.S. Small Business
                                                           Administration as Receiver for Zero Stage VI
                                                           Capital, L.P.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Receiver's Memorandum of Law in Support of Receiver's Motion for Entry of a Final Order Approving and Confirming the Final Receiver's Report, Approving the Form and Manner of Procedure for Winding up and Closing the Receivership, Terminating the Receivership and Discharging the Receiver,* was filed through the ECF system on the 26th day of August, 2008, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via First Class Mail*
Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P.
666 11th Street, N.W., Suite 200
Washington, DC 20001-4542

*Via First Class Mail*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416

*Via First Class Mail*
Annette Tonti
CiaoTech, Inc.
270 Bellevue Avenue, #334
Newport, RI 02840

*Via First Class Mail*
Jamison J. Barr, Esq.
VP, Associate General Counsel
Jenzabar, Inc.
800 Boylston Street, 35th Floor
Boston, MA 02199

/s/ Robert M. Duffy

USSBA\Zero Stage VI\Pleadings\Memo re Motion Receivers Report (Final) 08-26-08