UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZERO STAGE CAPITAL VI, L.P. )<br>)<br>Defendant. )<br>_____) | CIVIL CASE NO.<br>05 10887-JLT<br>HON. JOSEPH L. TAURO |

FINAL RECEIVER'S REPORT FOR THE PERIOD
FROM MARCH 1, 2008 THROUGH JUNE 30, 2008

This Third and Final Receiver's Report ("Final Receiver's Report") is being filed with the Court by the United States Small Business Administration ("SBA"), which was appointed Receiver ("Receiver") of Zero Stage Capital VI, L.P. ("Zero Stage VI") pursuant to this Court's Order dated May 4, 2005. This report summarizes the activities of the receivership for the period from March 1, 2008 through June 30, 2008. The Second Receiver's Report, for the period from June 1, 2006 through February 29, 2008, was filed with the court on April 9, 2008. The First Receiver's Report, for the period May 4, 2005 through May 31, 2006, was filed with the court on July 26, 2006. Status reports were also filed on August 6, 2007 relative to progress in identifying and resolving claims against the estate and September 5, 2007 relative to the remaining projects to be completed.

I. **BACKGROUND**

Zero Stage VI is a limited partnership organized under the laws of the Commonwealth of Massachusetts and licensed to conduct business in the Commonwealth of Massachusetts. Zero

Stage VI was one of several venture capital funds managed by Zero Stage Capital Company, Inc. ("ZSC").

Zero Stage VI was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Small Business Investment Act of 1958, as amended (the "Act"), 15 U.S.C. §681(c) on November 30, 1998, SBA License No. 01/71-0372, solely to do business under the provisions of the Act and the regulations promulgated there under. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided financing to Zero Stage VI through the purchase of Participating Securities, a form of leverage, as those terms are defined under the Regulations, in the total principal amount of $93,205,000.00. Subsequently, SBA determined that Zero Stage VI was in violation of SBA regulations 13 C.F.R. §107.1830(b) and 507(c), because it was not in compliance with the terms of the Leverage due to its uncured condition of Capital Impairment, as defined in the Regulations at 13 C.F.R. §107.1830(b). SBA filed a Complaint for Receivership and Injunction on April 29, 2005, seeking, among other things, that the Court take exclusive jurisdiction of Zero Stage VI and appoint SBA as Receiver for the purpose of liquidating the assets and satisfying the claims of creditors.

On May 4, 2005, this Court entered its Order Granting Plaintiff's Joint Motion for a Permanent Injunction and Appointment of the SBA as Receiver for Zero Stage VI ("Receivership Order"), which motion was consented to by Zero Stage VI's former management. The Receivership Order provides, inter alia, that this Court take exclusive jurisdiction of Zero Stage VI and all of its assets, wherever located, and that SBA is the court-appointed Receiver of Zero Stage VI for the purpose of operating, administering, and liquidating the assets of Zero Stage VI and satisfying the claims of its creditors. In addition, the Receivership Order stays all

legal proceedings involving Zero Stage VI or any assets of Zero Stage VI, and enjoins all persons from initiating any civil proceedings involving Zero Stage VI or any of its assets.

II. **OPERATION OF THE RECEIVERSHIP SINCE MARCH 1, 2008**

A. **Remaining Active Investments up to June 30, 2008**

As reported in the First and Second Receiver's Reports, the Receiver took possession of relevant books, records and related files from Zero Stage VI's former offices in Boston, Massachusetts and moved them to the Receiver's offices in Washington, D.C.; the Receiver identified, marshaled, and has liquidated most of the assets of Zero Stage. The Receiver has continued to collect funds due to Zero Stage VI and is administering the Zero Stage VI receivership estate so as to effect an orderly and expeditious liquidation of its assets in accordance with the Receivership Order.

1) **Netkey, Inc.**

| Investment | Shares | Cost |
|---|---|---|
| Common Stock | 4,797,070 | $ 3,000,000 |
| Series B Preferred | 1,077,373 | $ 499,999 |
| Total | 5,874,443 | $ 3,499,999 |

Netkey's principal focus is the design and implementation of self-service web terminal systems built on patented Netkey® public browser software and a suite of server-based software for network management and self-service applications called the Netkey Enterprise software platform. The company continues in the development stage with significant cash flow and competitive challenges. As reported in the Second Receiver's Report, the Receiver has been closely monitoring the company and has been exploring investment resolution strategies. Since March 1, 2008, it has been determined that the receivership investment interest in Netkey has

been diluted by subsequent financings to the point where no recovery can be expected in the best of circumstances. Accordingly, the investment has been written off the books as valueless.

There are no other active investments in the receivership estate.

## B. REMAINING OTHER ASSETS

### 1) Bluestreak Escrow Account

Founded in Newport, Rhode Island in April 1999, Bluestreak, Inc. (now knoiwn as Ciao Tech, Inc., and hereinafter Ciao/Bluestreak) was an online direct marketing firm providing media-enabled marketing and advertising solutions for Internet-based programs. The business was sold in two pieces in July and August 2007 generating cash proceeds to the receivership of $1,868,578. An additional $947,000 was being held in escrow as part of a $4,000,000 escrow account, and, absent any qualified claims, that amount plus interest was to be paid in July 2008 (50%); July 2009 (25%) and December 2009 (25%). The Receiver received $698,108.98 on July 14, 2008, which was comprised of $492,000 of escrow proceeds, plus interest, and approximately $189,000 representing the receivership's share of $800,000 of remaining excess cash held in the corporation.

The Receiver is arranging to assign Zero Stage VI's interest in Ciao/Bluestreak to the SBA so that the further escrow payments and other distributions can be made directly to SBA in partial payment of its priority claim in this Receivership. In addition, the Receiver will request this Court to authorize and order that all future distributions from the Ciao/Bluestreak escrow account, including but not limited to the 2009 payments from the escrow account, interest thereon, and the remainder of a $500,000 cash reserve currently held by the Company, owing to Zero Stage VI to be paid directly to the SBA, c/o Gail G. Green, Chief, Account Resolution

Branch, Office of Liquidation, 409 Third Street, S.W., 6th Floor, Washington, D.C. 20416 (telephone: 202-205-6503).

2) **Shares and Warrants in Jenzabar Inc.**

Zero Stage VI owns preferred stock in Jenzabar, Inc. ("Jenzabar"), which is in the process of being redeemed by the company. Zero Stage VI also owns certain unexpired warrants to purchase additional shares of Jenzabar common stock. The Receiver is arranging to assign Zero Stage VI's interest in these Jenzabar assets to the SBA so that the further stock redemption payments and any benefits of the warrants can be received directly by SBA in partial payment of its priority claim in this Receivership. The Receiver will request this Court to authorize and order than all future redemption payments from Jenzabar be paid directly to the SBA and that the SBA be authorized to exercise the Jenzabar warrants, when and if possible, in further partial payment of its priority claim in the Receivership.

C. **CLAIMS AGAINST ZERO STAGE VI OR THE RECEIVERSHIP ESTATE**

The Receiver requested, and by order entered November 4, 2005 this Court adopted, procedures for persons other than SBA, and persons retained by the Receiver, to submit claims against Zero Stage VI or the receivership estate and established a bar date, January 20, 2006, after which date no further claims would be considered. Pursuant to this Court's direction, persons who might have had claims against Zero Stage VI or the receivership estate were notified by first class mail and/or by publication in newspapers of general circulation. Twenty (20) claims, including 16 claims from limited partners were received on or before the claims bar date. By Order dated January 17, 2006 [Docket No. 36], the Court preliminarily approved the Receiver's Notice of Recommended Disposition and Priority of Claims. The only two claimants who opposed the Receiver's recommendation for the disposition of claims were Zero Stage

Capital, Inc. ("ZSC") and Beacon Mutual Insurance Company ("Beacon"). ZSC ultimately withdrew its opposition. See Docket Nos. 52, 53 and Exhibit 1 thereto. Beacon's objection was overruled by the Court by a decision entered on August 17, 2007 [Docket No. 49]. Pursuant to its terms, the preliminary approval of claims set forth in the Order has become final as to all claimants and as to all who did not file claims.

SBA's priority equity position under 15 U.S.C. §683(g)(3) is the only remaining non-creditor claim. The unpaid portion of SBA's priority equity position will survive revocation of the SBIC license of Zero Stage VI. All other equity interests of Zero Stage VI's general and limited partners are subordinate to SBA's. No funds will be available for distribution to the general partner and other limited partners of Zero Stage VI.

**D.    RECEIPTS AND DISBURSEMENTS**

The schedule attached as **Exhibit A** to this Report sets forth Cash Receipts and Disbursements for the period from March 1, 2008 through June 30, 2008.

Respectfully submitted,

U.S. SMALL BUSINESS ADMINISTRATION,
as Receiver for Zero Stage Capital VI, L.P.

Dated: August 26, 2008          By: /s/ Maurice J. Whalen
                                MAURICE J. WHALEN
                                Principal Agent for the Receiver

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing *Final Receiver's Report For the Period From March 1, 2008 Through June 30, 2008,* was filed through the ECF system on the 26th day of August, 2008, and will be sent electronically to counsel listed below who are registered participants identified on the Notice of Electronic Filing or in the manner specified:

*Via Electronic Filing*
Michael J. Sullivan
United States Attorney
c/o Rayford A. Farquhar
Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02110

*Via Electronic Filing*
Donald K. Stern, Esq.
Julia Forest-Davies
Jason L. Watkins
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
*Attorney for Zero Stage Capital Company, Inc.*

*Via Electronic Filing*
Charles A. Lovell
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

*Via First Class Mail*
Maurice J. Whalen
Principal Agent for the Receiver
SBA, Receiver for Zero Stage Capital VI, L.P.
666 11th Street, N.W., Suite 200
Washington, DC 20001-4542

*Via First Class Mail*
Thomas W. Rigby, Esq.
Office of General Counsel
U.S. Small Business Administration
409 Third Street
Seventh Floor
Washington, DC 20416

*Via First Class Mail*
Annette Tonti
CiaoTech, Inc.
270 Bellevue Avenue, #334
Newport, RI 02840

*Via First Class Mail*
Jamison J. Barr, Esq.
VP, Associate General Counsel
Jenzabar, Inc.
800 Boylston Street, 35th Floor
Boston, MA 02199

/s/ Robert M. Duffy

USSBA\Zero Stage VI\Pleadings\Receiver Report (Final) 08-26-08.doc

# EXHIBIT A

SBA, Receiver for ZERO STAGE CAPITAL VI, L.P.

The schedule below sets forth receipts and disbursements for the periods from 03-01-08 to 06-30-08 and 05-06-05 to 06-30-08, respectively.

|  | 03-01-08 to 06-30-08 | 05-06-05 to 06-30-08 |
|---|---:|---:|
| 1. Total Cash on Hand at the Beginning of Period | $ 4,848,565.53 | $ 1,848,585.94 |
| 2. Receivership Operations | | |
| A. Receipts from Receivership Operations: | | |
| Sale of Assets: | | |
|   Live Wave | 50,513.11 | 8,125,643.77 |
|   Viacell, Inc. | | 4,597,294.64 |
|   World Winner | | 4,014,248.87 |
|   Bluestreak | | 1,868,578.00 |
|   Jenzabar, Inc. | 57,211.88 | 570,315.33 |
|   Syncra Systems, Inc. | | 289,659.81 |
|   Emed Technologies | | 214,930.41 |
|   Digital Angel Corp. | | 151,248.20 |
|   Amgen | | 83,771.63 |
| Other: | | |
|   Interest Earned from Cash Accounts | 23,391.97 | 1,473,233.61 |
|   Recovery of Pre-Receivership Consulting Fees | | 88,841.37 |
|   ZSC/Kelly (Settlement Against Prior Management) | 80,000.00 | 80,000.00 |
|   Dividends Earned from UBS Financial Services, Inc. | | 30,417.74 |
| Total Receipts from Receivership Operations | $ 211,116.96 | $ 21,588,183.38 |
| B. Disbursements from Receivership Operations: | | |
|   Agent Services | 13,831.50 | 350,961.11 |
|   Legal Fees | (12,002.93) | 222,682.25 |
|   Accounting/Bookkeeping Fees | 23,291.86 | 189,705.70 |
|   Bank/Trustee Fees | 3,649.01 | 52,497.67 |
|   Rent/Overhead Allocation | 4,581.62 | 37,515.66 |
|   Document Production/Photocopy Fees | | 21,173.05 |
|   Administrative Services | 315.59 | 12,924.96 |
|   Travel Expenses | | 6,755.47 |
|   Delivery Services | 39.65 | 4,938.76 |
|   Deposit on Receivership Office Space | | 4,000.00 |
|   Deposition /Transcript Fees | | 3,462.81 |
|   Record Storage Fees | 180.00 | 1,482.90 |
|   Advertising (Including Bar Date Notice) | | 962.12 |
|   Pro-Rata Share of Receivership Expansion | | 907.60 |
|   Filing Fees | | 473.50 |
|   Postage/Certified Mailings Fees | 10.42 | 349.93 |
|   Corporate Compliance | 96.52 | 278.16 |
|   Miscellaneous Expense | | 8.42 |
| Total Disbursements from Receivership Operations | $ 33,993.24 | $ 911,080.07 |
| Net Cash Gain/(Loss) from Receivership Operations | $ 177,123.72 | $ 20,677,103.31 |
| 3. Distributions | | |
|   Payment on Judgment (to SBA) | $ | $ (17,500,000.00) |
| 4. Total Cash on Hand for Period Ended June 30, 2008 | $ 5,025,689.25 | $ 5,025,689.25 |

*Note: ($12,002.93) is the net result this interim period for reimbursement received by Zero Stage Capital VI in regards to legal invoices paid on behalf of Live Wave Escrow in the prior periods.